# EXHIBIT A-2

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: <<CmsHearingStart>>

FILED
11/7/2024 3:06 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30087176

FILED DATE: 11/7/2024 3:06 PM 2024L012540

FILED DATE: 11/7/2024 3:06 PM 2024L012540

# Supplements 1 - 10

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 1

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Nexgistics, Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Nexgistics, Inc. under Equipment Supplement Number 1 dated as of November 1, 2018, to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 2018, between Lessor and Nexgistics, Inc., the following Items of Equipment:

EQUIPMENT

MANUFACTURER: UniCarriers and Raymond

ORIGINAL INSTALLATION SITE: Connecticut

DATE ACCEPTED: November 1, 2018

| QTY | MODEL | EQUIPMENT DESCRIPTION | POWER | CAPACITY | S/N |
|---|---|---|---|---|---|
| 1 | [illegible] | 4-WHEEL SITDOWN FORKLIFT | ELECTRIC | [illegible] LB | [illegible] |
| 1 | [illegible] | 4-WHEEL SITDOWN FORKLIFT | ELECTRIC | [illegible] LB | [illegible] |
| 2 | | [illegible] VEHICLE MONITORING SYSTEM | | | |
| 2 | | [illegible] SUBSCRIPTION | | | |

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 11-16-18

Inspector and Authorized Representative of
Nexgistics, Inc.

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 1 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer recertify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Mining Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

By:

Name:

Title:

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

# Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1 dated February 28, 2019

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

[illegible] Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated [illegible] ("Amendment")**
**to**
**Equipment Supplement Number [illegible] dated [illegible] ("Equipment Supplement")**
**between**
**[illegible], Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. Effective upon the Commencement Date the following Equipment is added:

| QTY | MFR | MODEL | EQUIPMENT DESCRIPTION | S/N | PURCHASE PRICE |
|---|---|---|---|---|---|
| 1 | [illegible] | [illegible] | BATTERY | [illegible] | [illegible] |
| 1 | CHARGING TECHNOLOGIES | [illegible] | CHARGER | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | BATTERY | [illegible] | [illegible] |
| 1 | CHARGING TECHNOLOGIES | [illegible] | CHARGER | [illegible] | [illegible] |
| [illegible] | [illegible] | | [illegible] | | [illegible] |
| [illegible] | [illegible] | | [illegible] | | [illegible] |

The Purchase Price for Model [illegible] is changed from [illegible] to [illegible].

The Purchase Price for Model [illegible] is changed from [illegible] to [illegible].

2. Effective upon the Commencement Date, the Monthly Rent Payment is changed from [illegible] to [illegible].

3. Effective upon the Commencement Date, the Casualty Values are changed as follows:
See Exhibit A attached hereto and made a part hereof.

4. The First Periodic Rent Payment Date is changed from [illegible] to [illegible].

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Pitney Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

# Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1 dated May 2, 2019

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Infogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

[illegible] Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

between

and

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co. LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Amendment Number 1 dated March 4, 2019 ("Amendment")
to
Equipment Supplement Number 4 dated November 26, 2018 ("Equipment Supplement")
between
Navigation, Inc., Lessee
and
Trilogy Leasing Co., LLC, Lessor

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. Effective upon the Commencement Date the following Equipment is added:

| QTY | MFR | MODEL | EQUIPMENT DESCRIPTION | I.D. | PURCHASE PRICE |
|---|---|---|---|---|---|
| 2 | [illegible] | [illegible] | BATTERY | [illegible]<br>[illegible] | $11,718.00 |
| 2 | CHARGING TECHNOLOGIES | [illegible] | CHARGER | [illegible]<br>[illegible] | $6,058.00 |
| 2 | KEYTROLLER | | LCD VEHICLE MONITORING SYSTEM | | $6,548.00 |
| 2 | KEYTROLLER | | INFORMATICS SUBSCRIPTION | | $960.00 |
| 3 | [illegible] | [illegible] | BATTERY | [illegible]<br>[illegible]<br>[illegible] | $15,[illegible].00 |
| 3 | CHARGING TECHNOLOGIES | [illegible] | CHARGER | [illegible]<br>[illegible]<br>[illegible] | $[illegible].00 |
| 3 | KEYTROLLER | | LCD VEHICLE MONITORING SYSTEM | | $9,824.00 |
| 3 | KEYTROLLER | | INFORMATICS SUBSCRIPTION | | $1,440.00 |

The Purchase Price for Model RXC70N is changed from $80,288 to $94,448.

The Purchase Price for Model RXC75N is changed from $85,311 to $99,059.

2. Effective upon the Commencement Date, the Monthly Rent Payment is changed from $2,145.60 to $2,437.26.

3. Effective upon the Commencement Date, the Casualty Values are changed as follows:

See Exhibit A attached hereto and made a part hereof.

4. The First Periodic Rent Payment Date is changed from February 1, 2019 to March 1, 2019.

FILED DATE: 11/7/2024 3:06 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30131733

FILED DATE: 11/8/2024 2:01 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2024L012540 |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1 dated March 4, 2019

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Status: Completed
Subject: [illegible]
Source Envelope:
Document Pages: 1
Signatures: 2
Certificate Pages: [illegible]
Initials: 0
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Envelope Originator:
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
IP Address: [illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: [illegible] |

## Signer Events | Signature | Timestamp

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None), Access Code | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None), Access Code | [illegible]<br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

and

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible] Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 7 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November [illegible], 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a sensible manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and link(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks in the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 7 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $3.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Schedule, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Schedule is and remains in full force and effect.

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

Lessee: Newgistics, Inc.

By: [signature]

Name: Ben Wade

Title: CFO, Commerce Services

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1 dated March 4, 2019

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

and

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 8 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner supported by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a sensible manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and forks shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated [illegible] ("Amendment")**
**to**
**Equipment Supplement Number [illegible] dated [illegible] ("Equipment Supplement")**
**between**
**[illegible], Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates.

Lessee and Lessor, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. Effective upon the Commencement Date the following Equipment is added:

| QTY. | MFR. | MODEL | EQUIPMENT DESCRIPTION | S/N | PURCHASE PRICE |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | BATTERY | [illegible] | [illegible] |
| [illegible] | CHARGING TECHNOLOGIES | [illegible] | CHARGER | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | BATTERY | [illegible] | [illegible] |
| [illegible] | CHARGING TECHNOLOGIES | [illegible] | CHARGER | [illegible] | [illegible] |
| [illegible] | KEYTROLLER | | [illegible] VEHICLE MONITORING SYSTEM | | [illegible] |
| [illegible] | KEYTROLLER | | [illegible] SUBSCRIPTION | | [illegible] |

The Purchase Price for Model [illegible] is changed from [illegible] to [illegible].

The Purchase Price for Model [illegible] is changed from [illegible] to [illegible].

2. Effective upon the Commencement Date, the Monthly Rent Payment is changed from [illegible] to [illegible].

3. Effective upon the Commencement Date, the Casualty Values are changed as follows:
See Exhibit A attached hereto and made a part hereof.

4. The First Periodic Rent Payment Date is changed from [illegible] to [illegible].

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1 dated March 4, 2019

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

1. [illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 84 of 1807 PageID #:174

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 9 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 3, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and [illegible] Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a complete manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing.
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Whatever, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1 dated February 28, 2019

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of Equipment Supplement Number [illegible] dated as of November [illegible], [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible], between Pitney Bowes Inc., and Trilogy Leasing Co., LLC.

State of Original Location: Pennsylvania

Original Installation Site: [illegible] York, PA [illegible]

EQUIPMENT

MANUFACTURER: [illegible]

| QTY | MODEL | EQUIPMENT DESCRIPTION | POWER | CAPACITY | PURCHASE PRICE |
|---|---|---|---|---|---|
| 1 | [illegible] | 4-WHEEL SITDOWN FORKLIFT | ELECTRIC | [illegible] LB | [illegible] |

[illegible], Inc.
Lessee

By: [signature]

Name: Ben Wade

Title: [illegible]

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
| --- | --- | --- | --- |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| | | | | | [illegible] |

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

[illegible signature block]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 10 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 3, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Fitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1 dated March 4, 2019

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

FILED
11/8/2024 2:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30131733

FILED DATE: 11/8/2024 2:01 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2024L012540 |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

Docusign Envelope ID: [illegible]


FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 7 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

In furtherance and not in limitation of the return conditions for the Equipment set forth in the Master Lease, Lessee hereby agrees to maintain and return the Equipment to Lessor in accordance with all of the terms and conditions of the Master Lease, in compliance with all applicable federal, state and local laws, and in compliance with the following special return conditions:

- Maintenance & Repair.

(i) In addition to the requirements of the Master Lease, Lessee agrees to perform, or cause the maintenance organization to perform, at Lessee's own cost and expense per the Equipment Operator's manual, all maintenance, service and repair (including both labor and materials) of the Equipment including, but not limited to: (a) Routine maintenance such as (1) supplying all necessary fuel (gasoline, electric current or LP gas), and where the equipment is battery powered, maintaining the proper level of fluids in the batteries, properly recharging the batteries and installing devices necessary to effectuate such recharging; (2) supplying all replacement oil and fluid, and (3) where applicable checking the air pressure of pneumatic tires weekly. (b) Preventative maintenance service as recommended by the Manufacturer. (c) Repairing, overhauling or adjusting of battery and charging Equipment, where Equipment is battery powered. (d) Repairing, overhauling or adjusting of drive line, drive axle, uprights, steering components, chains, sweepers, water systems and the electric drive and pump motors and controls, and all other routine repair work required to keep the Equipment in good operating condition. (e) Repairing or replacing of tires or, if applicable, track crawlers. (f) Repairs that may be required if the Equipment is damaged or any part of components thereof fails as the result of overloading or abusive or improper usage.

(ii) Lessor or its Assigns at its sole discretion may from time to time, at reasonable times and with reasonable notice to Lessee inspect the Equipment at its sole cost and expense. Lessor or its Assigns shall notify Lessee, in writing regarding any discrepancies found pertaining to the general condition of the Equipment as required by the Master Lease and the Equipment Schedule. Lessee agrees that it shall rectify all such noted failures at its sole cost and expense prior to the date on which the Equipment is to be returned to the Lessor either at the end of the initial term or the expiration of any renewal term.

- Equipment Return. In addition to the terms contained in the Master Lease, Lessor and Lessee agree that the following shall be included in the Master Lease and made a part hereof in the event Lessee does not elect to purchase:

(i) Upon the expiration or termination date of the Equipment Supplement, Lessee shall be responsible, at its sole cost and expense, for (a) the de-installation, removal and packing of the Equipment, including all service and operating manuals, service and repair records, in a manner suitable for cartage by a commercial carrier, (b) the transportation of the Equipment, upon written notification to Lessee, as to the date and destination of the shipping and (c) the total charges of the transportation of the Equipment including in-transit insurance to its destination within the Continental United States.

(ii) Either prior to or upon the return of the Equipment, Lessor or its agent shall inspect the Equipment. If in the Lessor's opinion the Equipment is not in compliance with the conditions herein described, an independent appraiser shall be appointed by the Lessor to inspect the Equipment for the purpose of determining the repairs, additions or replacements, if any, which are necessary to place the Equipment in the condition described in the Master Lease and as described herein.

(a) The Equipment must be in good operating order within the Manufacturer's acceptance tolerances for operation in all material respects and all operating components and attachments, if any, must be able to perform their functions as originally intended. All mechanical and electrical equipment including instruments and gauges must be in proper operating condition.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



(b) The Equipment must be capable of being immediately assembled and operated by a subsequent purchaser or Lessee without further inspection, repair, replacement, alteration, improvements and in compliance with all statutes, laws, ordinances, rules and regulations of any Federal, State or local governmental body, agency or authority applicable to the use and operation of the Equipment.

(c) The dismantling and handling of the Equipment is to be performed in compliance with the Manufacturer's specifications or normal industry accepted practices by a licensed rigger/erector specializing in the Equipment and shall include the proper blueprinting, mapping, tagging and labeling of each individual part including cables, electrical and wires.

(d) The Equipment shall be complete with all the features and accessories that were present at the commencement of this Master Lease. The Equipment including components, keys, attachments, features and documents and manuals must be returned in a sufficient manner in order to facilitate the re-use at a subsequent location. Missing VIN plates, to the extent applicable, must be replaced.

(e) All process fluids and/or hazardous materials will be removed from the Equipment and disposed of in accordance with the then current Local, State, Federal and EPA waste disposal regulations. Lessor shall be held harmless for any damages to the disassembly site.

(f) All oil and hydraulic fluid samples must be clean with no dirt or other foreign substances in either the oil or any other operating fluids.

(g) All software licenses, if applicable, shall be returned with the then current version available from the Manufacturer. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties.

(h) When the Equipment is surrendered to Lessor it will be free of all evidence of advertising or insignia placed on it by Lessee without damage to paint (any damage to the finish resulting from this activity must be repaired in good working-like order) and meet all legal and regulatory conditions necessary for the Lessor to sell or lease it to a third party. Equipment shall be cleaned in a professional like manner.

(iii) When loaded to its rated capacity, the Equipment shall:

(a) Start under its own power and idle without water or fuel leaks.
(b) Move through its normal speed ranges in both forward and reverse in a normal operating manner.
(c) Steer normally right and left in both normal and reverse.
(e) Lift, lower and tilt normally. Carriage and channel assembly, water systems and holders shall be in working condition, normal wear and tear excepted.
(f) All motors shall operate without arcing and/or sparking.
(g) All lighting shall operate properly.
(h) To the extent applicable, battery will furnish not less than 80% of the published rated ampere hour capacity at a six hour rate to a final rating of 1.70 volts per cell.
(i) Charger, when leased, shall be surrendered in operating condition. Timer and or electronic control panel and sheet metal case shall be intact.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of February 21, 2020**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of February 21, 2020, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Presort Services, LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by May 1, 2020, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Supplements 11 - 20

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. 1 of 1 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of February [illegible]

between

[illegible], Inc., Lessee

and

Trilogy Leasing Co., LLC, Lessor

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of February [illegible], between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

WITNESSETH:

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] (the "Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



[illegible]. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: [illegible] Inc.
Lessee(s): [illegible] Inc.
By: [signature]

Name: [illegible] Jeffrey A. [illegible]

Title: ~~Chief Financial Officer~~ President & Chief Executive Officer

Lessor: Trilogy Leasing Co., LLC
Lessee(s): [illegible] Inc.
By: [signature]

Name: ~~Jeffrey A. [illegible]~~ [illegible]

Title: ~~President and Chief Executive Officer~~ Chief Financial Officer

[signature]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of Equipment Supplement Number [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between [illegible], and Trilogy Leasing Co., LLC.

State of Original Location: Indiana

Original Installation Site: [illegible], Greenwood, IN [illegible]

EQUIPMENT

MANUFACTURER: Raymond and Enersys

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT COST | EXTENDED COST |
|---|---|---|---|---|
| 2 | [illegible] | RAYMOND ORDER PICKER | [illegible] | [illegible] |
| 2 | [illegible] | ENERSYS 24 VOLT BATTERY | [illegible] | [illegible] |
| 2 | | ENERSYS HIGH FREQUENCY OPPORTUNITY CHARGER | [illegible] | [illegible] |
| | | | | [illegible] |

[illegible], Inc.
Lessee

By: ______________________

Name: [illegible]

Title: Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE I**

**To Equipment Supplement Number [illegible]**
**Dated as of February [illegible], [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | [illegible] |
| Expiration Date: | [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

| | |
|---|---|
| [illegible], Inc.<br>Lessee | Trilogy Leasing Co., LLC<br>Lessor |
| By: ____________ | By: ____________ |
| Name: [illegible] | Name: [illegible] |
| Title: Chief Financial Officer | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

Equipment Supplement Number [illegible] dated as of February [illegible], 2019

[illegible]

[illegible]

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

Lessee: Nuvectra Inc.

By: ______________________

Name: Ben Wade

Title: Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Schoenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 13 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 3, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing.
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in-place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 8 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $[illegible] per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Schedule, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Schedule is and remains in full force and effect.

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

Lessee: Nexgistics, Inc.

By: [signature]

Name: Ben Wade

Title: Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Docusign Envelope ID: [illegible]

Trilogy Leasing Co., LLC

EXHIBIT [illegible]
CERTIFICATE OF ACCEPTANCE
Page [illegible]

PRINT AND APPLY AREA

- MATERIALS
  - (8) TOTAL PANDA LINES AT [illegible]
  - INCLUDES CONVEYOR MODULES [illegible] WITH [illegible] FULL WIDTH BELTED ZONES, SUPPORTS, AND ACCESSORIES
  - (11) P&A MODULES, (1) PER PANDA LINE WITH (3) MODULES OFFLINE FOR COLD SWAP EACH
  - PRIMARY AND SECONDARY MODULE WILL BE LIVE AND ACTIVE BASED ON PRINT ASSIGNMENT
  - INCLUDES SPARE PARTS KIT FOR P&A MODULES
  - INCLUDES START UP MATERIAL FOR P&A MODULES (RIBBONS, LABELS)
- INSTALLATION
- CONTROLS ENGINEERING

ORIGINAL INSTALLATION SITE: [illegible] World Wide Boulevard, Hebron, KY [illegible]

DATE ACCEPTED: August [illegible], 2023

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

[illegible]
Dated: ____________________

Christopher [illegible] (signature)

Inspector and Authorized Representative of
Christopher [illegible], Senior Director, Global Procurement

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

**CONSUMER DISCLOSURE**

From time to time, Trilogy Leasing Co. LLC (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through your DocuSign, Inc. (DocuSign) Express user account. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the ÂI agreeÂ button at the bottom of this document.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. For such copies, as long as you are an authorized user of the DocuSign system you will have the ability to download and print any documents we send to you through your DocuSign user account for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. To indicate to us that you are changing your mind, you must withdraw your consent using the DocuSign Â Withdraw ConsentÂ form on the signing page of your DocuSign account. This will indicate to us that you have withdrawn your consent to receive required notices and disclosures electronically from us and you will no longer be able to use your DocuSign Express user account to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through your DocuSign user account all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

**How to contact Trilogy Leasing Co., LLC:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:

To contact us by email send messages to: dlong@trilogyleasing.com

**To advise Trilogy Leasing Co., LLC of your new e-mail address**

To let us know of a change in your e-mail address where we should send notices and disclosures electronically to you, you must send an email message to us at dlong@trilogyleasing.com and in the body of such request you must state: your previous e-mail address, your new e-mail address. We do not require any other information from you to change your email address..

In addition, you must notify DocuSign, Inc to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in DocuSign.

**To request paper copies from Trilogy Leasing Co., LLC**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an e-mail to dlong@trilogyleasing.com and in the body of such request you must state your e-mail address, full name, US Postal address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Trilogy Leasing Co., LLC**

To inform us that you no longer want to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your DocuSign account, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an e-mail to dlong@trilogyleasing.com and in the body of such request you must state your e-mail, full name, IS Postal Address, telephone number, and account number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

| | |
|---|---|
| Operating Systems: | Windows2000® or WindowsXP® |
| Browsers (for SENDERS): | Internet Explorer 6.0® or above |
| Browsers (for SIGNERS): | Internet Explorer 6.0®, Mozilla FireFox 1.0, NetScape 7.2 (or above) |
| Email: | Access to a valid email account |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | •Allow per session cookies<br>•Users accessing the internet behind a Proxy Server must enable HTTP 1.1 settings via proxy connection |

** These minimum requirements are subject to change. If these requirements change, we will provide you with an email message at the email address we have on file for you at that time providing you with the revised hardware and software requirements, at which time you will have the right to withdraw your consent.

**Acknowledging your access and consent to receive materials electronically**

To confirm to us that you can access this information electronically, which will be similar to

FILED DATE: 11/8/2024 2:01 PM 2024L012540

other electronic notices and disclosures that we will provide to you, please verify that you were able to read this electronic disclosure and that you also were able to print on paper or electronically save this page for your future reference and access or that you were able to e-mail this disclosure and consent to an address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format on the terms and conditions described above, please let us know by clicking the Â‘I agreeÂ’ button below.

By checking the Â‘I AgreeÂ’ box, I confirm that:

- I can access and read this Electronic CONSENT TO ELECTRONIC RECEIPT OF ELECTRONIC CONSUMER DISCLOSURES document; and
- I can print on paper the disclosure or save or send the disclosure to a place where I can print it, for future reference and access; and
- Until or unless I notify Trilogy Leasing Co., LLC as described above, I consent to receive from exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to me by Trilogy Leasing Co., LLC during the course of my relationship with you.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of May [illegible]**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of May [illegible], between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



5. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

| | |
|---|---|
| Lessee: [illegible], Inc. | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: [illegible] | Name: [illegible] |
| Title: Chief Financial Officer | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE [illegible]**

This Schedule is appended to and made a part of Equipment Supplement Number [illegible] dated as of [illegible] to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] between Pitney Bowes Inc. and Trilogy Leasing Co., LLC.

State of Original Location: Kentucky

Original Installation Site: [illegible] World Wide Boulevard, Hebron, KY [illegible]

**EQUIPMENT**

MANUFACTURER: Cognitive Technologies LLC

| QTY | EQUIPMENT DESCRIPTION | UNIT COST | PURCHASE PRICE |
|---|---|---|---|
| KITTING AREA | | | $[illegible] |
| 1 | MATERIALS | $[illegible] | |
| | INCLUDES ALL FLOW RACKING AND INLET EQUIPMENT | | |
| | ([illegible]) TOTAL KITTING LINES, ([illegible]) AT [illegible]FT OAL, ([illegible]) AT [illegible]FT OAL | | |
| | ALL REQUIRED CONVEYOR MODULES, [illegible]" BF WITH [illegible]" FULL WIDTH BELTED ZONES | | |
| | MAIN POWER DISTRIBUTION PANEL | | |
| | ([illegible]) REMOTE POWER SUPPLY ENCLOSURES | | |
| | MINI PLC'S FOR LINE LOGIC AND HARDWARE HANDSHAKES | | |
| | ALL REQUIRED ELECTRICAL ACCESSORIES (SENSORS, BEACON LIGHTS, INTERFACE MODULES, ETC...) | | |
| | CONVEYOR GUARDING AND MECHANICAL ACCESSORIES AS REQUIRED | | |
| | SUPPORTS | | |
| 1 | INSTALLATION | $[illegible] | |
| 1 | CONTROLS ENGINEERING | $[illegible] | |
| 1 | PROJECT ENGINEERING SERVICES | $[illegible] | |
| TRASH LINE | | | $[illegible] |
| 1 | MATERIALS | $[illegible] | |
| | CONSIST OF ([illegible]) [illegible]FT LONG BRANCH TAKE AWAY LINES RUNNING PERPENDICULAR TO KITTING | | |
| | STATIONS, ([illegible]) [illegible]FT LONG MAIN LINE AND ([illegible]) [illegible]FT DISPOSAL AUGER FEED LINE. | | |
| | ALL CONVEYOR IS [illegible]" BF BELT OVER ROLLER WITH HIGH FLARE SIDE RAILS DESIGNED FOR TRASH | | |
| | REMOVAL SYSTEMS | | |

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 139 of 1807 PageID #:229

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1
To Equipment Supplement Number [illegible]
Page 2 of 2

| QTY | EQUIPMENT DESCRIPTION | UNIT COST | PURCHASE PRICE |
|---|---|---|---|
| | SUPPORTS AS REQUIRED, WALK UNDER CLEARANCE IS ASSUMED TO BE 7'-6" | | |
| | E-STOPS AS REQUIRED FOR OPERATOR SAFETY | | |
| | VFD'S FOR ALL AC MOTOR CONTROLS | | |
| 1 | INSTALLATION | [illegible] | |
| 1 | CONTROLS ENGINEERING | [illegible] | |
| PRINT AND APPLY AREA | | | [illegible] |
| 1 | MATERIALS | [illegible] | |
| | (9) TOTAL PANDA LINES AT 120' OAL | | |
| | INCLUDES CONVEYOR MODULES 24" BF WITH 24" FULL WIDTH BELTED ZONES, SUPPORTS, AND | | |
| | ACCESSORIES | | |
| | (11) P&A MODULES, (1) PER PANDA LINE WITH (2) MODULES OFFLINE FOR COLD SWAP EACH | | |
| | PRIMARY AND SECONDARY MODULE WILL BE LIVE AND ACTIVE BASED ON PRINT ASSIGNMENT. | | |
| | INCLUDES SPARE PARTS KIT FOR P&A MODULES | | |
| | INCLUDES START UP MATERIAL FOR P&A MODULES (RIBBONS, LABELS) | | |
| 1 | INSTALLATION | [illegible] | |
| 1 | CONTROLS ENGINEERING | [illegible] | |
| | | | [illegible] |

[illegible], Inc.
Lessee

By: [signature]

Name: [illegible]

Title: Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE I**

**To Equipment Supplement Number [illegible]**
**Dated as of [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date | [illegible] |
| Periodic Rent Payment Dates | The first day of each month |
| First Termination Date | N/A |
| Last Periodic Rent Payment Date | [illegible] |
| Expiration Date | [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor | [illegible] |
| Periodic Lease Rate Factor | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment | [illegible] |

[illegible]
Lessee

By: ______________________

Name: [illegible]

Title: [illegible]

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: [illegible]

Title: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

By: [signature]

[illegible]

By: [signature]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Docusign Envelope ID: [illegible]

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 16

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of [illegible], Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of [illegible], Inc., under Equipment Supplement Number 16 dated as of January 28, 2020, to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999, between Lessor and [illegible], Inc., the following Items of Equipment:

EQUIPMENT

| QTY | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|
| 1 | [illegible] AUGER COMPACTOR W/ CARDBOARD PRE-SHREDDER | |

ORIGINAL INSTALLATION SITE: 11260 Cedar Avenue, Bloomington, CA 92316

DATE ACCEPTED: May 1, 2020

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 1/21/2020

Frank Parker

Inspector and Authorized Representative of
[illegible], Inc.
Frank Parker, CFO, Global Ecommerce

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Certificate Of Completion

[illegible]

COPIED

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign Envelope ID: [illegible]

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 18 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

Use, Maintenance, and Return Provisions:

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, frames or blades shall be repaired or replaced. Cracked or broken gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively as set forth in the OEM's guidelines for maintenance and warranty purposes, without repair, including but not limited to electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, pins, screws, clamps, floor coverings, all within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software,

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 17 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PR-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and [illegible], Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

In furtherance and not in limitation of the return conditions for the Equipment set forth in the Master Lease, Lessee hereby agrees to maintain and return the Equipment to Lessor in accordance with all of the terms and conditions of the Master Lease, in compliance with all applicable federal, state and local laws, and in compliance with the following special return conditions.

- Maintenance & Repair:

(i) In addition to the requirements of the Master Lease, Lessee agrees to perform, or cause the maintenance organization to perform, at Lessee's own cost and expense per the Equipment Operator's manual, all maintenance, service and repair (including both labor and materials) of the Equipment including, but not limited to: (a) Routine maintenance such as (1) supplying all necessary fuel (gasoline, electric current or LP gas), and where the equipment is battery powered, maintaining the proper level of fluids in the batteries, properly recharging the batteries and installing devices necessary to effectuate such recharging; (2) supplying all replacement oil and fluid, and (3) where applicable checking the air pressure of pneumatic tires weekly. (b) Preventative maintenance service as recommended by the Manufacturer. (c) Repairing, overhauling or adjusting of battery and charging Equipment, where Equipment is battery powered. (d) Repairing, overhauling or adjusting of drive line, drive axle, uprights, steering components, chains, [illegible], water systems and the electric drive and pump motors and controls, and all other routine repair work required to keep the Equipment in good operating condition. (e) Repairing or replacing of tires or, if applicable, track crawlers. (f) Repairs that may be required if the Equipment is damaged or any part of components thereof fails as the result of overloading or abusive or improper usage.

(ii) Lessor or its Assigns at its sole discretion may from time to time, at reasonable times and with reasonable notice to Lessee inspect the Equipment at its sole cost and expense. Lessor or its Assigns shall notify Lessee, in writing regarding any discrepancies found pertaining to the general condition of the Equipment as required by the Master Lease and the Equipment Schedule. Lessee agrees that it shall rectify all such noted failures at its sole cost and expense prior to the date on which the Equipment is to be returned to the Lessor either at the end of the initial term or the expiration of any renewal term.

- Equipment Return: In addition to the terms contained in the Master Lease, Lessor and Lessee agree that the following shall be included in the Master Lease and made a part hereof in the event Lessee does not elect to purchase:

(i) Upon the expiration or termination date of the Equipment Supplement, Lessee shall be responsible, at its sole cost and expense, for (a) the de-installation, removal and packing of the Equipment, including all service and operating manuals, service and repair records, in a manner suitable for carriage by a commercial carrier, (b) the transportation of the Equipment, upon written notification to Lessee, as to the date and destination of the shipping and (c) the total charges of the transportation of the Equipment including in-transit insurance to its destination within the Continental United States.

(ii) Either prior to or upon the return of the Equipment, Lessor or its agent shall inspect the Equipment. If in the Lessor's opinion the Equipment is not in compliance with the conditions herein described, an independent appraiser shall be appointed by the Lessor to inspect the Equipment for the purpose of determining the repairs, additions or replacements, if any, which are necessary to place the Equipment in the condition described in the Master Lease and as described herein.

(a) The Equipment must be in good operating order within the Manufacturer's acceptance tolerances for operation in all material respects and all operating components and attachments, if any, must be able to perform their functions as originally intended. All mechanical and electrical equipment including instruments and gauges must be in proper operating condition.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



(b) The Equipment must be capable of being immediately assembled and operated by a subsequent purchaser or Lessee without further inspection, repair, replacement, alteration, improvements and in compliance with all statutes, laws, ordinances, rules and regulations of any Federal, State or local governmental body, agency or authority applicable to the use and operation of the Equipment.

(c) The dismantling and handling of the Equipment is to be performed in compliance with the Manufacturer's specifications or normal industry accepted practices by a licensed rigger/erector specializing in the Equipment and shall include the proper blueprinting, mapping, tagging and labeling of each individual part including cables, electrical and wires.

(d) The Equipment shall be complete with all the features and accessories that were present at the commencement of this Master Lease. The Equipment including components, keys, attachments, features and documents and manuals must be returned in a sufficient manner in order to facilitate the re-use at a subsequent location. Missing VIN plates, to the extent applicable, must be replaced.

(e) All process fluids and/or hazardous materials will be removed from the Equipment and disposed of in accordance with the then current Local, State, Federal and EPA waste disposal regulations. Lessor shall be held harmless for any damages to the disassembly site.

(f) All oil and hydraulic fluid samples must be clean with no dirt or other foreign substances in either the oil or any other operating fluids.

(g) All software licenses, if applicable, shall be returned with the then current version available from the Manufacturer. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties.

(h) When the Equipment is surrendered to Lessor it will be free of all evidence of advertising or insignia placed on it by Lessee without damage to paint (any damage to the finish resulting from this activity must be repaired in good working-like order) and meet all legal and regulatory conditions necessary for the Lessor to sell or lease it to a third party. Equipment shall be cleaned in a professional like manner.

(iii) When loaded to its rated capacity, the Equipment shall:

(a) Start under its own power and idle without water or fuel leaks.
(b) Move through its normal speed ranges in both forward and reverse in a normal operating manner.
(c) Steer normally right and left in both normal and reverse.
(e) Lift, lower, and tilt normally. Carriage and channel assembly, water systems and hoisters shall be in working condition, normal wear and tear excepted.
(f) All motors shall operate without arcing and/or sparking.
(g) All lighting shall operate properly.
(h) To the extent applicable, battery will furnish not less than 80% of the published rated ampere hour capacity at a six hour rate to a final rating of 1.70 volts per cell.
(i) Charger, when leased, shall be surrendered in operating condition. Timer and/or electronic control panel and sheet metal case shall be intact.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. [illegible]

**EQUIPMENT SUPPLEMENT NUMBER 17**
**Dated as of February 20, 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of February 25, 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH:**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 2 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by May 1, 2020, their engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating, order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. [illegible] Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of April 6, 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of April 6, 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by September 1, 2020, field engineering sign-off and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 18 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Nowpoint, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 19 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Novipoints, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Newgistics, Inc. | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Frank Parker | Name: Jeffrey A. Lichtenthal |
| Title: CFO, Global Ecommerce | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of April 15, 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of April 15, 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby, by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 20 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and [illegible], Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warned uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $1.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Novipiotics, Inc. | Lessor: Trilogy Leasing Co., LLC |
| By: Chris Reinke | By: Jeffrey A. Liebenthal |
| Name: Chris Reinke | Name: Jeffrey A. Liebenthal |
| Title: Senior Director, Global Procurement | Title: President and Chief Executive Officer |

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. To the extent that this document constitutes chattel paper, no security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of April [illegible], 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of April [illegible], 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999 ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 7 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by September 1, 2020, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 15 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 10 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November [illegible], 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications.

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;
• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30131733

FILED DATE: 11/8/2024 2:01 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2024L012540 |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

EQUIPMENT SUPPLEMENT NUMBER 11
dated as of May 19, 2021

between

Pitney Bowes Presort Services, LLC, Lessee

and

Trilogy Leasing Co., LLC, Lessor

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of May 19, 2021, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

WITNESSETH

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Presort Services, LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 228 of 1807 PageID #:318

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 11**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Presort Services, LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Presort Services, LLC under EQUIPMENT SUPPLEMENT NUMBER 11 dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Presort Services, LLC, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Crown

Original Installation Site: [illegible] Westside Industrial Drive, Suite [illegible], Jacksonville, FL [illegible]

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | RIDER PALLET [illegible] LB CAPACITY, AC TRACTION 24 VOLT, END CONTROL | [illegible] |
| 1 | [illegible] | V-FORCE LITHIUM BATTERY | [illegible] |
| 1 | [illegible] | V-FORCE LITHIUM CHARGER | [illegible] |

Original Installation Site: [illegible] Consulate Drive, Orlando, FL [illegible]

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | RIDER PALLET [illegible] LB CAPACITY, AC TRACTION 24 VOLT, END CONTROL | [illegible] |
| 1 | [illegible] | V-FORCE LITHIUM BATTERY | [illegible] |
| 1 | [illegible] | V-FORCE LITHIUM CHARGER | [illegible] |

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[illegible signature]
Inspector and Authorized Representative of
Pitney Bowes Presort Services, LLC
[illegible], Presort Services

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] Status: Completed

Subject: [illegible]

Source Envelope:

Document Pages: [illegible] Signatures: [illegible] Envelope Originator:

Certificate Pages: [illegible] Initials: [illegible] [illegible]

AutoNav: Enabled [illegible]

EnvelopeId Stamping: Enabled [illegible]

Time Zone: [illegible] [illegible]

[illegible]

IP Address: [illegible]

## Record Tracking

Status: Original Holder: [illegible] Location: DocuSign

[illegible] [illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 12 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Equipment Supplement at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations but not less than annually. Printing units, if applicable, should be broken down and the oil changed annually. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, blades or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, or computers with screen burn, if applicable, shall be replaced. Scratched or cracked lenses shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. All ink spillage will be removed. Any process fluids and hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



and able to perform its required tasks effectively, including but not limited to any heating requirements, cutting, binding, adhesion and temperature requirements. All electronic, hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, belts, fans, frames, stands, pins, screws, cutters, knives and blades, clamps, floor coverings, shall be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Presort Services, LLC

By:

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By:

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of ___ serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**Addendum Number 2 dated October 7, 2021**
**to**
**Equipment Supplement Number 12 dated October 7, 2021 ("Equipment Supplement")**
**between**
**Pitney Bowes Presort Services, LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 15% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations arise on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichenthal

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

**Addendum Number 3 dated October 7, 2021 ("Addendum") to**
**Equipment Supplement Number 11 ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November 3, 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. <u>PROGRESS PAYMENT I</u>

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. <u>PROGRESS PAYMENT II</u>

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. <u>PROGRESS PAYMENT III</u> (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment III to this Equipment Supplement, and (iii) the vendor invoice.

4. <u>ASSIGNMENT</u>

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



5. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT I
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 12 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment # of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 12 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment II of $243,500.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ______________________

RE: Equipment Supplement Number 12 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment III of $182,625.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-8879

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick ______________________

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 242 of 1807 PageID #:332

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 12**
**dated as of October 7, 2021**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of October 7, 2021, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Presort Services, LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a <u>mail sorter</u> (the "Equipment") manufactured by <u>[illegible]</u> ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by <u>November 1, 2021</u>, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 13 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Robert L. [illegible]

Approved: [initials] Date: [illegible]

Subject Matter Expert (SME): [illegible]

Approved: [initials] Date: [illegible]

Subject Matter Expert (SME): [illegible]

Approved: [initials] Date: [illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 11 dated as of October 7, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, between Pitney Bowes Inc., and Trilogy Leasing Co., LLC.

State of Original Location: Iowa

## EQUIPMENT

MANUFACTURER: Vantage

Original Installation Site: [illegible]

| QTY. | MACHINE MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | [illegible] | VANTAGE MAIL SORTER [illegible] | [illegible] |
| 1 | [illegible] | FINISHER, HI SPEED-LETTER | $0.00 |
| 1 | [illegible] | VANTAGE ADDT'L WORKSTATION MONITOR | $0.00 |
| 1 | [illegible] | [illegible] | $0.00 |
| 1 | [illegible] | PRINTER [illegible] | $0.00 |
| 1 | [illegible] | PRINTER, BLACK CIJ, FRONT | $0.00 |
| 1 | [illegible] | PRINTER, BLACK CIJ, FRONT | $0.00 |
| 1 | [illegible] | CIJ PRINTER ENABLE KIT | $0.00 |
| 1 | [illegible] | [illegible] | $0.00 |
| 1 | [illegible] | [illegible] | $0.00 |
| 1 | [illegible] | [illegible] | $0.00 |
| 1 | [illegible] | [illegible] PLATINUM | $0.00 |
| 1 | [illegible] | [illegible] PLATINUM | $0.00 |
| 1 | [illegible] | [illegible] | $0.00 |
| 1 | [illegible] | [illegible] | $0.00 |
| 1 | [illegible] | ANNUAL LIC [illegible] PLATINUM | $0.00 |
| 1 | [illegible] | ANNUAL LIC [illegible] PLATINUM | $0.00 |
| | | | [illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of October [illegible], [illegible]

**PAYMENT DATES**

First Periodic Rent Payment Date: [illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: [illegible]

Expiration Date: [illegible]

**LEASE RATE FACTORS**

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

**RENT PAYMENT**

Monthly Rent Payment: [illegible]

| | |
|---|---|
| Lessee: [illegible], LLC | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Ana Maria Chadwick | Name: Jeffrey A. [illegible] |
| Title: Executive Vice President and Chief Financial Officer | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER 12 dated as of October 7, 2021

[illegible]

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

Lessee: [illegible]

By: [signature]

Name: [illegible]

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 13

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Presort Services, LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Presort Services, LLC under EQUIPMENT SUPPLEMENT NUMBER 13 dated as of October 7, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 between Lessor and Pitney Bowes Presort Services, LLC, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Vantage

Original Installation Site: 4350 NW 123rd Street, Urbandale, IA 50323

| QTY | MACHINE MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | ET29 | VANTAGE MAIL SORTER 312 MT OCR | |
| 1 | ETV1 | FEEDER, HI SPEED-LETTER | |
| 1 | ETWW | VANTAGE ADDT'L WORKSTATION MONITOR | |
| 1 | ET07 | BASE TRANS SHORT 1 VIET | |
| 1 | ET07 | PRINTER BLK CI INT AML | |
| 1 | ET84 | PRINTER, BLACK CIJ, FRONT | |
| 1 | ET84 | PRINTER, BLACK CIJ, FRONT | |
| 1 | ETPE | CIJ PRINTER ENABLE KIT | |
| 1 | ETEN | WTS LOG MANQUIN | |
| 1 | ETAA | WTS ET MODR, LOG, MOD, 4 TIER | |
| 1 | ET08 | KIT, RACER CAMERA LINS, 1" READER, LOG | |
| 1 | BBPL | AIR PLATINUM | |
| 1 | BBSL | AIR SMARTMATCH PLATINUM | |
| 1 | BDZC | POSTAL PLUS SSCD-ENHANCED-W ABCR | |
| 1 | BBMU | RAF ADDRESS PARSING W/MULTILESS UNSOVE KIT | |
| 1 | BBPY | ANNUAL LIC AIR PLATINUM | |
| 1 | BBSY | ANNUAL LIC AIR SMATCH PLATINUM | |

DATE ACCEPTED: November 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 10/31/2021

DocuSigned by:
Ana Chadwick
Inspector and Authorized Representative of
Pitney Bowes Presort Services, LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number [illegible] (the "Equipment Supplement") to Master Equipment Lease Agreement dated November [illegible], [illegible] by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Equipment Supplement at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations but not less than annually. Printing units, if applicable, should be broken down and the oil changed annually. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, blades or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, or computers with screen burn, if applicable, shall be replaced. Scratched or cracked lenses shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. All ink spillage will be removed. Any process fluids and hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



and able to perform its required tasks effectively, including but not limited to any heating requirements, cutting, binding, adhesion and temperature requirements. All electronic, hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, belts, fans, frames, stands, pins, screws, cutters, knives and blades, clamps, floor coverings, shall be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

c. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Liebenthal

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer or possession of any counterpart other than Counterpart No. 1.

**Addendum Number 1 dated October 5, 2021**
**to**
**Equipment Supplement Number 14 dated October 5, 2021 ("Equipment Supplement")**
**between**
**Pitney Bowes Presort Services, LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 15% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign Envelope ID: [illegible]

Trilogy Leasing Co., LLC

**Addendum Number 3 dated October 5, 2021 ("Addendum") to**
**Equipment Supplement Number 14 ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November 2, 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $182,625.00 will be paid by Lessor within seven (7) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .000517 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $243,500.00 will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .000517 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $182,625.00 will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment III to this Equipment Supplement, and (iii) the vendor invoice.

4. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such proceeds so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever; (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever; or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



5. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessee and Lessor), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lieberthal

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 14 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment 1 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
[illegible] North Crescent Drive
Beverly Hills, CA 90210-[illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: ______________________

Name: Ana-Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: November 1, 20[illegible]

RE: Equipment Supplement Number 14 dated October 7, 20[illegible]

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
[illegible] North Crescent Drive
Beverly Hills, CA 90210-[illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: 

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: November 1, 2021

RE: Equipment Supplement Number 14 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment III of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
[illegible] North Crescent Drive
Beverly Hills, CA [illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer or possession of any counterpart other than Counterpart No. [illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of October [illegible], 2021**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of October [illegible], 2021, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH:**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Presort Services, LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby (by this reference) incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All units or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 2 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], 2021, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturers of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC



5. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified as those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under the Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana-Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Gallenthal

Name: Jeffrey A. Gallenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Robert L. Francis

Approved: RF Date: 10/8/2021

Subject Matter Expert (SME): Peter Zamarelli

Approved: PZ Date: 10/11/2021

Subject Matter Expert (SME): Vince D. Gandhi

Approved: VDG Date: 10/11/2021

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 14 dated as of October 7, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Pitney Bowes Inc., and Trilogy Leasing Co., LLC.

State of Original Location: Connecticut

## EQUIPMENT

MANUFACTURER: Vantage

Original Installation Site: 141 Locust Street, Hartford, CT 06114

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | [illegible] | VANTAGE MAIL SORTER 112 SRT OCR | $608,750.00 |
| 1 | [illegible] | FEEDER, HI SPEED LETTER | $0.00 |
| 1 | [illegible] | VANTAGE ADDT'L WORKSTATION MONITOR | $0.00 |
| 1 | [illegible] | BASE TRANS SHORT 1 UNIT | $0.00 |
| 1 | [illegible] | PRINTER BKR CI PRT SML | $0.00 |
| 1 | [illegible] | PRINTER, BLACK CIJ, FRONT | $0.00 |
| 1 | [illegible] | PRINTER, BLACK CIJ, FRONT | $0.00 |
| 1 | [illegible] | CI PRINTER ENABLE KIT | $0.00 |
| 1 | [illegible] | WTS LOG MARQUEE | $0.00 |
| 1 | [illegible] | WTS STACKER, LDU, 60/102, 4 TIER | $0.00 |
| 1 | [illegible] | KIT, RACER CAMERA LED, 1" READER, LDU | $0.00 |
| 1 | [illegible] | 4SK PLATINUM | $0.00 |
| 1 | [illegible] | 4SK SMARTMATCH PLATINUM | $0.00 |
| 1 | [illegible] | POSTAL PLUS 1D/2D ENHANCED MODE | $0.00 |
| 1 | [illegible] | BAF ADDRESS PARSING MODULE/LEAN CONVT KIT | $0.00 |
| 1 | [illegible] | ANNUAL LIC 4SK PLATINUM | $0.00 |
| 1 | [illegible] | ANNUAL LIC 4SK SMATCH PLATINUM | $0.00 |
| | | | $608,750.00 |

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

Docusign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of October [illegible], [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | November 1, [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | October 1, [illegible] |
| Expiration Date: | October 31, [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]

Trilogy Leasing Co., LLC

[illegible]

[illegible]

Lessee: [illegible]

By: [illegible]

Name: [illegible]

Title: [illegible]

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]

Trilogy Leasing Co., LLC

EXHIBIT [illegible]

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

[illegible]

EQUIPMENT

MANUFACTURER: [illegible]

Original Installation Site: [illegible]

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
| --- | --- | --- | --- |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |

DATE ACCEPTED: [illegible]

[illegible]

Dated: [illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | [illegible]<br><br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | COPIED | Sent: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]
[illegible]

**CONSUMER DISCLOSURE**

From time to time, Trilogy Leasing Co., LLC (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through your DocuSign, Inc. (DocuSign) Express user account. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the 'I agree' button at the bottom of this document.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. For such copies, as long as you are an authorized user of the DocuSign system you will have the ability to download and print any documents we send to you through your DocuSign user account for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. To indicate to us that you are changing your mind, you must withdraw your consent using the DocuSign 'Withdraw Consent' form on the signing page of your DocuSign account. This will indicate to us that you have withdrawn your consent to receive required notices and disclosures electronically from us and you will no longer be able to use your DocuSign Express user account to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through your DocuSign user account all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

**How to contact Trilogy Leasing Co., LLC:**
You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: dfong@trilogyleasing.com

**To advise Trilogy Leasing Co., LLC of your new e-mail address**
To let us know of a change in your e-mail address where we should send notices and disclosures electronically to you, you must send an email message to us at dfong@trilogyleasing.com and in the body of such request you must state: your previous e-mail address, your new e-mail address. We do not require any other information from you to change your email address.
In addition, you must notify DocuSign, Inc to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in DocuSign.
**To request paper copies from Trilogy Leasing Co., LLC**
To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an e-mail to dfong@trilogyleasing.com and in the body of such request you must state your e-mail address, full name, US Postal address, and telephone number. We will bill you for any fees at that time, if any.
**To withdraw your consent with Trilogy Leasing Co., LLC**
To inform us that you no longer want to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your DocuSign account, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;
ii. send us an e-mail to dfong@trilogyleasing.com and in the body of such request you must state your e-mail, full name, IS Postal Address, telephone number, and account number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

| | |
|---|---|
| Operating Systems: | Windows2000Â® or WindowsXPÂ® |
| Browsers (for SENDERS): | Internet Explorer 6.0Â® or above |
| Browsers (for SIGNERS): | Internet Explorer 6.0Â®, Mozilla FireFox 1.0, NetScape 7.2 (or above) |
| Email: | Access to a valid email account |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | ü Allow per session cookies<br>ü Users accessing the internet behind a Proxy Server must enable HTTP 1.1 settings via proxy connection |

** These minimum requirements are subject to change. If these requirements change, we will provide you with an email message at the email address we have on file for you at that time providing you with the revised hardware and software requirements, at which time you will have the right to withdraw your consent.
**Acknowledging your access and consent to receive materials electronically**
To confirm to us that you can access this information electronically, which will be similar to

FILED DATE: 11/8/2024 2:01 PM 2024L012540

other electronic notices and disclosures that we will provide to you, please verify that you were able to read this electronic disclosure and that you also were able to print on paper or electronically save this page for your future reference and access or that you were able to e-mail this disclosure and consent to an address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format on the terms and conditions described above, please let us know by clicking the 'I agree' button below.

By checking the 'I Agree' box, I confirm that:

- I can access and read this Electronic CONSENT TO ELECTRONIC RECEIPT OF ELECTRONIC CONSUMER DISCLOSURES document; and

- I can print on paper the disclosure or save or send the disclosure to a place where I can print it, for future reference and access; and

- Until or unless I notify Trilogy Leasing Co., LLC as described above, I consent to receive from exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to me by Trilogy Leasing Co., LLC during the course of my relationship with you.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 14 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment # of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
[illegible] North Crescent Drive
Beverly Hills, CA [illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: November 1, 2021

RE: Equipment Supplement Number 14 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment II of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA [illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: ______________________

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: November 1, 2021

RE: Equipment Supplement Number 19 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment III of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA [illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Amendment Number 1 dated March 10, 2022 ("Amendment")
to
Equipment Supplement Number 12 dated as of October 7, 2021 ("Equipment Supplement")
between
Pitney Bowes Presort Services, LLC, Lessee
and
Trilogy Leasing Co., LLC, Lessor

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, [illegible], ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessee and Lessor, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. The Commencement Date is changed from November 1, 2021, to April 1, 2022.
2. The First Periodic Rent Payment Date is changed from November 1, 2021, to April 1, 2022.
3. The Last Periodic Rent Payment Date is changed from October 1, [illegible], to March 1, [illegible].
4. The Expiration Date is changed from October 31, [illegible], to March 31, [illegible].
5. The date accepted is changed from to November 1, 2021, to April 1, 2022.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to: [illegible]/2022

Pitney Bowes Presort Services LLC
Lessee

By: Ana Maria Chadwick

Name: Ana Maria Chadwick
Title: Executive Vice President and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. [illegible]
Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approval: [illegible]

Finance: [illegible]

Approval: [illegible] Date: [illegible]/2022

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

## Signer Events | Signature | Timestamp

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT I
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 12 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment # of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA [illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT E
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: March 10, 2022

RE: Equipment Supplement Number 12 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment II of $243,500.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

DocuSigned by:
By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: March 10, 2022

RE: Equipment Supplement Number 12 dated October 7, 2021

The undersigned hereby certifies that the Progress Payment III of $182,625.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
360 North Crescent Drive
Beverly Hills, CA 90210-4879

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Supplements 21 - 30

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 287 of 1807 PageID #:377

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of ___ serially numbered and manually executed counterparts. To the extent that no security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**Amendment Number 1 dated November 18, 2020 ("Amendment")**
**to**
**Equipment Supplement Number 21 dated April 29, 2020 ("Equipment Supplement")**
**between**
**Novagistics, Inc., Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. Effective upon the Commencement Date the following model numbers are modified as follows:

| FROM | TO |
|---|---|
| SP5500 | SP5520-50 |
| FSJ-MP344-3 | FSJ-MP344-4 |

2. The Commencement Date is changed from October 1, 2020, to December 1, 2020.
3. The First Periodic Rent Payment Date is changed from October 1, 2020, to December 1, 2020.
4. The Last Periodic Rent Payment Date is changed from September 1, 2025, to November 1, 2025.
5. The Expiration Date is changed from September 30, 2025, to November 30, 2025.
6. The Daily Lease Rate Factor is changed from .015801 to .000527.
7. The Periodic Lease Rate Factor is changed from .000527 to .015801.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to: 11/30/2020

| | |
|---|---|
| Novagistics, Inc. | Trilogy Leasing Co., LLC |
| Lessee | Lessor |
| By: ______________________ | By: ______________________ |
| Name: Christopher Balnika | Name: Jeffrey A. Lichenthal |
| Title: Senior Director, Global Procurement | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Newgistics, Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Newgistics, Inc. under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Newgistics, Inc., the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 3 | [illegible] | 4,500 LB. CAPACITY, 36 VOLT, REACH TRUCK | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| 3 | [illegible] | V-FORCE LITHIUM BATTERY | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| 3 | [illegible] | V-FORCE LITHIUM CHARGER | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| 1 | [illegible] | 4,000 LB. CAPACITY, 3 WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | V-FORCE LITHIUM BATTERY | [illegible] |
| 1 | [illegible] | V-FORCE LITHIUM CHARGER | [illegible] |
| 6 | [illegible] | 3,000 LB. CAPACITY, 36 VOLT, STOCKPICKER | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| 6 | [illegible] | V-FORCE LITHIUM BATTERY | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| 6 | [illegible] | V-FORCE LITHIUM CHARGER | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |
| | | | [illegible] |

ORIGINAL INSTALLATION SITE: [illegible] Cedar Avenue, Bloomington, CA [illegible]

DATE ACCEPTED: December 1, 2020

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 12/9/2020

[signature]
Inspector and Authorized Representative of
Newgistics, Inc.
[illegible], Senior Director, Global Procurement

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 21 (the "Equipment Supplement") to Master Equipment Lease Agreement Number [illegible] dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Novipoint, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner supported by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $1.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Novagistics, Inc.

By: Chris Reinke

Name: Chris Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lieberthal

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540



Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER 21**
**Dated as of April 29, 2020**

**between**

**Novoglobin, Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of April 29, 2020, between Novoglobin, Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Novoglobin, Inc., pursuant to Master Equipment Lease Agreement Number 98-011 dated as of November 1, 1999 ("the Master Lease") between Lessor and Pitney Bowes Inc. or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby, by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by October 1, 2020 field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 19 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated March 1, 2021 ("Amendment")**
**to**
**Equipment Supplement Number [illegible] dated as of May 4, 2020 ("Equipment Supplement")**
**between**
**[illegible], Inc., Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 2, 1999, (the "Master Lease") between Lessee and [illegible], or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. Provided no Event of Default has occurred and is continuing under the Master Lease and this Equipment Supplement, effective upon the Commencement Date the equipment listed below (designated as the "Additional Equipment") shall be added to the Equipment Supplement and the Periodic Rent payable under the Equipment Supplement shall be changed from $[illegible] to $[illegible], exclusive of applicable taxes. The purchase price shall be changed from $[illegible] to $[illegible]. Lessee agrees that the Additional Equipment has been delivered to, inspected and accepted by Lessee for all purposes in accordance with the terms of the Master Lease and the Equipment Supplement, and is suitable for its purposes.

**Additional Equipment:**

| QTY | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|
| [illegible] | LINE SCANNERS | $[illegible] |
| 1 | SHIPPING | [illegible] |

2. The Commencement Date is changed from November 1, 2020, to March 1, 2021.
3. The First Periodic Rent Payment Date is changed from November 1, 2020, to March 1, 2021.
4. The Last Periodic Rent Payment Date is changed from October 1, 2027, to February 1, 2028.
5. The Expiration Date is changed from October 31, 2027, to February 29, 2028.
6. Effective upon the Commencement Date, the Casualty Values are changed as follows: See Exhibit A attached hereto and made a part hereof.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement and Lessee's obligations thereunder are and shall remain in full force and effect.

Accepted and agreed to as of [illegible]

[illegible], Inc.
Lessee

By: [signature]
Name: [illegible]
Title: Vice President of Procurement and Global Finance Services

Trilogy Leasing Co., LLC
Lessor

By: [signature]
Name: [illegible]
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of [illegible], Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of [illegible], Inc., under Equipment Supplement Number [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and [illegible], Inc., the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: [illegible]

| QTY | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|
| 1 | SORTATION SYSTEM (SEE ATTACHMENT A FOR ADDITIONAL DESCRIPTION, DIAGRAM, AND PHOTOS) | |
| 1 | ENGINEERING | |
| 1 | INSTALLATION | |
| 1 | SHIPPING | |

ORIGINAL INSTALLATION SITE: [illegible] Royal South Parkway, Atlanta, GA [illegible]

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]
Inspector and Authorized Representative of
[illegible], Inc.
Peter [illegible], Vice President and Global Finance Services

FILED DATE: 11/8/2024 2:01 PM 2024L012540

[illegible]

COPIED

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 22**
**Dated as of May 4, 2020**

**between**

**Nexgistics, Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of **May 4, 2020**, between Nexgistics, Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Nexgistics, Inc., pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby, by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a **sortation system** (the "Equipment") manufactured by <u>Siemens</u> ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 15 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by **November 1, 2020**, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 15 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

FILED DATE: 11/8/2024 2:01 PM 2024L012540

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | |
| [illegible] | [illegible] | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | |
| [illegible] | [illegible] | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | |
| [illegible] | [illegible] | | | |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | | | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | | | |
| [illegible] | [illegible] | | | |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

| UNIT_NUMBER | EQUIPMENT_TYPE | [illegible] | OAL | HP |
|---|---|---|---|---|
| P-231 | CONV_RECLINE DECLINE | 30 | 40'-0" | 5 |
| P-233 | Parcel Belt | 30 | 11'-0" | 1 |
| P-241 | Fluid Loop | | | 5 |
| P-243 | Parcel Belt | 30 | 24'-0" | 3 |
| P-245 | Parcel Belt | 30 | 7'-0" | 1 |
| P-247 | Scan Tunnel | | | 3 |
| P-249 | Scale | | | 1 |
| P-251 | SFT/Smooth Fgt Tray | 30 | 20'-0" | 1 |
| P-251A | Pusher | | | |
| P-251B | Pusher | | | |
| P-253 | CONV_RECLINE DECLINE | 30 | 40'-0" | 5 |
| P-255 | Parcel Belt | 30 | 11'-0" | 1 |
| P-261 | [illegible] | | | 5 |
| P-263 | Parcel Belt | 30 | 20'-0" | 3 |
| P-265 | Parcel Belt | 30 | 15'-6" | 1 |
| P-267 | Parcel Belt | 30 | 8'-6" | 1 |
| P-269 | Scan Tunnel | | | 3 |
| P-271 | Scale | | | 1 |
| P-273 | SFT/Smooth Fgt Tray | 30 | 20'-0" | 1 |
| P-273A | Pusher | | | |
| P-273B | Pusher | | | |
| P-275 | CONV_RECLINE DECLINE | 30 | 40'-0" | 5 |
| P-277 | Parcel Belt | 30 | 11'-0" | 1 |
| P-281 | Parcel Belt | 30 | 60'-0" | 5 |
| P-301 | Parcel Belt | 30 | 117'-6" | 5 |
| P-303 | Daisy Belt | 30 | 36'-0" | 3 |
| P-307 | Parcel Belt | 30 | 117'-6" | 5 |
| P-309 | Daisy Belt | 30 | 36'-0" | 3 |
| P-313 | Parcel Belt | 30 | 117'-6" | 5 |
| P-315 | Daisy Belt | 30 | 36'-0" | 3 |

FILED DATE: 11/8/2024 2:01 PM 2024L012540

**SYSTEM DESIGN CRITERIA**

**System and Operational Environment**

**Climate**

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

| Area | Conveyor Operating Rate | Operator Expected Rate | Operator Required Rate |
|---|---|---|---|
| Each Auto Receiving Inbound Unload Line | 2,400 PPH | 1200 PPH | Unknown |
| Express Induct Line | 2,500 PPH | 180 PPH | Unknown |
| Each Sorter Induction Line | 2,500 PPH | NA | NA |
| Cross Belt Sorter | 20,000 PPH | NA | NA |
| Fluid Outbound Rate Line | 4,500 PPH | 1500 PPH | Unknown |

The system design rate assumes an average carton size not to exceed 12"L x 10"W x 8"H to achieve stated mechanical performance.

**The air requirement for each auto induction line is 5 cfm per pusher at 120psi. This will enable the system to reject divert 100% of parcels in a continuous fashion.**

**System Infrastructure Requirements**

The customer is to supply both compressed air and power drops to various points within the system. To aid Pitney Bowes in planning for any building infrastructure improvements/modifications, below are the estimated compressed air and full load amperage requirements.

| | |
|---|---|
| Power Requirement: | 1200 FLA, 480VAC, 3-Phase* |
| Compressed Air Requirement: | 100 CFM at 120 PSI* |

*This is based on the Savoye provided proposal drawing.

FILED DATE: 11/8/2024 2:01 PM 2024L012540



FILED DATE: 11/8/2024 2:01 PM 2024L012540

**Label Scan and Parcel Dimensioning**

The Automatic Identification and Dimensioning requirements are managed using the SICK ICR890 Camera and Dimensioning solution, a best in class technology designed for high speed data acquisition and analysis.

The ICR890 camera (camera model to be determined during engineering) tunnel is the ideal solution for linear and 2-D bar code reading applications in high-end sortation, transportation and logistics processes found in the retail distribution and parcel/postal industries. Excellent image quality, high speed processing, and a fully integrated design make the camera suitable for all application types from single-sided reading stations to high-speed, multiple sided scanning arrays over today's most advanced belt conveyors and tilt-tray sorting systems.
The camera tunnel system is a fully automatic reading gate including all framework, cameras with on-board decoder, local network controller and host communication. The local network controller incorporates a controller for the local CAN Scanner network, flexible host interface, and an interface providing diagnostic data for use with SICK's Parcel Analytics software.

**Parcel Weighing**

The Wipotec CKS HC-SL-3-50 Dynamic 2 belt scale provides the ability to capture weights on a continuous stream of parcels with a wide range variety of sizes. The scale can capture up to [illegible] parcels per minute and the operating belt speed is [illegible] FPM. The scale is integrated in the SICK data software and allows the system to function as a single data source providing complete data about the inbound parcels.

**Pusher Diverts**

Two pusher diverts will be installed on each new inbound line. The diverts will have a destination assigned to each and the Pitney Bowes host system will send a message to the Sercon PLC with the destination for each parcel. The pusher will activate to divert the parcel to the appropriate destination. There will be 3 possible destinations.

| | |
|---|---|
| Destination 1 | No read / data error |
| Destination 2 | Exception / oversize / overweight - operator intervention required |
| Destination 3 | Sorter induct |

Pitney Bowes would need to place a gaylord or cart at the end of the two pusher divert chutes to collect parcels.

**The Automated Sorter Induction**

Parcels directed to the sorter induction are transported maintaining the spacing and orientation that was set for the auto receiving equipment. They are elevated to the sorter elevation and delivered to the automatic induct systems which load the cross belts on the sorter without requiring manual intervention.

FILED DATE: 11/8/2024 2:01 PM 2024L012540



FILED DATE: 11/8/2024 2:01 PM 2024L012540



FILED DATE: 11/8/2024 2:01 PM 2024L012540





FILED DATE: 11/8/2024 2:01 PM 2024L012540

**Interface with Pitney Bowes Host System**

There will be two main interface points between the material handling equipment and the customer's Host system. These two interface points are: The system induction scan, and the cross-belt induction scan.

**System Induction Scan Message:**

- Message sent from Conveyor PLC to PB Host with barcodes, weight, and dimension information, along with ParcelID (PLC generated) and lane identifiers
- PB Host responds to conveyor PLC with Destination (Divert to No-read Bin, Divert to Exception Handling Bin, pass to induct) along with Alternate Destination (exception/backup) and including the ParcelID
- Message sent from Conveyor PLC to PB Host with ParcelID and confirmed destination, along with disposition (good divert, failed, lost, no host response, etc.)
- A keep alive message in each direction between

*Note: we will mimic the message protocol being used at the PB sites in Monroe, NJ, and Bloomington, CA for the scan tunnel upgrades to inbound lanes

**Cross-Belt Sorter Induction Scan Message:**

1. Message sent from Cross-Belt PLC to PB Host with barcodes along with ParcelID (PLC generated) and lane identifiers
2. PB Host responds to Cross-Belt PLC with Bin Destination, Alternate Destination (exception/backup), ParcelID, dimensions, and weight
3. Message sent from Conveyor PLC to PB Host with ParcelID and confirmed destination, along with disposition (good divert, failed, lost, no host response, etc.)
4. A keep alive message in each direction between

*Note: further definition of the interface between the cross-belt sorter system and the host may be necessary during the design phase

**Pitney Bowes Host Responsibilities:**

- Under 500 millisecond response time for all messages between the host and PLC systems
- Manage exceptions divert location for inbound lines
- Manage bin destination allocations including the opening, closing, and allocation of each bin

**Reporting and System Statistics**

Sevtye will provide and industrial PC to run a SCADA system for system level reporting and statics. Inductive Automation's Ignition SCADA will be used to provide system level reporting and statistics. Screen layouts will be developed during the engineering phase of the project and demonstrated to Pitney Bowes for review and finalization. Sevtye intends to provide the following:

FILED DATE: 11/8/2024 2:01 PM 2024L012540

- System overview screen:
  - An overall layout of the inbound system will be displayed with color coded alerts to visually represent the current state of the inbound system.
  - System level connectivity alerts will be provided as well on this screen.
- Individual Induction Line Screens:
  - Each induction line will have a separate screen with scanner read rates, throughput, and divert counts.
- System Level Statistics Screen:
  - System level statistics will be displayed as both a rollup of the entire inbound system, and as a breakdown per lane. This includes scanner read rates, throughputs and divert counts.

The cross-belt sorter will have it's own integrated system level statistics which will capture and display the sorter induction scan read rates and throughput, individual bin destination statistics, recirculation counts, mis-divert counts, and bin full counts.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum Number 1 ("Addendum") to the Equipment Supplement Number 22 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – CONVEYOR MACHINERY

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:01 PM 2024L012540

# Trilogy Leasing Co., LLC

**Addendum Number [illegible] dated May 4, 2020 ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and [illegible] ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated [illegible] ("Master Lease")**
**between**
**Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

I. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within forty-eight (48) hours of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

I. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

I. PROGRESS PAYMENT III

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC



4. PROGRESS PAYMENT IV

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment IV to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

5. PROGRESS PAYMENT V (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment V of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment V to this Equipment Supplement, and (iii) the vendor invoice.

6. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefor, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

7. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: [illegible]
Title: President and Chief Executive Officer

Lessee: [illegible], Inc.
By: [signature]
Name: [illegible]
Title: Executive Vice President and Chief Financial Officer

FILED DATE: 11/8/2024 2:01 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT I
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: May 11, 2020

RE: Equipment Supplement Number 22 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment 1 of $4,173,200 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: [illegible] North America, Inc.
[illegible] West [illegible] Street
Naperville, IL [illegible]
(847) [illegible]

Electronic Payment Instructions:
Company Name: [illegible] North America, Inc.
Bank Name: JP Morgan Chase Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible], Inc.

By: [signature]

Name: Stanley J. [illegible] III

Title: Executive Vice President
and Chief Financial Officer

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30133084

FILED DATE: 11/8/2024 2:39 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2024L012540 |
| v. | ) | No. _______________ |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 22 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment II of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: [illegible] North America, Inc.
[illegible] West [illegible] Street
[illegible], IL [illegible]
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: [illegible] North America, Inc.
Bank Name: JP Morgan Chase Bank
Account Number: [illegible]
Routing Number: 071000013

Lessee: [illegible], Inc.

By: [illegible] ____________________

Name: [illegible]

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ______________________

RE: Equipment Supplement Number 22 dated May 6, 2020

The undersigned hereby certifies that the Progress Payment III of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Sercomp North America, Inc.
2863 West 95th Street
Naperville, IL 60564
(847) 436-2387

Electronic Payment Instructions:
Company Name: Sercomp North America, Inc.
Bank Name: JP Morgan Chase Bank
Account Number: [illegible]
Routing Number: 071000013

Lessee: Stergenics, Inc.

By: [illegible]

Name: Stanley J. Sabala III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ______________________

RE: Equipment Supplement Number 22 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Screen North America, Inc.
[illegible] West [illegible] Street
Naperville, IL 60564
[illegible]

Electronic Payment Instructions:
Company Name: Screen North America, Inc.
Bank Name: JP Morgan Chase Bank
Account Number: [illegible]
Routing Number: 071000013

Lessee: Novaprinting, Inc.

By: Stanley J. Sabala III

Name: Stanley J. Sabala III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ______________________

RE: Equipment Supplement Number 22 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment V of $1,093,339 [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
2003 West 83rd Street
Naperville, IL 60564
(847) 436-2307

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: JP Morgan Chase Bank
Account Number: 281237003
Routing Number: 071000013

Lessee: Novagistics, Inc.

By: Stanley J. Sabala III

Name: Stanley J. Sabala III

Title: Executive Vice President
and Chief Financial Officer

DocuSign Envelope ID: [illegible]


FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Amendment Number 2 dated May 4, 2020 ("Amendment"), to Master Equipment Lease Agreement ("Master Lease") dated as of November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee acknowledge and agree that in accordance with the Master Lease, subsidiaries and affiliates of Lessee may enter into Equipment Supplements on their own and be treated as a "Lessee" for purposes of the Equipment Supplement without the need for Pitney Bowes Inc. to also execute the Equipment Supplement. For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree to clarify and amend the Master Lease as follows:

**ADDITIONAL LESSEES**

Lessor and Pitney Bowes Inc. acknowledge and agree that any of Pitney Bowes Inc.'s subsidiaries or affiliates (an entity in which Pitney Bowes Inc. owns a controlling interest) may enter directly into an Equipment Supplement, and Pitney Bowes Inc. shall be jointly and severally liable with said subsidiary or affiliate for the obligations under such Equipment Supplement and the Master Lease as it relates to such Equipment Supplement and the Equipment described therein. Such subsidiary or affiliate shall be considered an additional Lessee with Pitney Bowes Inc. for the purposes of said Equipment Supplement.

Except as herein modified, the terms and conditions of the Master Lease shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be duly executed. Each party warrants and represents that its respective signatories whose signatures appear below have been and are hereunder duly authorized to execute this Amendment.

**Lessor: Trilogy Leasing Co., LLC**

By: [signature]

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

**Lessee: Pitney Bowes Inc.**

By: [signature]

Name: Stanley J. Sutula III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

VIEWED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated February 22, 2021 ("Amendment")**
**to**
**Equipment Supplement Number 24 dated as of May 4, 2020 ("Equipment Supplement")**
**between**
**[illegible], Inc., Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], (the "Master Lease") between Lessee and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessee and Lessor, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. Provided no Event of Default has occurred and is continuing under the Master Lease and this Equipment Supplement, effective upon the Commencement Date the equipment listed below (designated as the "Additional Equipment") shall be added to the Equipment Supplement and the Periodic Rent payable under the Equipment Supplement shall be changed from $[illegible] to $[illegible], inclusive of New Jersey sales tax. The purchase price shall be changed from $[illegible] to $[illegible]. Lessee agrees that the Additional Equipment has been delivered to, inspected and accepted by Lessee for all purposes in accordance with the terms of the Master Lease and the Equipment Supplement, and is suitable for its purposes.

   **Additional Equipment:**

   | QTY | EQUIPMENT DESCRIPTION | S/N |
   |---|---|---|
   | [illegible] | DROP CHUTES | |

2. The Commencement Date is changed from November 1, 2020, to March 1, 2021.

3. The First Periodic Rent Payment Date is changed from November 1, 2020, to March 1, 2021.

4. The Last Periodic Rent Payment Date is changed from October 1, 2027, to February 1, 2028.

5. The Expiration Date is changed from October 31, 2027, to February 29, 2028.

6. Effective upon the Commencement Date, the Casualty Values are changed as follows: See Exhibit A attached hereto and made a part hereof.

ADDITIONAL PROVISIONS:

The supplier of the Equipment covered by the Equipment Supplement is [illegible], Inc. ("Supplier"). The purchase price of the Equipment is $[illegible]. Lessee represents that it has previously made deposits for the Equipment to the Supplier in the total amount of $[illegible] (the "Lessee Deposits"). Lessor has paid the balance of the purchase in the amount of $[illegible] to the Supplier. This will confirm that in consideration of Lessee entering into the Equipment Supplement, Lessor has agreed to reimburse Lessee for the Lessee Deposits.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 24**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Newgistics, Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Newgistics, Inc., under Equipment Supplement Number 24 dated as of May 4, 2020, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1998, between Lessor and Newgistics, Inc., the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: [illegible], Inc.

| QTY. | MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | SINGLE SPLIT TRAY BOMB BAY PARCEL SORTER | [illegible] |
| 1 | | INSTALLATION | |
| 1 | | SHIPPING | |
| 1 | | NEW JERSEY SALES TAX | |

ORIGINAL INSTALLATION SITE: 117 Interstate Boulevard, Monroe, NJ 08831

DATE ACCEPTED: March 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 2/24/2021

[illegible signature]
Inspector and Authorized Representative of
Newgistics, Inc.
Peter Pancarella, Vice President of Procurement and Global Finance Services

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. [illegible]

**EQUIPMENT SUPPLEMENT NUMBER 24**
**Dated as of May 4, 2020**

**between**

**Neogistics, Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of May 4, 2020, between Neogistics, Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Neogistics, Inc., pursuant to Master Equipment Lease Agreement Number 98-001 dated as of November 1, 1998, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a **sortation system** (the "Equipment") manufactured by **Bastian Solutions, Inc.** ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by **November 1, 2020**, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

**[illegible]**

**CASUALTY VALUES**

**[illegible]**

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | PERCENT OF COST | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | PERCENT OF COST |
|---|---|---|---|---|---|
| 1 | [illegible] | [illegible] | 43 | [illegible] | [illegible] |
| 2 | [illegible] | [illegible] | 44 | [illegible] | [illegible] |
| 3 | [illegible] | [illegible] | 45 | [illegible] | [illegible] |
| 4 | [illegible] | [illegible] | 46 | [illegible] | [illegible] |
| 5 | [illegible] | [illegible] | 47 | [illegible] | [illegible] |
| 6 | [illegible] | [illegible] | 48 | [illegible] | [illegible] |
| 7 | [illegible] | [illegible] | 49 | [illegible] | [illegible] |
| 8 | [illegible] | [illegible] | 50 | [illegible] | [illegible] |
| 9 | [illegible] | [illegible] | 51 | [illegible] | [illegible] |
| 10 | [illegible] | [illegible] | 52 | [illegible] | [illegible] |
| 11 | [illegible] | [illegible] | 53 | [illegible] | [illegible] |
| 12 | [illegible] | [illegible] | 54 | [illegible] | [illegible] |
| 13 | [illegible] | [illegible] | 55 | [illegible] | [illegible] |
| 14 | [illegible] | [illegible] | 56 | [illegible] | [illegible] |
| 15 | [illegible] | [illegible] | 57 | [illegible] | [illegible] |
| 16 | [illegible] | [illegible] | 58 | [illegible] | [illegible] |
| 17 | [illegible] | [illegible] | 59 | [illegible] | [illegible] |
| 18 | [illegible] | [illegible] | 60 | [illegible] | [illegible] |
| 19 | [illegible] | [illegible] | 61 | [illegible] | [illegible] |
| 20 | [illegible] | [illegible] | 62 | [illegible] | [illegible] |
| 21 | [illegible] | [illegible] | 63 | [illegible] | [illegible] |
| 22 | [illegible] | [illegible] | 64 | [illegible] | [illegible] |
| 23 | [illegible] | [illegible] | 65 | [illegible] | [illegible] |
| 24 | [illegible] | [illegible] | 66 | [illegible] | [illegible] |
| 25 | [illegible] | [illegible] | 67 | [illegible] | [illegible] |
| 26 | [illegible] | [illegible] | 68 | [illegible] | [illegible] |
| 27 | [illegible] | [illegible] | 69 | [illegible] | [illegible] |
| 28 | [illegible] | [illegible] | 70 | [illegible] | [illegible] |
| 29 | [illegible] | [illegible] | 71 | [illegible] | [illegible] |
| 30 | [illegible] | [illegible] | 72 | [illegible] | [illegible] |
| 31 | [illegible] | [illegible] | 73 | [illegible] | [illegible] |
| 32 | [illegible] | [illegible] | 74 | [illegible] | [illegible] |
| 33 | [illegible] | [illegible] | 75 | [illegible] | [illegible] |
| 34 | [illegible] | [illegible] | 76 | [illegible] | [illegible] |
| 35 | [illegible] | [illegible] | 77 | [illegible] | [illegible] |
| 36 | [illegible] | [illegible] | 78 | [illegible] | [illegible] |
| 37 | [illegible] | [illegible] | 79 | [illegible] | [illegible] |
| 38 | [illegible] | [illegible] | 80 | [illegible] | [illegible] |
| 39 | [illegible] | [illegible] | 81 | [illegible] | [illegible] |
| 40 | [illegible] | [illegible] | 82 | [illegible] | [illegible] |
| 41 | [illegible] | [illegible] | 83 | [illegible] | [illegible] |
| 42 | [illegible] | [illegible] | 84 | [illegible] | [illegible] |

Lessee: [illegible], Inc.

By: [signature]

Name: [illegible]

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

DocuSign Envelope ID: [illegible]


FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 24

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Newgistics, Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Newgistics, Inc. under Equipment Supplement Number 24 dated as of May 4, 2020, to Master Equipment Lease Agreement Number PR-003 dated as of November 2, 1999, between Lessor and Newgistics, Inc., the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Eurosort, Inc.

| QTY | MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | 45855 | SINGLE SPLIT TRAY BOMB BAY PARCEL SORTER | |
| 1 | | INSTALLATION | |
| 1 | | SHIPPING | |
| 1 | | NEW JERSEY SALES TAX | |

ORIGINAL INSTALLATION SITE: 117 Interstate Boulevard, Monroe, NJ 08831

DATE ACCEPTED: ______________________

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 6/3/2020

DocuSigned by:
Stanley J. Sutula III
Inspector and Authorized Representative of
Newgistics, Inc.
Stanley J. Sutula III, Executive Vice President and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum Number 1 ("Addendum") to the Equipment Supplement Number 28 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – CONVEYOR MACHINERY

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessor shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks

FILED DATE: 11/8/2024 2:39 PM 2024L012540



Trilogy Leasing Co., LLC

effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cuttings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, belts, fans, frames, stands, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Lease until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

Lessee: Newgistics, Inc.

By: [signature]

Name: Stanley J. Sutula III

Title: Executive Vice President and Chief Financial Officer

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 367 of 1807 PageID #:457

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Addendum Number 2 dated May 4, 2020**
**to**
**Equipment Supplement Number 24 dated May 4, 2020 ("Equipment Supplement")**
**between**
**Newgistics, Inc., Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 25% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, exercise its Option to Renew as follows:

| | |
|---|---|
| 12 Months | 90% of the Monthly Rent Payment |
| 24 Months | 75% of the Monthly Rent Payment |

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of
[illegible]

| **Lessor:** | **Lessee:** |
|---|---|
| **Trilogy Leasing Co., LLC** | **Newgistics, Inc.** |
| By: [signature] | By: [signature] |
| Name: Jeffrey A. Liebenthal | Name: Stanley J. Sutula III |
| Title: President and Chief Executive Officer | Title: Executive Vice President and Chief Financial Officer |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number [illegible] dated [illegible] ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and [illegible] ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated [illegible] ("Master Lease")**
**between**
**Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement, (ii) the vendor invoice, and (iii) proof of payment by Lessee of the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



4. PROGRESS PAYMENT IV

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment IV to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .[illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

5. PROGRESS PAYMENT V (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment V of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment V to this Equipment Supplement, (iii) an acknowledgement releasing any and all interest of Lessee in the Equipment for which Lessor has reimbursed Lessee, and (iv) the vendor invoice.

6. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefor, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

7. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: [illegible]
Title: President and Chief Executive Officer

Lessee: [illegible], Inc.
By: [signature]
Name: [illegible]
Title: Executive Vice President and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June [illegible], 2020

RE: Equipment Supplement Number 26 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment 1 of $1,770,000 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: Newgistics, Inc.

Wire Information:

JPMorgan Chase Bank, N.A.
4 New York Plaza, Floor 13
New York, NY 10004

ABA#: 021000021

Account Name: Newgistics, Inc.

Account Number: [illegible]

Lessee: Newgistics, Inc.

By: Stanley J. Sutula III

Name: Stanley J. Sutula III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: 6/5/2020

RE: Equipment Supplement Number 20 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment II of $1,270,000 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Eurosemi, Inc.
95 New Plant Court
Owings Mills, MD 21117

Electronic Payment Instructions:
Company Name: Eurosemi, Inc.
Bank Name: Bank of America
Account Number: [illegible]
Routing Number: 026009593

Payment confirmations to:
Roberta Lothardt [illegible]

Lessee: Novaplatten, Inc.

By: Stanley J. Sobala III

Name: Stanley J. Sobala III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 29 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment III of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Eurosort, Inc.
55 New Plant Court
Owings Mills, MD 21117

Electronic Payment Instructions:
Company Name: Eurosort, Inc.
Bank Name: Bank of America
Account Number: [illegible]
Routing Number: [illegible]

Payment confirmation to:
Roberta Labardi [illegible]

Lessee: Navigators, Inc.

By: Stanley J. Sabala III

Name: Stanley J. Sabala III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 20 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment IV of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Eurosort, Inc.
59 New Plant Court
Owings Mills, MD 21117

Electronic Payment Instructions:
Company Name: Eurosort, Inc.
Bank Name: Bank of America
Account Number: [illegible]
Routing Number: [illegible]

Payment confirmations to:
Roberta [illegible] [illegible]

Lessee: Neogenix, Inc.

By: Stanley J. Sutula III ____________________

Name: Stanley J. Sutula III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 29 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment V of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Eurosort, Inc.
55 New Plant Court
Owings Mills, MD 21117

Electronic Payment Instructions:
Company Name: Eurosort, Inc.
Bank Name: Bank of America
Account Number: [illegible]
Routing Number: [illegible]

Payment confirmations to:
Roberta Laffardi [illegible]

Lessee: Sterigenics, Inc.

By: Stanley F. Sutula III ____________

Name: Stanley F. Sutula III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of [illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee <u>[illegible]</u> (the "Equipment") manufactured by (a not applicable, ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by <u>[illegible]</u>, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit C attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: [illegible]

Title: Vice President of Procurement and Global Finance Services

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approval: [initials] Date: [illegible]

Subject Matter Expert (SME): [illegible]

Approval: [initials] Date: [illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: New Jersey

Original Installation Site: [illegible] Boulevard, [illegible], NJ [illegible]

**EQUIPMENT**

MANUFACTURER: Not Applicable

| QTY | MACHINE MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | | SALES TAX | [illegible] | [illegible] |
| | | | | **[illegible]** |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: [illegible]

Title: Vice President of Procurement and Global Finance Services

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of August [illegible]**

**PAYMENT DATES**

First Periodic Rent Payment Date: September 1, [illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: February 1, [illegible]

Expiration Date: February 28, [illegible]

**LEASE RATE FACTORS**

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

**RENT PAYMENT**

Monthly Rent Payment: [illegible]

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Peter Panepinto

Title: Vice President of Procurement and Global Finance Services

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible]

[illegible]

[illegible]

| STIPULATED LOSS VALUE | PERCENT OF COST | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | PERCENT OF COST |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: [illegible]

Title: Vice President of Procurement and Global Finance Services

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 24-1**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER 24-1 dated as of August 17, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Not Applicable

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | | SALES TAX | |

ORIGINAL INSTALLATION SITE: 117 Interstate Boulevard, Monroe, NJ 08831

DATE ACCEPTED: September 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 9/8/2021

Authorized Representative of
Pitney Bowes Global Logistics LLC
Peter Pancarella, Vice President of Procurement
and Global Finance Services

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

Electronic Record and Signature Disclosure:

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

| [illegible] | [illegible] | [illegible] | SN |
|---|---|---|---|
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 25 (the "Equipment Supplement") to Master Equipment Lease Agreement Number [illegible] dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Newgistics, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 395 of 1807 PageID #:485

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



- Hydraulic cylinders must not be bent or gouged;
- Hose reels and hose take up assemblies must not be bent or damaged;
- All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
- The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
- Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 3 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
- Radiator and/or cooling system shall be free from leaks, punctures or holes;
- Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
- At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
- Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
- In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Newgistics, Inc.

By: Chris Reinke

Name: Chris Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Liebenthal

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of May 15, 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of May 15, 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] ("the Master Lease") between Lessor and [illegible] Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessor shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
| --- | --- | --- | --- |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 26 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PR-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Novipoint, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner supported by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of May 26, 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of May 26, 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999 ("the Master Lease") between Lessor and [illegible] Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by November 1, 2020, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 14 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[illegible]

COPIED

COPIED

COPIED

COPIED

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 27 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Newgistics, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

EQUIPMENT SUPPLEMENT NUMBER 27
dated as of June [illegible], 2020

between

[illegible], Inc., Lessee

and

Trilogy Leasing Co., LLC, Lessor

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of [illegible], 2020 between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

WITNESSETH

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of [illegible]**

**PAYMENT DATES**

First Periodic Rent Payment Date: [illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: [illegible]

Expiration Date: [illegible]

**LEASE RATE FACTORS**

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

**RENT PAYMENT**

Monthly Rent Payment: [illegible]

| | |
|---|---|
| [illegible], Inc. | Trilogy Leasing Co., LLC |
| Lessee | Lessor |
| By: [signature] | By: [signature] |
| Name: [illegible] | Name: [illegible] |
| Title: Senior Director, Global Procurement | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of [illegible]**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of [illegible], between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessee and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessee and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a **[illegible]** (the "Equipment") manufactured by [illegible], Inc. ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by **[illegible]**, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 19 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of Equipment Supplement Number 23 dated as of May 6, 2020, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Pitney Bowes Inc., and Trilogy Leasing Co., LLC.

State of Original Location: Georgia

Original Installation Site: 3725 Royal South Parkway, Atlanta, GA 30349

**EQUIPMENT**

MANUFACTURER: Eurosort, Inc.

| QTY | MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | 45008 | SINGLE SPLIT TRAY BOMB BAY PARCEL SORTER WITH MANUAL INDUCTION | $3,733,000.00 |
| 1 | | INSTALLATION | $810,000.00 |
| 1 | | SHIPPING | $72,000.00 |
| | | | $4,615,000.00 |

Newgistics, Inc.
Lessee

By: Stanley J. Sutula III

Name: Stanley J. Sutula III

Title: Executive Vice President and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

| | |
|---|---|
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |
| [illegible] | [illegible] |

[illegible]

| | |
|---|---|
| [illegible] | [illegible] |
| [illegible] | [illegible] |

[illegible]

| | |
|---|---|
| [illegible] | [illegible] |

[illegible] | [illegible]

By: [signature] | By: [signature]

Name: [illegible] | Name: [illegible]

Title: [illegible] | Title: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | PERCENT OF COST | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | PERCENT OF COST |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Newgistics, Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Newgistics, Inc., under Equipment Supplement Number [illegible] dated as of May [illegible], 2020, to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible], between Lessor and Newgistics, Inc., the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Eurosort, Inc.

| QTY | MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | SINGLE SPLIT TRAY BOMB BAY PARCEL SORTER WITH MANUAL INDUCTION | |
| 1 | | INSTALLATION | |
| 1 | | SHIPPING | |

ORIGINAL INSTALLATION SITE: 3725 Royal South Parkway, Atlanta, GA 30349

DATE ACCEPTED: ______________________

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[illegible signature]
Inspector and Authorized Representative of
Newgistics, Inc.
[illegible], Executive Vice President and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

Addendum Number 1 ("Addendum") to the Equipment Supplement Number 23 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 3, 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – CONVEYOR MACHINERY

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessor shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cutting, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, belts, fans, frames, stands, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Lease until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

Lessee: Newgistics, Inc.

By: [signature]

Name: Stanley J. Sutula III

Title: Executive Vice President and Chief Financial Officer

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 460 of 1807 PageID #:550

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Addendum Number 2 dated May 4, 2020**
**to**
**Equipment Supplement Number 33 dated May 4, 2020 ("Equipment Supplement")**
**between**
**Newgistics, Inc., Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 25% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, exercise its Option to Renew as follows:

12 Months 90% of the Monthly Rent Payment
24 Months 75% of the Monthly Rent Payment

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of
[illegible]

**Lessor:**

**Trilogy Leasing Co., LLC**

By: [illegible]

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

**Lessee:**

**Newgistics, Inc.**

By: [illegible]

Name: Stanley J. Sutula III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number [illegible] dated [illegible] ("Addendum")**
**to**
**Equipment Supplement Number [illegible] ("Equipment Supplement")**
**to**
**Trilogy Leasing Co., LLC ("Lessor") and [illegible] ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated [illegible] ("Master Lease")**
**between**
**Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement, (ii) the vendor invoice, and (iii) proof of payment by Lessee of the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30133084

FILED DATE: 11/8/2024 2:39 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2024L012540 |
| v. | ) | No. ______________ |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



4. PROGRESS PAYMENT IV

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

5. PROGRESS PAYMENT V

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment V of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment IV to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

6. PROGRESS PAYMENT VI (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment VI of $[illegible] will be paid by Lessor within twenty (20) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment V to this Equipment Supplement, (iii) an acknowledgement releasing any and all interest of Lessee in the Equipment for which Lessor has reimbursed Lessee, and (iv) the vendor invoice.

7. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefor, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever; (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever; or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



8. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

Lessee: Navigistics, Inc.

By: [illegible]

Name: [illegible]

Title: Executive Vice President and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June [illegible], 2020

RE: Equipment Supplement Number 23 dated May 4, 2020

The undersigned hereby certifies that the Progress Payment 1 of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: Newgistics, Inc.

Wire Information:

JPMorgan Chase Bank, N.A.
4 New York Plaza, Floor 15
New York, NY 10004

ABA#: 021000021

Account Name: Newgistics, Inc.

Account Number: [illegible]

Lessee: Newgistics, Inc.

By: [illegible]

Name: Stanley J. [illegible] III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated April 1, 2021 ("Amendment")**
**to**
**Equipment Supplement Number 23 dated as of May 4, 2020 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessee and Lessor, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. Provided no Event of Default has occurred and is continuing under the Master Lease and this Equipment Supplement, effective upon the Commencement Date the equipment listed below (designated as the "Additional Equipment") shall be added to the Equipment Supplement and the Periodic Rent payable under the Equipment Supplement shall be changed from [illegible] to [illegible], exclusive of applicable taxes. The purchase price shall be changed from $4,615,500 to $4,646,600. Lessee agrees that the Additional Equipment has been delivered to, inspected and accepted by Lessee for all purposes in accordance with the terms of the Master Lease and the Equipment Supplement, and is suitable for its purposes.

**Additional Equipment:**

| QTY | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|
| 20 | DROP CHUTES | $31,100.00 |

2. The Commencement Date is changed from November 1, 2020, to April 1, 2021.

3. The First Periodic Rent Payment Date is changed from November 1, 2020, to April 1, 2021.

4. The Last Periodic Rent Payment Date is changed from October 1, 2027, to March 1, 2028.

5. The Expiration Date is changed from October 31, 2027, to March 31, 2028.

6. Effective upon the Commencement Date, the Casualty Values are changed as follows: See Exhibit A attached hereto and made a part hereof.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Amendment Number 1 to
Equipment Supplement Number 23
Page 1 of 1

ADDITIONAL PROVISIONS

The supplier of the Equipment covered by the Equipment Supplement is [illegible], Inc. ("Supplier"). The purchase price of the Equipment is $[illegible]. Lessee represents that it has previously made deposits for the Equipment to the Supplier in the total amount of $[illegible] (the "Lessee Deposits"). Lessor has paid the balance of the purchase in the amount of $[illegible] to the Supplier. This will confirm that in consideration of Lessee entering into the Equipment Supplement, Lessor has agreed to reimburse Lessee for the Lessee Deposits.

Upon reimbursement by Lessor to Lessee of the Lessee Deposits, Lessor is and will become the absolute owner of the Equipment free and clear of all liens claims and encumbrances except for the leasehold interest of Lessee under the Equipment Supplement to the Master Lease.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement and Lessee's obligations there under are and shall remain in full force and effect.

Accepted and agreed to as of 6/28/2021

| | |
|---|---|
| Pitney Bowes Global Logistics LLC | Trilogy Leasing Co., LLC |
| Lessee | Lessor |
| By: Peter Pancarella | By: Jeffrey A. Lichtenthal |
| Name: Peter Pancarella | Name: Jeffrey A. Lichtenthal |
| Title: Vice President of Procurement and Global Finance Services | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

**Exhibit A to Amendment Number 1 dated April 1, 2021**

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | PERCENTAGE OF COST | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | PERCENTAGE OF COST |
|---|---|---|---|---|---|
| 1 | [illegible] | [illegible] | 43 | [illegible] | [illegible] |
| 2 | [illegible] | [illegible] | 44 | [illegible] | [illegible] |
| 3 | [illegible] | [illegible] | 45 | [illegible] | [illegible] |
| 4 | [illegible] | [illegible] | 46 | [illegible] | [illegible] |
| 5 | [illegible] | [illegible] | 47 | [illegible] | [illegible] |
| 6 | [illegible] | [illegible] | 48 | [illegible] | [illegible] |
| 7 | [illegible] | [illegible] | 49 | [illegible] | [illegible] |
| 8 | [illegible] | [illegible] | 50 | [illegible] | [illegible] |
| 9 | [illegible] | [illegible] | 51 | [illegible] | [illegible] |
| 10 | [illegible] | [illegible] | 52 | [illegible] | [illegible] |
| 11 | [illegible] | [illegible] | 53 | [illegible] | [illegible] |
| 12 | [illegible] | [illegible] | 54 | [illegible] | [illegible] |
| 13 | [illegible] | [illegible] | 55 | [illegible] | [illegible] |
| 14 | [illegible] | [illegible] | 56 | [illegible] | [illegible] |
| 15 | [illegible] | [illegible] | 57 | [illegible] | [illegible] |
| 16 | [illegible] | [illegible] | 58 | [illegible] | [illegible] |
| 17 | [illegible] | [illegible] | 59 | [illegible] | [illegible] |
| 18 | [illegible] | [illegible] | 60 | [illegible] | [illegible] |
| 19 | [illegible] | [illegible] | 61 | [illegible] | [illegible] |
| 20 | [illegible] | [illegible] | 62 | [illegible] | [illegible] |
| 21 | [illegible] | [illegible] | 63 | [illegible] | [illegible] |
| 22 | [illegible] | [illegible] | 64 | [illegible] | [illegible] |
| 23 | [illegible] | [illegible] | 65 | [illegible] | [illegible] |
| 24 | [illegible] | [illegible] | 66 | [illegible] | [illegible] |
| 25 | [illegible] | [illegible] | 67 | [illegible] | [illegible] |
| 26 | [illegible] | [illegible] | 68 | [illegible] | [illegible] |
| 27 | [illegible] | [illegible] | 69 | [illegible] | [illegible] |
| 28 | [illegible] | [illegible] | 70 | [illegible] | [illegible] |
| 29 | [illegible] | [illegible] | 71 | [illegible] | [illegible] |
| 30 | [illegible] | [illegible] | 72 | [illegible] | [illegible] |
| 31 | [illegible] | [illegible] | 73 | [illegible] | [illegible] |
| 32 | [illegible] | [illegible] | 74 | [illegible] | [illegible] |
| 33 | [illegible] | [illegible] | 75 | [illegible] | [illegible] |
| 34 | [illegible] | [illegible] | 76 | [illegible] | [illegible] |
| 35 | [illegible] | [illegible] | 77 | [illegible] | [illegible] |
| 36 | [illegible] | [illegible] | 78 | [illegible] | [illegible] |
| 37 | [illegible] | [illegible] | 79 | [illegible] | [illegible] |
| 38 | [illegible] | [illegible] | 80 | [illegible] | [illegible] |
| 39 | [illegible] | [illegible] | 81 | [illegible] | [illegible] |
| 40 | [illegible] | [illegible] | 82 | [illegible] | [illegible] |
| 41 | [illegible] | [illegible] | 83 | [illegible] | [illegible] |
| 42 | [illegible] | [illegible] | 84 | [illegible] | [illegible] |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 28 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc., or any of its subsidiaries or affiliates. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Equipment Supplement at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations but not less than annually. Printing units, if applicable, should be broken down and the oil changed annually. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, blades or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, or computers with screen burn, if applicable, shall be replaced. Scratched or cracked lenses shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessor shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. All ink spillage will be removed. Any process fluids and hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



and able to perform its required tasks effectively, including but not limited to any heating requirements, cutting, binding, adhesion and temperature requirements. All electronic, hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, belts, fans, frames, stands, pins, screws, cutters, knives and blades, clamps, floor coverings, shall be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Presort Services, LLC | Lessor: Trilogy Leasing Co., LLC |
| By: Ana Chadwick | By: Jeffrey A. Lieberthal |
| Name: Ana Maria Chadwick | Name: Jeffrey A. Lieberthal |
| Title: Executive Vice President and Chief Financial Officer | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign Envelope ID: [illegible]

Trilogy Leasing Co., LLC

Counterpart No. ___ of ___ serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**Addendum Number 2 dated October 12, 2021**
**to**
**Equipment Supplement Number 28 dated October 11, 2021 ("Equipment Supplement")**
**between**
**Pitney Bowes Presort Services, LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 3, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 15% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of 10/12/2021

Lessee: Pitney Bowes Presort Services, LLC

By: *Ana Chadwick*

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: *Jeffrey A. Lichenthal*

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

DocuSign Envelope ID: [illegible]


FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

**Addendum Number 3 dated October 13, 2021 ("Addendum") to
Equipment Supplement Number 18 ("Equipment Supplement") to
Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee")
Pursuant to the Master Equipment Lease Agreement dated November 3, 1999 ("Master Lease")
between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $177,933.00 will be paid by Lessor within seven (7) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .000317 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $237,230.00 will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .000317 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $177,922.00 will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment III to this Equipment Supplement, and (iii) the vendor invoice.

4. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee to and in the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



5. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Presort Services, LLC

By: ______________________

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 28 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment 8 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
[illegible] North Crescent Drive
Beverly Hills, CA [illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT E
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 20 dated October 13, 2021

The undersigned hereby certifies that the Progress Payment E of $237,250.40 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
360 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 28 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment III of $177,932.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
500 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of October 13, 2023**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of October 13, 2023, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Presort Services, LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a mail sorter (the "Equipment") manufactured by Vantage ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by February 1, 2023, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating, order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

Docusign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Nevada

Original Installation Site: Silver State Commerce Center, [illegible] Las Vegas, NV [illegible]

EQUIPMENT

MANUFACTURER: Vantage

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | [illegible] | VANTAGE MAIL SORTER [illegible] | $[illegible] |
| 1 | [illegible] | FEEDER, HI SPEED LETTER | $0.00 |
| 1 | [illegible] | VANTAGE ADDT'L WORKSTATION MONITOR | $0.00 |
| 1 | [illegible] | BASE TRANSPORT [illegible] | $0.00 |
| 1 | [illegible] | MTS LED MARQUEE | $0.00 |
| 1 | [illegible] | MTS STACKER, [illegible], 4 TIER | $0.00 |
| 1 | [illegible] | [illegible] ONLY | $0.00 |
| 1 | [illegible] | PORTAL PLUS [illegible] ENHANCED [illegible] | $0.00 |
| 1 | [illegible] | [illegible] | $0.00 |
| | | | $[illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana-Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of October 1[illegible], 202[illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | February 1, 202[illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | January 1, 20[illegible] |
| Expiration Date: | January 31, 20[illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER 28 dated as of October 12, 2023**

**CASUALTY VALUES**
**STATED as a PERCENTAGE OF MANUFACTURER'S INVOICE COST**

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

Lessee: Piñon Ranch Power Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Presort Services, LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Presort Services, LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of October [illegible], 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Vantage

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | VANTAGE MAIL SORTER [illegible] | |
| 1 | [illegible] | FEEDER, HI SPEED LIFTER | |
| 1 | [illegible] | VANTAGE ADDT'L WORKSTATION MONITOR | |
| 1 | [illegible] | BASE TRANS/SHORT 1 UNIT | |
| 1 | [illegible] | MTS LOW MARQUEE | |
| 1 | [illegible] | MTS STACKER, [illegible], 4 TIER | |
| 1 | [illegible] | IPW WARR ONLY | |
| 1 | [illegible] | PORTAL PLUS [illegible] ENHANCED WARR | |
| 1 | [illegible] | ANN LIC PER WARR LIS | |

Original Installation Site: Silver State Commerce Center, 4380 North 5th Street, Las Vegas, NV 89030

Place Accepted: Silver State Commerce Center, 4380 North 5th Street, Las Vegas, NV 89030

DATE ACCEPTED: February 1, 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]/2021

[illegible signature]
Inspector and Authorized Representative of
Pitney Bowes Presort Services, LLC
Ann Marie Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

## Signer Events | Signature | Timestamp

Electronic Record and Signature Disclosure

Electronic Record and Signature Disclosure

Electronic Record and Signature Disclosure

Electronic Record and Signature Disclosure

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT I
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 28 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment I of $177,922.80 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: January 24, 2022

RE: Equipment Supplement Number 28 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment II of $237,250.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

[illegible]
By: Ana Chadwick
[illegible]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: February 4, 2022

RE: Equipment Supplement Number 28 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment III of $177,932.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-[illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 29 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc., or any of its subsidiaries or affiliates. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Equipment Supplement at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations but not less than annually. Printing units, if applicable, should be broken down and the oil changed annually. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, modification, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, blades or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, or computers with screen burn, if applicable, shall be replaced. Scratched or cracked lenses shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. All ink spillage will be removed. Any process fluids and hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



and able to perform its required tasks effectively, including but not limited to any heating requirements, cutting, binding, adhesion and temperature requirements. All electronic, hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, belts, fans, frames, stands, pins, screws, cutters, knives and blades, clamps, floor coverings, shall be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Presort Services, LLC | Lessor: Trilogy Leasing Co., LLC |
| By: | By: |
| Name: Ana Maria Chadwick | Name: Jeffrey A. Lieberthal |
| Title: Executive Vice President and Chief Financial Officer | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Addendum Number 2 dated October 12, 2021**
**to**
**Equipment Supplement Number 29 dated October 11, 2021 ("Equipment Supplement")**
**between**
**Pitney Bowes Presort Services, LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 3, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 15% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of 10/12/2021

| | |
|---|---|
| Lessee: Pitney Bowes Presort Services, LLC | Lessor: Trilogy Leasing Co., LLC |
| By: Ana Chadwick | By: Jeffrey A. Lieberthal |
| Name: Ana Maria Chadwick | Name: Jeffrey A. Lieberthal |
| Title: Executive Vice President and Chief Financial Officer | Title: President and Chief Executive Officer |

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 506 of 1807 PageID #:596

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number [illegible] dated [illegible] ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated [illegible] ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within [illegible] days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .000317 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within [illegible] days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .000317 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment III to this Equipment Supplement, and (iii) the vendor invoice.

4. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



5. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessee and Lessor), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Presort Services, LLC

By: ______________________

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 29 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment 8 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-[illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT E
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 29 dated October 13, 2021

The undersigned hereby certifies that the Progress Payment II of $237,250.40 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
360 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

By: ______________________

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 29 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment III of $177,832.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of October 13, 2021**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of October 13, 2021, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Presort Services, LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November [illegible], 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a mail sorter (the "Equipment") manufactured by Vantage ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by February 1, 2022, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating, order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of October [illegible], 2021, to Master Equipment Lease Agreement Number [illegible] dated as of November 1, [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Nevada

Original Installation Site: Silver State Commerce Center, [illegible] North [illegible] Street, Las Vegas, NV [illegible]

## EQUIPMENT

MANUFACTURER: Vantage

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | [illegible] | VANTAGE MAIL SORTER [illegible] MT BCR | [illegible] |
| 1 | [illegible] | FEEDER, HI SPEED LETTER | $0.00 |
| 1 | [illegible] | VANTAGE ADDTL WORKSTATION MONITOR | $0.00 |
| 1 | [illegible] | BASE TRANS SHORT 1 VERT | $0.00 |
| 1 | [illegible] | WTS LDL MARQUEE | $0.00 |
| 1 | [illegible] | WTS STACKER, LDL, [illegible], 4 TIER | $0.00 |
| 1 | [illegible] | [illegible] ONLY | $0.00 |
| 1 | [illegible] | PORTAL PLUS [illegible] ENHANCED [illegible] | $0.00 |
| 1 | [illegible] | ANN LIC PER [illegible] | $0.00 |
| | | | [illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of October [illegible], [illegible]

**PAYMENT DATES**

First Periodic Rent Payment Date: February 1, [illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: January 1, [illegible]

Expiration Date: January 31, [illegible]

**LEASE RATE FACTORS**

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

**RENT PAYMENT**

Monthly Rent Payment: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE [illegible]

EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible]

[illegible]

[illegible]

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

Lessee: [illegible]

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Presort Services, LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Presort Services, LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of October [illegible], 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Vantage

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | VANTAGE MAIL SORTER [illegible] | |
| 1 | [illegible] | FEEDER, HI SPEED LIFTER | |
| 1 | [illegible] | VANTAGE ADDT'L WORKSTATION MONITOR | |
| 1 | [illegible] | BASE TRANSPORT 1 UNIT | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | MTS STACKER, [illegible], 4 TIER | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] ENHANCED [illegible] | |
| 1 | [illegible] | ANN LIC FEE [illegible] | |

Original Installation Site: Silver State Commerce Center, [illegible] North [illegible] Street, Las Vegas, NV [illegible]

Place Accepted: Silver State Commerce Center, [illegible] North [illegible] Street, Las Vegas, NV [illegible]

DATE ACCEPTED: February 1, 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]
Inspector and Authorized Representative of
Pitney Bowes Presort Services, LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Subject: Please DocuSign: [illegible]
Source Envelope:
Document Pages: [illegible] | Signatures: [illegible]
Certificate Pages: [illegible] | Initials: [illegible]
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-05:00) Eastern Time (US & Canada)

Status: Completed

Envelope Originator:
[illegible]

## Record Tracking

Status: Original
[illegible]

Holder: [illegible]
[illegible]

Location: DocuSign

## Signer Events | Signature | Timestamp

[illegible]
[illegible]
Security Level: Email, Account Authentication (None)

Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
[illegible]
Security Level: Email, Account Authentication (None)

Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
[illegible]
Security Level: Email, Account Authentication (None)

Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
Security Level: Email, Account Authentication (None)

Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT I
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 29 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment # of $177,922.80 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4875

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: February 1, 2022

RE: Equipment Supplement Number 29 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment II of $237,250.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
500 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: February 1, 2022

RE: Equipment Supplement Number 29 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment III of $177,932.80 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
360 North Crescent Drive
Beverly Hills, CA 90210-4879

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 30 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc., or any of its subsidiaries or affiliates, ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Equipment Supplement at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations but not less than annually. Printing units, if applicable, should be broken down and the oil changed annually. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, blades or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, or computers with screen burn, if applicable, shall be replaced. Scratched or cracked lenses shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. All ink spillage will be removed. Any process fluids and hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



and able to perform its required tasks effectively, including but not limited to any heating requirements, cutting, binding, adhesion and temperature requirements. All electronic, hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, belts, fans, frames, stands, pins, screws, cutters, knives and blades, clamps, floor coverings, shall be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichenthal

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**Addendum Number 2 dated October 12, 2021**
**to**
**Equipment Supplement Number 38 dated October 12, 2021 ("Equipment Supplement")**
**between**
**Pitney Bowes Presort Services, LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 3, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 15% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of 10/12/2021

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

DocuSign Envelope ID:


FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number 3 dated October 13, 2021 ("Addendum") to**
**Equipment Supplement Number 38 ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November 5, 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $177,552.80 will be paid by Lessor within seven (7) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .000517 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $237,250.80 will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .000517 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $177,552.80 will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment III to this Equipment Supplement, and (iii) the vendor invoice.

4. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



5. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October [illegible], 2021

RE: Equipment Supplement Number 30 dated October [illegible], 2021

The undersigned hereby certifies that the Progress Payment # of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA [illegible]

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ______________________

RE: Equipment Supplement Number 50 dated October 13, 2021

The undersigned hereby certifies that the Progress Payment II of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
360 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 30 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment III of $177,932.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
500 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of October 13, 2021**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of October 13, 2021, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Presort Services, LLC, pursuant to Master Equipment Lease Agreement Number PB-[illegible] dated as of November [illegible], 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee a [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit I attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating, order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of October [illegible], 2021, to Master Equipment Lease Agreement Number [illegible] dated as of November 1, [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Nevada

Original Installation Site: Silver State Commerce Center, [illegible], Las Vegas, NV [illegible]

## EQUIPMENT

MANUFACTURER: Vantage

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | [illegible] | VANTAGE MAIL SORTER [illegible] | [illegible] |
| 1 | [illegible] | FEEDER, HI SPEED LETTER | $0.00 |
| 1 | [illegible] | VANTAGE ADDT'L WORKSTATION MONITOR | $0.00 |
| 1 | [illegible] | BASE TRANS SHORT 1 UNIT | $0.00 |
| 1 | [illegible] | WTS LED MARQUEE | $0.00 |
| 1 | [illegible] | WTS STACKER, LED, [illegible], 4 TIER | $0.00 |
| 1 | [illegible] | [illegible] ONLY | $0.00 |
| 1 | [illegible] | PORTAL PLUS [illegible] | $0.00 |
| 1 | [illegible] | ANN LIC FEE [illegible] | $0.00 |
| | | | [illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | [illegible] |
| Expiration Date: | [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Lessee: Pinny Brown Funeral Services, LLC
By: [signature]
Name: Ana Maria Chadwick
Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: Jeffrey A. Lieberthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of October [illegible], 2023**

**CASUALTY VALUES**
**(STATED AS A PERCENTAGE OF MANUFACTURER'S INVOICE COST)**

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Presort Services, LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Presort Services, LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of October 13, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Vantage

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | VANTAGE MAIL SORTER [illegible] | |
| 1 | [illegible] | FEEDER, HI SPEED LIFTER | |
| 1 | [illegible] | VANTAGE ADDT'L WORKSTATION MONITOR | |
| 1 | [illegible] | BASE TRANS/INSERT 1 UNIT | |
| 1 | [illegible] | MTS CONT MARQUEE | |
| 1 | [illegible] | MTS STACKER, [illegible], 4 TIER | |
| 1 | [illegible] | SPR WARCH ONLY | |
| 1 | [illegible] | PORTAL PLUS [illegible] ENHANCED WARCH | |
| 1 | [illegible] | ANN LIC FEE WARCH LIS | |

Original Installation Site: Silver State Commerce Center, [illegible] North 5th Street, Las Vegas, NV [illegible]

Place Accepted: Silver State Commerce Center, [illegible] North 5th Street, Las Vegas, NV [illegible]

DATE ACCEPTED: February 1, 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 10/13/2021

[signature]
Inspector and Authorized Representative of
Pitney Bowes Presort Services, LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

Status: Completed

## Record Tracking

Status: Original [illegible]

Holder: [illegible]

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

**Electronic Record and Signature Disclosure:**
[illegible]

[illegible]

**Electronic Record and Signature Disclosure:**
[illegible]

[illegible]

**Electronic Record and Signature Disclosure:**
[illegible]

[illegible]

**Electronic Record and Signature Disclosure:**
[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 22, 2021

RE: Equipment Supplement Number 30 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment 8 of $177,922.80 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: February 11, 2022

RE: Equipment Supplement Number 50 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment II of $237,250.00 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: 385017920254
Routing Number: 011900571

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: February 16, 2022

RE: Equipment Supplement Number 59 dated October 12, 2021

The undersigned hereby certifies that the Progress Payment III of $177,932.80 requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: DMT Solutions Global Corporation
300 North Crescent Drive
Beverly Hills, CA 90210-4874

Electronic Payment Instructions:
Company Name: DMT Solutions Global Corporation
Bank Name: Bank of America, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Ana Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Supplements 31 - 40

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 11 (the "Equipment Supplement") to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] by and between Trilogy Leasing Co., LLC ("Lessor") and [illegible] ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner supported by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

Lessee: [illegible]

By: [illegible]

Name: [illegible]

Title: [illegible]

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: [illegible]

Title: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August 3, 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August 3, 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999 ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Docusign Envelope ID: [illegible]


FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 32 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and [illegible], Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $3.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Novaglobics, Inc. | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Scott Road | Name: Jeffrey A. Lieberthal |
| Title: Vice President Client Strategy & Sales Operations | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August [illegible], 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August [illegible], 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], 2024, to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between [illegible] Inc., and Trilogy Leasing Co., LLC.

State of Original Location: Nevada

Original Installation Site: [illegible], NV [illegible]

**EQUIPMENT**

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 2 | [illegible] | [illegible] CAPACITY, 3 WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] | [illegible] |
| 2 | [illegible] | V-FORCE LITHIUM BATTERY | $0.00 | $0.00 |
| 2 | [illegible] | V-FORCE LITHIUM CHARGER | $0.00 | $0.00 |
| | | | | **[illegible]** |

[illegible], Inc.
Lessee

By: [signature]

Name: [illegible]

Title: Vice President [illegible] & Sales Operations

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE [illegible]

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of August [illegible], 20[illegible]

PAYMENT DATES

First Periodic Rent Payment Date: February 1, 20[illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: January 1, 20[illegible]

Expiration Date: January 31, 20[illegible]

LEASE RATE FACTORS

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

RENT PAYMENT

Monthly Rent Payment: $[illegible]

[illegible], Inc.
Lessee

By: [signature]

Name: Scott Reed

Title: Vice President Client Strategy & Sales Operations

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichtenfeld

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
| --- | --- | --- | --- |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Nexogistics, Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Nexogistics, Inc., under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of August 1, 2020, to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible], between Lessor and Nexogistics, Inc., the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | |
| 1 | [illegible] | V FORCE 11 LITHIUM BATTERY | |
| 1 | [illegible] | V FORCE 11 LITHIUM CHARGER | |

ORIGINAL INSTALLATION SITE: 50 Isidor Court, Suite 150, Sparks, NV 89441

DATE ACCEPTED: February 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 8/11/2020

Signature and Authorized Representative of
Nexogistics, Inc.
Scott Reed, Vice President Client Strategy &
Sales Operations

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number [illegible] (the "Equipment Supplement") to Master Equipment Lease Agreement Number [illegible] dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and [illegible], Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner supported by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30133084

FILED DATE: 11/8/2024 2:39 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2024L012540 |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August [illegible], 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August [illegible], 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible] ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, [illegible] and accessions now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August [illegible], 2020**

**PAYMENT DATES**

First Periodic Rent Payment Date: February 1, [illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: January 1, [illegible]

Expiration Date: January [illegible], [illegible]

**LEASE RATE FACTORS**

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

**RENT PAYMENT**

Monthly Rent Payment: [illegible]

[illegible], Inc.
Lessee

By: [signature]

Name: [illegible]

Title: Vice President [illegible]

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of [illegible], Inc. ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of [illegible], Inc., under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and [illegible], Inc., the following Items of Equipment:

EQUIPMENT

MANUFACTURER: [illegible]

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | [illegible] LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | |
| 1 | [illegible] | [illegible] BATTERY | |
| 1 | [illegible] | [illegible] CHARGER | |

ORIGINAL INSTALLATION SITE: [illegible]

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[illegible]
Inspector and Authorized Representative of
[illegible], Inc.
[illegible], Vice President [illegible]
[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of August [illegible], 2020, to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], 1999, between Lessor and Pitney Bowes Global Logistics LLC, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | SC5245-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERY | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGER | [illegible] |

ORIGINAL INSTALLATION SITE: [illegible] Boulevard, Monroe Township, NJ [illegible]

DATE ACCEPTED: March 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]/2021

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
[illegible], CFO Global Ecommerce

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number [illegible] (the "Equipment Supplement") to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] by and between Trilogy Leasing Co., LLC ("Lessor") and [illegible], Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner supported by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER 34**
**Dated as of August 5, 2020**

**between**

**Navigistics, Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August 5, 2020, between Navigistics, Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Navigistics, Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 2, 1999 ("the Master Lease") between Lessor and [illegible] Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 7 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 15 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by February 1, 2021, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit C attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 19 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of [illegible]

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | [illegible] |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | [illegible] |
| Expiration Date: | [illegible] |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment | [illegible] |

[illegible]
Lessee

By: [signature]

Name: [illegible]

Title: [illegible]

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

Amendment Number 1 dated July 21, 2021 ("Amendment")
to
Equipment Supplement Number 34 dated as of August 5, 2020 ("Equipment Supplement")
between
Pitney Bowes Global Logistics LLC, Lessee
and
Trilogy Leasing Co., LLC, Lessor

Pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

1. Effective upon the Commencement Date the location of the Original Installation Site is changed from 305 Butterfly Commons Drive, York, PA 17402 to 15 Leonard Street, Suite A, Norton, MA 02766.
2. The Commencement Date is changed from February 1, 2021, to August 1, 2021.
3. The First Periodic Rent Payment Date is changed from February 1, 2021, to August 1, 2021.
4. The Last Periodic Rent Payment Date is changed from January 1, 2026, to July 1, 2026.
5. The Expiration Date is changed from January 31, 2026, to July 31, 2026.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to: 7/24/2021

Subject Matter Expert (SME): Matthew Mashatka
Approved: M.M.
03/4/10/21

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 34

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER 34 Dated as of August 1, 2020, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | SC5245-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM BATTERY | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM CHARGER | [illegible] |

ORIGINAL INSTALLATION SITE: 15 Leonard Street, Suite A, Norton, MA 02766

DATE ACCEPTED: August 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 8/9/2021

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Rand, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Status: Completed
Subject: Please DocuSign: [illegible]
Source Envelope:
Document Pages: [illegible]
Signatures: [illegible]
Certificate Pages: [illegible]
Initials: [illegible]
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: [illegible]

Envelope Originator:
[illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] | Location: DocuSign |

## Signer Events

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| [illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | [illegible]<br>Signature Adoption: Drawn on Device<br>Using IP Address: [illegible] | Sent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| [illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | [illegible]<br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:39 PM 2024L012540

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[redacted]

[redacted]

[redacted]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 35 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PR-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Novapoints, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Newgistics, Inc.

By: ______________________

Name: Scott Reed

Title: Vice President Client Strategy & Sales Operations

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest can be created through the transfer or possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August 3, 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August 3, 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessor shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 13 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 28 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PR-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Newgistics, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warned uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August [illegible], 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August [illegible], 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of August [illegible], 20[illegible]

PAYMENT DATES

First Periodic Rent Payment Date: [illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: [illegible]

Expiration Date: [illegible]

LEASE RATE FACTORS

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

RENT PAYMENT

Monthly Rent Payment: [illegible]

[illegible], Inc.
Lessee

By: ______________________

Name: Scott Reed

Title: Vice President Client Strategy & Sales Operations

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichtenfeld

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 37 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PR-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Newpistics, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 1 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 17**
**Dated as of August 3, 2020**

**between**

**Navigables, Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August 3, 2020, between Navigables, Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Navigables, Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999 ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby, by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee <u>[illegible]</u> (the "Equipment") manufactured by <u>Lessee</u> ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by <u>February 1, 2021</u>, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 15 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: [illegible] | | Status: Completed |
| Subject: Please DocuSign: [illegible] | | |
| Source Envelope: | | |
| Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: |
| Certificate Pages: [illegible] | Initials: [illegible] | [illegible] |
| AutoNav: Enabled | | [illegible] |
| EnvelopeId Stamping: Enabled | | [illegible] |
| Time Zone: (UTC-05:00) Eastern Time (US & Canada) | | [illegible] |
| | | [illegible] |
| | | IP Address: [illegible] |

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 38 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PR-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Newgistics, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer or possession of any counterpart other than Counterpart No. 1.

EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of August 3, 2020

between

[illegible], Inc., Lessee

and

Trilogy Leasing Co., LLC, Lessor

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August 3, 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

WITNESSETH

1. This Equipment Supplement has been entered into by Lessee and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999 ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit I attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 15 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of August [illegible], [illegible]

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | February 1, [illegible] |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | January 1, [illegible] |
| Expiration Date: | January 31, [illegible] |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

[illegible], Inc.
Lessee

By: [signature]

Name: [illegible]

Title: Vice President Client Strategy & Sales Operations

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] Status: Completed

Subject: Please DocuSign: [illegible]

Source Envelope:

Document Pages: [illegible] Signatures: [illegible] Envelope Originator:

Certificate Pages: [illegible] Initials: [illegible] [illegible]

AutoNav: Enabled

EnvelopeId Stamping: Enabled

Time Zone: [illegible]

IP Address: [illegible]

## Record Tracking

Status: Original Holder: [illegible] Location: DocuSign

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] Security Level: Email, Account Authentication (None) |  Signature Adoption: Pre-selected Style Using IP Address: [illegible] | Sent: [illegible] Resent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |
| [illegible] Security Level: Email, Account Authentication (None) |  Signature Adoption: Drawn on Device Using IP Address: [illegible] | Sent: [illegible] Resent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |
| [illegible] Security Level: Email, Account Authentication (None) |  Signature Adoption: Uploaded Signature Image Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 39 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PR-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Nexgistics, Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner supported by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August [illegible], 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August [illegible], 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule [illegible] hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule [illegible].

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number [illegible] (the "Equipment Supplement") to Master Equipment Lease Agreement Number [illegible] dated as of November 2, [illegible] by and between Trilogy Leasing Co., LLC ("Lessor") and [illegible], Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warned uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 3 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $1.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Newgistics, Inc.

By: ______________________

Name: Scott Read

Title: Vice President Client Strategy & Sales Operations

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August [illegible], 2020**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August [illegible], 2020, between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] ("the Master Lease") between Lessor and [illegible], or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of [illegible]

PAYMENT DATES

First Periodic Rent Payment Date: [illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: [illegible]

Expiration Date: [illegible]

LEASE RATE FACTORS

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

RENT PAYMENT

Monthly Rent Payment: [illegible]

[illegible]
Lessee

By: [signature]

Name: [illegible]

Title: Vice President [illegible] & [illegible] Operations

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30133084

FILED DATE: 11/8/2024 2:39 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2024L012540 |
| v. | ) | No. ______________ |
| | ) | |
| PITNEY BOWES, INC., and | ) | |
| PITNEY BOWES PRESORT | ) | |
| SERVICES, LLC | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Supplements 11 - 20

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum Number 1 ("Addendum") to the Equipment Supplement Number 46 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – PACKAGING CONVEYOR MACHINERY

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Conveyor rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to electronics, vacuum pumps, heating and cooling components.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540



Trilogy Leasing Co., LLC

**Addendum Number 2 dated October 22, 2020 ("Addendum")**
**to**
**Equipment Supplement Number 46 ("Equipment Supplement")**
**between Trilogy Leasing Co, LLC ("Lessor") and Synergistics, Inc. ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November 2, 1999 ("Master Lease")**
**between**
**Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $816,082.80 will be paid by Lessor within seven (7) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor Periodic Rent at the Daily Lease Rate Factor of .000117 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The Periodic Rent will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $408,041.40 will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor Periodic Rent at the Daily Lease Rate Factor of .000117 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The Periodic Rent will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $408,041.40 will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor Periodic Rent at the Daily Lease Rate Factor of .000117 from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The Periodic Rent will be due on the first of each month following the date when such Progress Payment is made.

4. PROGRESS PAYMENT IV

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $204,020.70 will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE:

RE: Equipment Supplement Number 46 dated October 22, 2020

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoya North America, Inc.
[illegible] West 95th Street
Naperville, IL 60564
[illegible]

Electronic Payment Instructions:
Company Name: Savoya North America, Inc.
Bank Name: BMO Harris Bank N.A.
503 North Washington Street, 2nd Floor
Naperville, IL [illegible]
Account Number: [illegible]
Routing Number: 071000288

Lessee: Synergistics, Inc.

By: Stanley Sabala

Name: Stanley J. Sabala III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT E
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE:

RE: Equipment Supplement Number 46 dated October 22, 2020

The undersigned hereby certifies that the Progress Payment II of $408,041.40 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Sarcos North America, Inc.
1965 West 95th Street
Naperville, IL 60564
(847) 436-2387

Electronic Payment Instructions:
Company Name: Sarcos North America, Inc.
Bank Name: BMO Harris Bank N.A.
503 North Washington Street, 2nd Floor
Naperville, IL 60563
Account Number: 4835531
Routing Number: 071000288

Lessee: Novaplatics, Inc.

By: Stanley Sabia

Name: Stanley J. Sabia III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE:

RE: Equipment Supplement Number [illegible] dated October 22, 2020

The undersigned hereby certifies that the Progress Payment III of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Sarcos North America, Inc.
[illegible] West [illegible] Street
Naperville, IL 60564
(847) [illegible]

Electronic Payment Instructions:
Company Name: Sarcos North America, Inc.
Bank Name: BMO Harris Bank N.A.
[illegible] North Washington Street, 2nd Floor
Naperville, IL 60563
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Synergetics, Inc.

By: Stanley Sutula

Name: Stanley J. Sutula III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE:

RE: Equipment Supplement Number [illegible] dated October 22, 2020

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Sarcoya North America, Inc.
[illegible] West [illegible] Street
Naperville, IL 60564
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: Sarcoya North America, Inc.
Bank Name: BMO Harris Bank N.A.
[illegible] North Washington Street, 2nd Floor
Naperville, IL 60563
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Synergistics, Inc.

By: Stanley Sabala

Name: Stanley J. Sabala III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE:

RE: Equipment Supplement Number [illegible] dated October 22, 2020

The undersigned hereby certifies that the Progress Payment 'V' of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoya North America, Inc.
[illegible] West [illegible] Street
Naperville, IL 60564
[illegible]

Electronic Payment Instructions:
Company Name: Savoya North America, Inc.
Bank Name: BMO Harris Bank N.A.
[illegible] North Washington Street, 2nd Floor
Naperville, IL 60563
Account Number: [illegible]
Routing Number: 071000288

Lessee: Novoprints, Inc.

By: Stanley Sabala

Name: Stanley J. Sabala III

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. [illegible] of [illegible] serially numbered and manually executed counterparts. To the extent, if any, that this document constitutes chattel paper, no security interest in this document may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of [illegible]**

**between**

**[illegible], Inc., Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of [illegible] between [illegible], Inc. (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and [illegible], Inc., pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessee and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby, by this reference, incorporated herein as full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 15 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of October [illegible], 2020**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | January 1, 2021 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | December 1, 2022 |
| Expiration Date: | December 31, 2022 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] inclusive of New Jersey sales tax |

[illegible], Inc.
Lessee

By: [signature]

Name: Stanley J. Sutula III

Title: Executive Vice President and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichtenfeld

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1 dated April 1, 2021

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

| | | |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:39 PM 2024L012540

## Certificate Of Completion

## Record Tracking

## Signer Events | Signature | Timestamp

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 41 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a sensible manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged.
• Hose reels and hose take up assemblies must not be bent or damaged.
• All safety Equipment, covers and guards, parts, pieces and components must be in-place and operational. The overhead guard cannot be re-welded or damaged in any form.
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings.
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining.
• Radiator and/or cooling system shall be free from leaks, punctures or holes.
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage.
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact.
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of July 1, 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of July 1, 2021, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November [illegible], 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 7 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 14 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by July 1, 2021, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 13 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

Docusign Envelope ID: [illegible]


FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Matthew [illegible]

Approved: [signature] Date: [illegible]

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Massachusetts

Original Installation Site: 15 Leonard Street, Suite A, Norton, MA 02766

**EQUIPMENT**

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | [illegible] | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERIES | [illegible] | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGERS | [illegible] | [illegible] |
| | | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of July 1, 2021**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date | July 1, 2021 |
| Periodic Rent Payment Dates | The first day of each month. |
| First Termination Date | N/A |
| Last Periodic Rent Payment Date | June 1, 2026 |
| Expiration Date | June 30, 2026 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor | [illegible] |
| Periodic Lease Rate Factor | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER 41 dated as of July 1, 2021**

**CASUALTY VALUES**
**(STATED as a PERCENTAGE OF MANUFACTURER'S INVOICE COST)**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $65,706.59 | 31 | $51,387.96 |
| 2 | $65,229.30 | 32 | $50,910.67 |
| 3 | $64,752.01 | 33 | $50,433.38 |
| 4 | $64,274.72 | 34 | $49,956.10 |
| 5 | $63,797.43 | 35 | $49,478.81 |
| 6 | $63,320.15 | 36 | $49,001.52 |
| 7 | $62,842.86 | 37 | $48,524.23 |
| 8 | $62,365.57 | 38 | $48,046.95 |
| 9 | $61,888.28 | 39 | $47,569.66 |
| 10 | $61,411.00 | 40 | $47,092.37 |
| 11 | $60,933.71 | 41 | $46,615.08 |
| 12 | $60,456.42 | 42 | $46,137.80 |
| 13 | $59,979.13 | 43 | $45,660.51 |
| 14 | $59,501.85 | 44 | $45,183.22 |
| 15 | $59,024.56 | 45 | $44,705.93 |
| 16 | $58,547.27 | 46 | $44,228.65 |
| 17 | $58,069.98 | 47 | $43,751.36 |
| 18 | $57,592.70 | 48 | $43,274.07 |
| 19 | $57,115.41 | 49 | $42,796.78 |
| 20 | $56,638.12 | 50 | $42,319.50 |
| 21 | $56,160.83 | 51 | $41,842.21 |
| 22 | $55,683.55 | 52 | $41,364.92 |
| 23 | $55,206.26 | 53 | $40,887.63 |
| 24 | $54,728.97 | 54 | $40,410.35 |
| 25 | $54,251.68 | 55 | $39,933.06 |
| 26 | $53,774.40 | 56 | $39,455.77 |
| 27 | $53,297.11 | 57 | $38,978.48 |
| 28 | $52,819.82 | 58 | $38,501.20 |
| 29 | $52,342.53 | 59 | $38,023.91 |
| 30 | $51,865.25 | 60 | $37,546.62 |

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of July 1, 2021, to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | [illegible] LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | VFORCE [illegible] LITHIUM BATTERIES | [illegible] |
| 1 | [illegible] | VFORCE [illegible] LITHIUM CHARGERS | [illegible] |

ORIGINAL INSTALLATION SITE: 17 Leonard Street, Suite A, Norton, MA 02766

DATE ACCEPTED: July 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Reed, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: [illegible] | | Status: Completed |
| Subject: Please DocuSign: [illegible] | | |
| Source Envelope: | | |
| Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: |
| Certificate Pages: [illegible] | Initials: [illegible] | [illegible] |
| AutoNav: Enabled | | [illegible] |
| Envelopeld Stamping: Enabled | | [illegible] |
| Time Zone: [illegible] Eastern Time (US & Canada) | | [illegible] |
| | | [illegible] |
| | | IP Address: [illegible] |

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible]<br>Signed using mobile | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Drawn on Device<br>Using IP Address: [illegible] | Sent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:39 PM 2024L012540

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 42 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a sensible manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged.
• Hose reels and hose take up assemblies must not be bent or damaged.
• All safety Equipment, covers and guards, parts, pieces and components must be in-place and operational. The overhead guard cannot be re-welded or damaged in any form.
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings.
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining.
• Radiator and/or cooling system shall be free from leaks, punctures or holes.
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage.
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact.
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Scott Read | Name: Jeffrey A. Lieberthal |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of April 1, [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of April 1, [illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by April 1, [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC



5. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Lisa Marquardt

Approved: ______ 8/1/2021

04131339

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Kentucky

Original Installation Site: [illegible] Airport Exchange Boulevard, Suite [illegible], Erlanger, KY [illegible]

## EQUIPMENT

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] | [illegible] |
| [illegible] | [illegible] | V-FORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| [illegible] | [illegible] | V-FORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of April [illegible], [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | March 1, [illegible] |
| Expiration Date: | March 31, [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: ____________________ | By: ____________________ |
| Name: Scott Read | Name: Jeffrey A. Lichtenthal |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of April 1, 2023**

**CASUALTY VALUES**

**[illegible]**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

Lessee: [illegible] Global Logistics LLC

By: ______________________

Name: [illegible]

Title: CFO [illegible] Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of April 1, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 3, 1998, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 2 | [illegible] | [illegible] LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible]<br>[illegible] |
| 2 | [illegible] | V-FORCE LI LITHIUM BATTERIES | [illegible]<br>[illegible] |
| 2 | [illegible] | V-FORCE LI LITHIUM CHARGERS | [illegible]<br>[illegible] |

ORIGINAL INSTALLATION SITE: [illegible] Airport Exchange Boulevard, Suite [illegible], Erlanger, KY [illegible]

DATE ACCEPTED: April 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
[illegible], CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| |  | |
| |  | |
| |  | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[illegible]

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 43 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a sensible manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warned uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer or possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of April [illegible], 20[illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of April [illegible], 20[illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by April 1, 20[illegible], field engineering test and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of April [illegible], [illegible]

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | April 1, [illegible] |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | March 1, [illegible] |
| Expiration Date: | March 31, [illegible] |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Christopher [illegible]

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 49 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications.

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of [illegible]

between

[illegible], Lessee

and

Trilogy Leasing Co., LLC, Lessor

[illegible]

WITNESSETH

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Pitney Bowes Inc., and Trilogy Leasing Co. LLC.

State of Original Location: Indiana

Original Installation Site: [illegible] Collins Road, Greenwood, IN [illegible]

**EQUIPMENT**

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 6 | SP3520-36 | 3,000 LB. CAPACITY, 24 VOLT, STOCKPICKER | [illegible] | [illegible] |
| 6 | [illegible] | VFORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| 6 | [illegible] | VFORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Read

Title: CTO Global Ecommerce

Lessor: Trilogy Leasing Co. LLC

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE [illegible]**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of April 1, [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | April 1, [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | March 1, [illegible] |
| Expiration Date: | March 31, [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC
By: ______________________
Name: Scott Reed
Title: CFO Global Ecommerce

Lessor: Trilogy Leasing Co., LLC
By: ______________________
Name: Jeffrey A. Lieberthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

DocuSign Envelope ID: [illegible]


FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of April 1, 2021, to Master Equipment Lease Agreement Number [illegible] dated as of November 1, [illegible], between Lessor and Pitney Bowes Global Logistics LLC, the following items of Equipment:

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 4 | SP3520-30 | 3,000 LB. CAPACITY, 24 VOLT, STOCKPICKER | [illegible]<br>[illegible]<br>[illegible]<br>[illegible] |
| 4 | [illegible] | V-FORCE LI-LITHIUM BATTERIES | [illegible]<br>[illegible]<br>[illegible]<br>[illegible] |
| 4 | [illegible] | V-FORCE LI-LITHIUM CHARGERS | [illegible]<br>[illegible]<br>[illegible]<br>[illegible] |

ORIGINAL INSTALLATION SITE: [illegible] Collins Road, Greenwood, IN [illegible]

DATE ACCEPTED: April 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 3/30/2021

[signature]
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
[illegible], CPO Global Ecommerce

FILED DATE: 11/8/2024 2:39 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum Number 1 ("Addendum") to the Equipment Supplement Number 45 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – MANUAL TIE BALERS

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, frames or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessor shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully

Docusign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC



rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, conveyors, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cuttings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: [illegible]

Name: Scott Read

Title: Vice President Client Strategy & Sales Operations

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of March 1, [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of March 1, [illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 2 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering [illegible] and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessor shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 13 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

FILED DATE: 11/8/2024 2:39 PM 2024L012540

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30133647

FILED DATE: 11/8/2024 2:56 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _______________ |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[illegible]

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**Amendment Number 1 dated June 28, 2022 ("Amendment")**
**to**
**Equipment Supplement Number 48 dated as of May 24, 2022 ("Equipment Supplement")**
**between**
**Pitney Bowes Presort Services, LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1995 ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessee and Lessor, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. The Commencement Date is changed from July 1, 2022 to August 1, 2022.
2. The First Periodic Rent Payment Date is changed from July 1, 2022 to August 1, 2022.
3. The Last Periodic Rent Payment Date is changed from June 1, 2026 to July 1, 2026.
4. The Expiration Date is changed from June 30, 2026 to July 31, 2026.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to: ______________________

Pitney Bowes Presort Services LLC
Lessee

By: ______________________

Name: Ana-Maria Chadwick

Title: Executive Vice President and
Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichenfeld

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Robert L. Francis

Approval: ______

Finance: Kimberly Judy

Approval: ______ Date: ______________

04/11/2023

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
|---|---|---|

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co. LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**EXHIBIT A TO PO [illegible]**

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | | SHIPPING | [illegible] |
| | | | [illegible] |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated June 28, 2022 ("Amendment")**
**to**
**Equipment Supplement Number 49 dated as of May 24, 2022 ("Equipment Supplement")**
**between**
**Pitney Bowes Presort Services, LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999 ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessee and Lessor, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. The Commencement Date is changed from July 1, 2022 to August 1, 2022.
2. The First Periodic Rent Payment Date is changed from July 1, 2022, to August 1, 2022.
3. The Last Periodic Rent Payment Date is changed from June 1, 2029 to July 1, 2029.
4. The Expiration Date is changed from June 30, 2029 to July 31, 2029.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to: ____________________

Pitney Bowes Presort Services LLC
Lessee

By: ____________________

Name: Ana Maria Chadwick

Title: Executive Vice President and
Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: ____________________

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Robert L. [illegible]

Approval: _____

Finance: [illegible]

Approval: _____ Date: ____________

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed
Subject: [illegible]
Source Envelope:
Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator:
Certificate Pages: [illegible] | Initials: [illegible] | [illegible]
AutoNav: Enabled | | [illegible]
EnvelopeId Stamping: Enabled | | [illegible]
Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | [illegible]
[illegible]
IP Address: [illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |

## Signer Events

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Drawn on Device<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

and

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co. LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co. LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

## Signer Events | Signature | Timestamp

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[redacted]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Supplements 51 - 60

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 52 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer recertify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications.

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



- Hydraulic cylinders must not be bent or gouged;
- Hose reels and hose take up assemblies must not be bent or damaged;
- All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
- The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
- Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
- Radiator and/or cooling system shall be free from leaks, punctures or holes;
- Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
- At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
- Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
- In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: 

Name: Scott Reid

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: 

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of July 1, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of July 1, 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 7 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by July 1, 2023, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 15 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Dan [illegible]

Approved: ______ Date: 7/08/2020

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Florida

Original Installation Site: [illegible], Orlando, FL [illegible]

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | [illegible] | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [illegible]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [illegible]

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540



Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of July 1, [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | July 1, [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | June 1, [illegible] |
| Expiration Date: | June 30, [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

Pitney Bowes Global Logistics LLC
Lessee
By: ______________________
Name: Scott Reed
Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor
By: ______________________
Name: Jeffrey S. Lichtenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible]**

**CASUALTY VALUES**
**[illegible]**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: [illegible]

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 12**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER 12 Dated as of July 1, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | SC5245-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | V-FORCE LI-LITHIUM BATTERIES | [illegible] |
| 1 | [illegible] | V-FORCE LI-LITHIUM CHARGERS | [illegible] |

ORIGINAL INSTALLATION SITE: 2623 Consulate Drive, Building 500, Orlando, FL 32819

DATE ACCEPTED: July 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 8/9/2021

DocuSigned by:

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Read, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Subject: [illegible]
Source Envelope:
Document Pages: [illegible]
Certificate Pages: [illegible]
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-05:00) Eastern Time (US & Canada)

Signatures: [illegible]
Initials: [illegible]

Status: Completed

Envelope Originator:
[illegible]

## Record Tracking

Status: Original
[illegible]

Holder: [illegible]
[illegible]

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | <br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | <br>Signature Adoption: Drawn on Device<br>Using IP Address: [illegible] | Sent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | <br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | [illegible] | [illegible] |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 13 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer recertify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC



- Hydraulic cylinders must not be bent or gouged;
- Hose reels and hose take up assemblies must not be bent or damaged;
- All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
- The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
- Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
- Radiator and/or cooling system shall be free from leaks, punctures or holes;
- Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
- At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
- Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
- In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: | By: |
| Name: Scott Read | Name: Jeffrey A. Lichenthal |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of July 1, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of July 1, 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by July 1, 2023, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 15 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: [illegible]

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approved: ________ Date: [illegible]

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[illegible]

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 15 Dated as of July 1, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Florida

Original Installation Site: 2622 Consulate Drive, Building 500, Orlando, FL 32819

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | SC5245-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | $43,377.70 | $43,377.70 |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | **$43,377.70** |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of July 1, 2021

PAYMENT DATES

First Periodic Rent Payment Date: July 1, 2021

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: June 1, 2026

Expiration Date: June 30, 2026

LEASE RATE FACTORS

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

RENT PAYMENT

Monthly Rent Payment: [illegible]

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lindenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER 13 Dated as of July 8, 2022

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $65,706.59 | 31 | $51,387.96 |
| 2 | $65,229.30 | 32 | $50,910.67 |
| 3 | $64,752.01 | 33 | $50,433.38 |
| 4 | $64,274.72 | 34 | $49,956.10 |
| 5 | $63,797.43 | 35 | $49,478.81 |
| 6 | $63,320.15 | 36 | $49,001.52 |
| 7 | $62,842.86 | 37 | $48,524.23 |
| 8 | $62,365.57 | 38 | $48,046.95 |
| 9 | $61,888.28 | 39 | $47,569.66 |
| 10 | $61,411.00 | 40 | $47,092.37 |
| 11 | $60,933.71 | 41 | $46,615.08 |
| 12 | $60,456.42 | 42 | $46,137.80 |
| 13 | $59,979.13 | 43 | $45,660.51 |
| 14 | $59,501.85 | 44 | $45,183.22 |
| 15 | $59,024.56 | 45 | $44,705.93 |
| 16 | $58,547.27 | 46 | $44,228.65 |
| 17 | $58,069.98 | 47 | $43,751.36 |
| 18 | $57,592.70 | 48 | $43,274.07 |
| 19 | $57,115.41 | 49 | $42,796.78 |
| 20 | $56,638.12 | 50 | $42,319.50 |
| 21 | $56,160.83 | 51 | $41,842.21 |
| 22 | $55,683.55 | 52 | $41,364.92 |
| 23 | $55,206.26 | 53 | $40,887.63 |
| 24 | $54,728.97 | 54 | $40,410.35 |
| 25 | $54,251.68 | 55 | $39,933.06 |
| 26 | $53,774.40 | 56 | $39,455.77 |
| 27 | $53,297.11 | 57 | $38,978.48 |
| 28 | $52,819.82 | 58 | $38,501.20 |
| 29 | $52,342.53 | 59 | $38,023.91 |
| 30 | $51,865.25 | 60 | $37,546.62 |

Pitney Bowes Global Logistics LLC
Lessee
By: ______________________
Name: Scott Read
Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor
By: ______________________
Name: Jeffrey A. Lichtenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 11

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER 11 Dated as of July 1, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1998, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | SC5245-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | V-FORCE LI-LITHIUM BATTERIES | [illegible] |
| 1 | [illegible] | V-FORCE LI-LITHIUM CHARGERS | [illegible] |

ORIGINAL INSTALLATION SITE: 2622 Consulate Drive, Building 500, Orlando, FL 32819

DATE ACCEPTED: July 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 8/6/2021

Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Read, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

Status: Completed

## Record Tracking

| Signer Events | Signature | Timestamp |
|---|---|---|
| |  | |
| |  | |
| |  | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| [illegible] | [illegible] | [illegible] |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 58 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer recertify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC



- Hydraulic cylinders must not be bent or gouged;
- Hose reels and hose take up assemblies must not be bent or damaged;
- All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
- The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
- Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
- Radiator and/or cooling system shall be free from leaks, punctures or holes;
- Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
- At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
- Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
- In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Scott Read | Name: Jeffrey A. Lichenthal |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of July 1, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of July 1, 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible], ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by July 1, 2023, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 13 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approved: ________ Date: [illegible]

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of July [illegible], 2021, to Master Equipment Lease Agreement Number PB-[illegible] dated as of November [illegible], [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Florida

Original Installation Site: [illegible] Orlando, FL [illegible]

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | SC[illegible] | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | $[illegible] | $[illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | $[illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of July 1, 2021

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | July 1, 2021 |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | June 1, 2026 |
| Expiration Date: | June 30, 2026 |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

| | |
|---|---|
| Pitney Bowes Global Logistics LLC<br>Lessee | Trilogy Leasing Co., LLC<br>Lessor |
| By: DocuSigned by: ________________ | By: DocuSigned by: ________________ |
| Name: Scott Reed | Name: Jeffrey A. Lichtenthal |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible]

CASUALTY VALUES

(STATED as a PERCENTAGE OF MANUFACTURER'S INVOICE COST)

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: [illegible]

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | [illegible] LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM BATTERIES | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM CHARGERS | [illegible] |

ORIGINAL INSTALLATION SITE: [illegible] Consulate Drive, Building [illegible], Orlando, FL [illegible]

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Signature and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Reed, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: [illegible] | | Status: Completed |
| Subject: [illegible] | | |
| Source Envelope: | | |
| Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: |
| Certificate Pages: [illegible] | Initials: [illegible] | [illegible] |
| AutoNav: Enabled | | [illegible] |
| EnvelopeId Stamping: Enabled | | [illegible] |
| Time Zone: [illegible] | | [illegible] |
| | | [illegible] |
| | | IP Address: [illegible] |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: [illegible] | Location: DocuSign |
| [illegible] | [illegible] | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Resent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
| --- | --- | --- |

| [illegible] | [illegible] | [illegible] |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| [illegible] | [illegible] | [illegible] |
| --- | --- | --- |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 55 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $1.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By:

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By:

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August 1, [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August 1, [illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by August 1, [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC



5. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified in those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Kevin [illegible]

Approved: ____________ Date: [illegible]

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Ohio

Original Installation Site: [illegible] Road, Building [illegible], Canal Winchester, OH [illegible]

## EQUIPMENT

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | [illegible] | [illegible] LB. CAPACITY, 3 WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] | [illegible] |
| 1 | [illegible] | V-FORCE LI-LITHIUM BATTERIES | $0.00 | $0.00 |
| 1 | [illegible] | V-FORCE LI-LITHIUM CHARGERS | $0.00 | $0.00 |
| 1 | [illegible] | BRACKET AND [illegible] | $0.00 | $0.00 |
| | | | | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August 1, 2023**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date | August 1, 2023 |
| Periodic Rent Payment Dates | The first day of each month. |
| First Termination Date | N/A |
| Last Periodic Rent Payment Date | July 1, 2026 |
| Expiration Date | July 31, 2026 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor | [illegible] |
| Periodic Lease Rate Factor | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee
By: ______________________
Name: Scott Read
Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor
By: ______________________
Name: Jeffrey A. Lieberthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER 35 Dated as of August 1, 2023

CASUALTY VALUES
(STATED AS A PERCENTAGE OF MANUFACTURER'S INVOICE COST)

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $65,706.59 | 31 | $51,387.96 |
| 2 | $65,229.30 | 32 | $50,910.67 |
| 3 | $64,752.01 | 33 | $50,433.38 |
| 4 | $64,274.72 | 34 | $49,956.10 |
| 5 | $63,797.43 | 35 | $49,478.81 |
| 6 | $63,320.15 | 36 | $49,001.52 |
| 7 | $62,842.86 | 37 | $48,524.23 |
| 8 | $62,365.57 | 38 | $48,046.95 |
| 9 | $61,888.28 | 39 | $47,569.66 |
| 10 | $61,411.00 | 40 | $47,092.37 |
| 11 | $60,933.71 | 41 | $46,615.08 |
| 12 | $60,456.42 | 42 | $46,137.80 |
| 13 | $59,979.13 | 43 | $45,660.51 |
| 14 | $59,501.85 | 44 | $45,183.22 |
| 15 | $59,024.56 | 45 | $44,705.93 |
| 16 | $58,547.27 | 46 | $44,228.65 |
| 17 | $58,069.98 | 47 | $43,751.36 |
| 18 | $57,592.70 | 48 | $43,274.07 |
| 19 | $57,115.41 | 49 | $42,796.78 |
| 20 | $56,638.12 | 50 | $42,319.50 |
| 21 | $56,160.83 | 51 | $41,842.21 |
| 22 | $55,683.55 | 52 | $41,364.92 |
| 23 | $55,206.26 | 53 | $40,887.63 |
| 24 | $54,728.97 | 54 | $40,410.35 |
| 25 | $54,251.68 | 55 | $39,933.06 |
| 26 | $53,774.40 | 56 | $39,455.77 |
| 27 | $53,297.11 | 57 | $38,978.48 |
| 28 | $52,819.82 | 58 | $38,501.20 |
| 29 | $52,342.53 | 59 | $38,023.91 |
| 30 | $51,865.25 | 60 | $37,546.62 |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 33**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER 33 Dated as of August 1, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment.

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | 4,000 LB. CAPACITY, 3 WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM BATTERIES | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM CHARGERS | [illegible] |
| 1 | [illegible] | BRACKET AND HD POGO STICK | |

ORIGINAL INSTALLATION SITE: 6111 Bixby Road, Building 4X, Canal Winchester, OH 43110

DATE ACCEPTED: August 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 8/1/2021

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Read, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30133647

FILED DATE: 11/8/2024 2:56 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _______________ |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 56 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $1.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: | By: |
| Name: Scott Read | Name: Jeffrey A. Liebenthal |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 962 of 1807 PageID #:1052

FILED DATE: 11/8/2024 2:56 PM 2024L012540



Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August 1, [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of August 1, [illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-[illegible] dated as of November [illegible], [illegible], ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule I hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by August 1, [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule II hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule II.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule I hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



5. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Kevin Fahy

Approval: [initials] Date: [illegible]

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Ohio

Original Installation Site: [illegible] Road, Building [illegible], Canal Winchester, OH [illegible]

## EQUIPMENT

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | [illegible] | [illegible] LB CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| 1 | [illegible] | VFORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of August 1, [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date | August 1, [illegible] |
| Periodic Rent Payment Dates | The first day of each month. |
| First Termination Date | N/A |
| Last Periodic Rent Payment Date | July 1, [illegible] |
| Expiration Date | July 31, [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor | [illegible] |
| Periodic Lease Rate Factor | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment | $[illegible] |

Pitney Bowes Global Logistics LLC
Lessee
By: ______________________
Name: Scott Reed
Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor
By: ______________________
Name: Jeffrey A. Lichtenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER 56 Dated as of August 1, 2021

CASUALTY VALUES
(STATED AS A PERCENTAGE OF MANUFACTURER'S INVOICE COST)

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $65,706.59 | 31 | $51,387.96 |
| 2 | $65,229.30 | 32 | $50,910.67 |
| 3 | $64,752.01 | 33 | $50,433.38 |
| 4 | $64,274.72 | 34 | $49,956.10 |
| 5 | $63,797.43 | 35 | $49,478.81 |
| 6 | $63,320.15 | 36 | $49,001.52 |
| 7 | $62,842.86 | 37 | $48,524.23 |
| 8 | $62,365.57 | 38 | $48,046.95 |
| 9 | $61,888.28 | 39 | $47,569.66 |
| 10 | $61,411.00 | 40 | $47,092.37 |
| 11 | $60,933.71 | 41 | $46,615.08 |
| 12 | $60,456.42 | 42 | $46,137.80 |
| 13 | $59,979.13 | 43 | $45,660.51 |
| 14 | $59,501.85 | 44 | $45,183.22 |
| 15 | $59,024.56 | 45 | $44,705.93 |
| 16 | $58,547.27 | 46 | $44,228.65 |
| 17 | $58,069.98 | 47 | $43,751.36 |
| 18 | $57,592.70 | 48 | $43,274.07 |
| 19 | $57,115.41 | 49 | $42,796.78 |
| 20 | $56,638.12 | 50 | $42,319.50 |
| 21 | $56,160.83 | 51 | $41,842.21 |
| 22 | $55,683.55 | 52 | $41,364.92 |
| 23 | $55,206.26 | 53 | $40,887.63 |
| 24 | $54,728.97 | 54 | $40,410.35 |
| 25 | $54,251.68 | 55 | $39,933.06 |
| 26 | $53,774.40 | 56 | $39,455.77 |
| 27 | $53,297.11 | 57 | $38,978.48 |
| 28 | $52,819.82 | 58 | $38,501.20 |
| 29 | $52,342.53 | 59 | $38,023.91 |
| 30 | $51,865.25 | 60 | $37,546.62 |

Pitney Bowes Global Logistics LLC
Lessee
By: [signature]
Name: Scott Read
Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor
By: [signature]
Name: Jeffrey A. Lubenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of August 1, 2021, to Master Equipment Lease Agreement Number PB-[illegible] dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | 4,000 LB. CAPACITY, 3 WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERIES | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGERS | [illegible] |
| 1 | [illegible] | BRACKET AND HD POGO STICK | |

ORIGINAL INSTALLATION SITE: 4111 Bixby Road, Building [illegible], Canal Winchester, OH 43110

DATE ACCEPTED: August 1, 2021

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 8/1/2021

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Read, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum Number 1 ("Addendum") to the Equipment Supplement Number 57 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – MANUAL TIE BALERS

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, frames or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest can be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of May [illegible], 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of May [illegible], 2021, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of May [illegible], 2021

PAYMENT DATES

First Periodic Rent Payment Date: June 1, 2021

Periodic Rent Payment Dates: The first day of each month

First Termination Date: N/A

Last Periodic Rent Payment Date: May 1, 2026

Expiration Date: May 31, 2026

LEASE RATE FACTORS

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

RENT PAYMENT

Monthly Rent Payment: [illegible]

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Reed

Title: CFO Global Ecommerce

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichtenfeld

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[illegible]

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

[illegible]

[redacted]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum Number 1 ("Addendum") to the Equipment Supplement Number 58 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – MANUAL TIE BALERS

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the functions for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, frames or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of June 1, [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of June 1, [illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by June 1, [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Subject: [illegible]
Source Envelope:
Document Pages: [illegible]
Certificate Pages: [illegible]
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: [illegible]

Signatures: [illegible]
Initials: [illegible]

Status: Completed

Envelope Originator:
[illegible]
IP Address: [illegible]

## Record Tracking

Status: Original [illegible]
Holder: [illegible]
Location: DocuSign

## Signer Events | Signature | Timestamp

[illegible]
Security Level: Email, Account Authentication (None)
Signature Adoption: Pre-selected Style
Using IP Address: [illegible]
Sent: [illegible]
Resent: [illegible]
Viewed: [illegible]
Signed: [illegible]

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

[illegible]
Security Level: Email, Account Authentication (None)
Signature Adoption: Drawn on Device
Using IP Address: [illegible]
Sent: [illegible]
Resent: [illegible]
Viewed: [illegible]
Signed: [illegible]

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

[illegible]
Security Level: Email, Account Authentication (None)
Signature Adoption: Uploaded Signature Image
Using IP Address: [illegible]
Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

## In Person Signer Events | Signature | Timestamp

## Editor Delivery Events | Status | Timestamp

## Agent Delivery Events | Status | Timestamp

## Intermediary Delivery Events | Status | Timestamp

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Docusign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number [illegible] (the "Equipment Supplement") to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible] by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – MANUAL TRIMMERS

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturers (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, frames or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filter caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Docusign Envelope ID: [illegible]

Trilogy Leasing Co., LLC



rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild; and all casings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Docusign Envelope ID: [illegible]

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of August 26, 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of August 26, 2021, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH:**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement [illegible]

2. The Lessor does hereby lease and let to Lessee [illegible]

3. The Lease term for the Equipment ("Lease Term") [illegible]

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 1.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 [illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Docusign Envelope ID: [illegible]

Trilogy Leasing Co., LLC



[illegible]. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified in those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance (Exhibit I).

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Bond

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Steve Sheppard
Approved: 6/8/2021
[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign Envelope ID: [illegible]

Trilogy Leasing Co., LLC

SCHEDULE [illegible]

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: [illegible]

Original Installation Site: [illegible]

EQUIPMENT

MANUFACTURER: [illegible]

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | [illegible] | [illegible] | [illegible] | [illegible] |
| 1 | | [illegible] | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | [illegible] | [illegible] |
| 1 | | FREIGHT | [illegible] | [illegible] |
| 1 | | INSTALLATION | [illegible] | [illegible] |
| | | | | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: [illegible]

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 2

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of [illegible]

PAYMENT DATES

First Periodic Rent Payment Date: September 1, 2022

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: [illegible]

Expiration Date: [illegible]

LEASE RATE FACTORS

Daily Lease Rate Factor: .000527

Periodic Lease Rate Factor: .01580

RENT PAYMENT

Monthly Rent Payment: [illegible]

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Docusign Envelope ID: [illegible]

# Trilogy Leasing Co., LLC

SCHEDULE [illegible]
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of August [illegible]

CASUALTY VALUE
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: [illegible]

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Docusign Envelope ID: [illegible]

# Trilogy Leasing Co., LLC

EXHIBIT 1

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Marathon

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | GEMINI STREME HORIZONTAL BALER | [illegible] |
| 1 | | UPPER PHOTOCELL FOR CONVEYOR CONTROL | |
| 1 | [illegible] | ABOVE GROUND CONVEYOR PACKAGE INCLUDES VFD AND HOPPER EXTENSION | [illegible] |
| 1 | | FREIGHT | |
| 1 | | INSTALLATION | |

ORIGINAL INSTALLATION SITE: [illegible] Collins Road, Greenwood, IN [illegible]

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
[illegible], CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | [illegible] | [illegible] |
| Certified Delivered | [illegible] | [illegible] |
| Signing Complete | [illegible] | [illegible] |
| Completed | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign Envelope ID: [illegible]


FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 60 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 3, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – MANUAL TIE BALERS

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturers (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, frames or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cuttings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of November 1, [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of November 1, [illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible] (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee Lifts and Lowerators (the "Equipment") manufactured by Marathon ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by December 1, [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified in those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Pitney Bowes Global Logistics LLC
Lessee

By: ____________________

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ____________________

Name: Jeffrey A. Lieberman

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Kevin Couhillo

Approval: [illegible]

[illegible]

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of November 1, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 2020, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: New Jersey

Original Installation Site: 117 Interstate Boulevard, Monroe Township, NJ 08831

**EQUIPMENT**

MANUFACTURER: Marathon

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | SE-[illegible] | SIDE EJECT MANUAL TIE BALER | $[illegible] | $[illegible] |
| 1 | [illegible]-11-AG-B-[illegible] | IN-FEED CONVEYOR – ABOVE GROUND STYLE (INCLUDES VFD, AND HOPPER EXTENSION) | $[illegible] | $[illegible] |
| 1 | | UPPER PHOTOCELL | $[illegible] | $[illegible] |
| 1 | | TONGUE AND GROOVE FLOOR LINERS | $[illegible] | $[illegible] |
| 1 | | FREIGHT | $[illegible] | $[illegible] |
| 1 | | INSTALLATION | $[illegible] | $[illegible] |
| | | | | **$[illegible]** |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of November 1, [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | December 1, [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | November 1, [illegible] |
| Expiration Date: | November [illegible], [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Kaul

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of November 1, 2021

CASUALTY VALUES
STATED AS A PERCENTAGE OF MANUFACTURER'S INVOICE COST

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $146,677.23 | 31 | $114,713.67 |
| 2 | $145,611.78 | 32 | $113,648.22 |
| 3 | $144,546.33 | 33 | $112,582.76 |
| 4 | $143,480.87 | 34 | $111,517.31 |
| 5 | $142,415.42 | 35 | $110,451.86 |
| 6 | $141,349.97 | 36 | $109,386.41 |
| 7 | $140,284.52 | 37 | $108,320.96 |
| 8 | $139,219.07 | 38 | $107,255.50 |
| 9 | $138,153.61 | 39 | $106,190.05 |
| 10 | $137,088.16 | 40 | $105,124.60 |
| 11 | $136,022.71 | 41 | $104,059.15 |
| 12 | $134,957.26 | 42 | $102,993.70 |
| 13 | $133,891.81 | 43 | $101,928.24 |
| 14 | $132,826.35 | 44 | $100,862.79 |
| 15 | $131,760.90 | 45 | $99,797.34 |
| 16 | $130,695.45 | 46 | $98,731.89 |
| 17 | $129,630.00 | 47 | $97,666.44 |
| 18 | $128,564.55 | 48 | $96,600.98 |
| 19 | $127,499.09 | 49 | $95,535.53 |
| 20 | $126,433.64 | 50 | $94,470.08 |
| 21 | $125,368.19 | 51 | $93,404.63 |
| 22 | $124,302.74 | 52 | $92,339.18 |
| 23 | $123,237.29 | 53 | $91,273.72 |
| 24 | $122,171.83 | 54 | $90,208.27 |
| 25 | $121,106.38 | 55 | $89,142.82 |
| 26 | $120,040.93 | 56 | $88,077.37 |
| 27 | $118,975.48 | 57 | $87,011.92 |
| 28 | $117,910.03 | 58 | $85,946.46 |
| 29 | $116,844.57 | 59 | $84,881.01 |
| 30 | $115,779.12 | 60 | $83,815.56 |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of November 1, [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of November 1, [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Marathon

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | SIDE EJECT MANUAL TIE BALER | [illegible] |
| 1 | [illegible] | IN-FEED CONVEYOR - ABOVE GROUND STYLE (INCLUDES VFD, AND HOPPER EXTENSION) | [illegible] |
| 1 | | UPPER PHOTOCELL | |
| 1 | | TONGUE AND GROOVE FLOOR/LINERS | |
| 1 | | FREIGHT | |
| 1 | | INSTALLATION | |

Original Installation Site: 117 Interstate Boulevard, Monroe Township, NJ [illegible]

Place Accepted: 117 Interstate Boulevard, Monroe Township, NJ [illegible]

DATE ACCEPTED: December 1, [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
[illegible], CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Subject: Please DocuSign: [illegible]
Source Envelope:
Document Pages: [illegible]
Certificate Pages: [illegible]
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-05:00) Eastern Time (US & Canada)

Signatures: [illegible]
Initials: [illegible]

Status: Completed

Envelope Originator:
[illegible]

## Record Tracking

Status: Original
[illegible]

Holder: [illegible]
[illegible]

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | <br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | <br>Signature Adoption: Drawn on Device<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br><br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | <br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Supplements 61 - 70

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[illegible]

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 68-1 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1998, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc., or any of its subsidiaries or affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – SORT SYSTEM

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the functions for which it was originally designed in accordance with the OEM's recommended specifications and be eligible for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers and belts shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 1032 of 1807 PageID #:1122

FILED DATE: 11/8/2024 2:56 PM 2024L012540

This is a copy view of the Authoritative Copy held by the designated custodian

Trilogy Leasing Co., LLC



perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cuttings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, belts, fans, frames, stands, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall certify as to the ownership of the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Lease until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Financial LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Liebenthal

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. [illegible] of [illegible] [illegible]

**Addendum Number 2 dated December 7, 2022**
**to**
**Equipment Supplement Number [illegible] dated December 7, 2022 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 25% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations exist at or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of: [illegible]

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: *Ana Maria Chadwick* | By: *[illegible]* |
| Name: Ana Maria Chadwick | Name: Jeffrey A. Lichtenthal |
| Title: Executive Vice President and Chief Financial Officer | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[illegible]

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of December [illegible], 2022

between

Pitney Bowes Global Logistics LLC, Lessee

and

Trilogy Leasing Co., LLC, Lessor

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of December [illegible], 2022, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

WITNESSETH

1. This Equipment Supplement has been entered into by Lessee and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], 1999 ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates. [illegible]

2. The Lessor does hereby lease [illegible] to Lessee [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto [illegible]

3. The Lease Term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] ("Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule [illegible] unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. [illegible]

DocuSign Envelope ID: [illegible]

THIS IS A COPY
[illegible]
by the designated custodian
FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Robert L. Francis Approved: [illegible] Date: [illegible]

Approved by: Christopher Kriss [illegible] [illegible] [illegible] Thomas Nigro [illegible]

[illegible]

COPY VIEW

DocuSign Envelope ID: [illegible]

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 64-1 dated as of December [illegible], 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November [illegible], 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Ohio

Original Installation Site: 6111 Bixby Road, Building 1, Canal Winchester, OH 43110

EQUIPMENT

| QTY. | MFR | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | COGNEX | PRESENTATION SCANNER | $[illegible] |
| 1 | SANDVIK | SLOWDOWN FLAPS | $[illegible] |
| 1 | SANDVIK | MANUAL INBOUND CONVEYOR LINE | $[illegible] |
| 1 | SANDVIK | FREIGHT | $[illegible] |
| 1 | SANDVIK | OHIO SALES TAX | $[illegible] |
| | | | $[illegible] |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of December 7, 2022**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | January 1, 2023 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | September 1, 2025 |
| Expiration Date: | September 30, 2025 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from December 07, 2022, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible], inclusive of Illinois sales tax |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Ana Maria Chadwick
Title: Executive Vice President
and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lilienthal
Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of December 7, 2022

[illegible]
[illegible]

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | | |
| 41 | [illegible] | | |
| 42 | [illegible] | | |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey N. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of December [illegible], [illegible], to Master Equipment Lease Agreement Number PB-[illegible] dated as of November [illegible], [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

| QTY | MFR | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | COGNEX | PRESENTATION SCANNER | |
| 1 | SAVOYE | SLOWDOWN FLAPS | |
| 1 | SAVOYE | MANUAL INBOUND CONVEYOR LINE | |
| 1 | SAVOYE | FREIGHT | |
| 1 | SAVOYE | OHIO SALES TAX | |

COPY VIEW

ORIGINAL INSTALLATION SITE: [illegible] Bixby Road, Building 2, Canal Winchester, OH [illegible]

PLACE ACCEPTED: [illegible] Bixby Road, Building 2, Canal Winchester, OH [illegible]

DATE ACCEPTED: December [illegible], [illegible]

The execution of this Certificate shall in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[illegible]
Ana Maria Chadwick
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

[illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**Amendment Number 1 dated February 21, 2023 ("Amendment")**
**to**
**Equipment Supplement Number 068-1 dated December 7, 2022 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. Effective upon the Commencement Date the Equipment listed below (designated as the "Additional Equipment") shall be added to the Equipment Supplement. Lessee agrees that the Additional Equipment has been delivered to, inspected and accepted by Lessee for all purposes in accordance with the terms of the Master Lease and the Equipment Supplement, and is suitable for its purposes. The Purchase Price shall be changed from [illegible] to [illegible]. The Monthly Base Payment payable under the Equipment Supplement shall be changed from [illegible], inclusive of Ohio sales tax to [illegible], inclusive of Ohio sales tax.

<u>Additional Equipment:</u>

| QTY | MANUFACTURER | EQUIPMENT DESCRIPTION |
|---|---|---|
| 1 | CONVEYOR CONCEPTS OF MICHIGAN | GRAVITY SPIRALS |

2. Effective upon the Commencement Date, the Casualty Values are changed as follows: See Exhibit A attached hereto and made a part hereof.

[illegible]

THIS IS A COPY
[illegible]
by the designated custodian

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and agreed to: 1/30/2023

Subject Matter Expert (SME): Robert Pezzolo

Approval: RP Date: 1/30/2023

068-1/11750

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | | |
| 41 | [illegible] | | |
| 42 | [illegible] | | |

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
|---|---|---|
| |  | |
| |  | |
| |  | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**Amendment Number 1 dated April 17, 2024 ("Amendment")**
**to**
**Equipment Supplement Number 69-1 dated December 15, 2022 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1995 (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. Provided no Event of Default has occurred and is continuing under the Master Lease and this Equipment Supplement, effective April 17, 2024 the equipment listed below (designated as the "Additional" Equipment) shall be added to the Equipment Supplement and the Periodic Rent Payment payable under the Equipment Supplement shall be changed from $[illegible] to $[illegible], exclusive of applicable taxes. The Purchase Price shall be changed from $[illegible] to $[illegible], exclusive of applicable taxes.

   **Additional Equipment:**

| QTY | MFR | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | SAVOYE | MATERIALS | $[illegible] |
| 1 | SAVOYE | [illegible] | $[illegible] |
| 1 | SAVOYE | [illegible] | $[illegible] |
| 1 | SAVOYE | [illegible] | $[illegible] |
| | | | **$[illegible]** |

2. The Commencement Date is changed from May 1, 2023, to August 1, 2024.
3. The First Periodic Rent Payment Date is changed from May 1, 2023, to August 1, 2024.
4. The Casualty Values are changed as follows: See Exhibit A attached hereto and made a part hereof.
5. The Periodic Lease Rate Factor is changed to [illegible] and the Daily Lease Rate Factor is changed to [illegible].

Except as set forth herein, all terms, covenants and conditions of the Master Lease and the Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and agreed to: 4/24/2024

Subject Matter Expert (SME): Robert L. [illegible]

Approved: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: DocuSigned by: Adam David

Name: Adam David
Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: DocuSigned by: [signature]

Name: Jeffrey A. [illegible]
Title: President and Chief Executive Officer

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**Exhibit A to Amendment Number 1**

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 32 | [illegible] |
| 2 | [illegible] | 33 | [illegible] |
| 3 | [illegible] | 34 | [illegible] |
| 4 | [illegible] | 35 | [illegible] |
| 5 | [illegible] | 36 | [illegible] |
| 6 | [illegible] | 37 | [illegible] |
| 7 | [illegible] | 38 | [illegible] |
| 8 | [illegible] | 39 | [illegible] |
| 9 | [illegible] | 40 | [illegible] |
| 10 | [illegible] | 41 | [illegible] |
| 11 | [illegible] | 42 | [illegible] |
| 12 | [illegible] | 43 | [illegible] |
| 13 | [illegible] | 44 | [illegible] |
| 14 | [illegible] | 45 | [illegible] |
| 15 | [illegible] | 46 | [illegible] |
| 16 | [illegible] | 47 | [illegible] |
| 17 | [illegible] | 48 | [illegible] |
| 18 | [illegible] | 49 | [illegible] |
| 19 | [illegible] | 50 | [illegible] |
| 20 | [illegible] | 51 | [illegible] |
| 21 | [illegible] | 52 | [illegible] |
| 22 | [illegible] | 53 | [illegible] |
| 23 | [illegible] | 54 | [illegible] |
| 24 | [illegible] | 55 | [illegible] |
| 25 | [illegible] | 56 | [illegible] |
| 26 | [illegible] | 57 | [illegible] |
| 27 | [illegible] | 58 | [illegible] |
| 28 | [illegible] | 59 | [illegible] |
| 29 | [illegible] | 60 | [illegible] |
| 30 | [illegible] | 61 | [illegible] |
| 31 | [illegible] | 62 | [illegible] |

COPY VIEW

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 2:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30133647

FILED DATE: 11/8/2024 2:56 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _______________ |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: April 23, 2024

RE: Equipment Supplement Number 69-1 dated December 15, 2022

The undersigned hereby certifies that the Progress Payment III of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL 60504
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Adam David

Title: VP Financial Planning and Analysis

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 2:56 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Not Offered via DocuSign | COPIED | Sent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Envelope Updated | Security Checked | [illegible] |
| Envelope Updated | Security Checked | [illegible] |
| Envelope Updated | Security Checked | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT I
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: [illegible]

RE: Equipment Supplement Number 69-1 dated December 15, 2022

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL 60504
(331) 201-2700

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: [illegible]

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

DocuSign

| Certificate Of Completion | | |
|---|---|---|
| Envelope Id: [illegible] | | Status: Completed |
| Subject: [illegible] | | |
| Sent with [illegible] | | |
| Source Envelope: | | |
| Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: |
| Certificate Pages: [illegible] | Initials: [illegible] | [illegible] |
| AutoNav: Enabled | | [illegible] |
| EnvelopeId Stamping: Enabled | | [illegible] |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | [illegible] |
| | | [illegible] |
| | | IP Address: [illegible] |

| Record Tracking | | |
|---|---|---|
| Status: Original<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None), Access Code | [illegible]<br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None), Access Code | [illegible]<br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 2:56 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 2:56 PM 2024L012540

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted]

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 69-1 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – SORT SYSTEM

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturers (OEM) recommendations regarding uses or materials. [illegible] should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or [illegible], Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the functions for which it was originally designed in accordance with the OEM's recommended specifications, and be eligible for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, [illegible] or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and debris, and any other such substances or materials shall be removed prior to return. Lessee shall be held liable for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to

DocuSign Envelope ID: [illegible]



THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cuttings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable underlying extended maintenance or warranties. If it is deemed that more repairs are necessary, and/or pre-paid items will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lieberthal

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Addendum Number 2 dated December 15, 2022**
**to**
**Equipment Supplement Number [illegible] dated December 15, 2021 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 2, [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at the then Fair Market Value, not to exceed 25% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of: [illegible]/14/[illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**Addendum Number 3 dated December 15, 2022 ("Addendum") to Equipment Supplement Number 69-1 ("Equipment Supplement") to Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee") Pursuant to the Master Equipment Lease Agreement dated November 2, 1999 ("Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The Daily Lease Rate Factor will be adjusted periodically for any upward movements in the Federal Funds rate from December 15, 2022, to the Commencement Date. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within fifteen (15) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The Daily Lease Rate Factor will be adjusted periodically for any upward movements in the Federal Funds rate from December 15, 2022, to the Commencement Date. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within fifteen (15) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The Daily Lease Rate Factor will be adjusted periodically for any upward movements in the Federal Funds rate from December 15, 2022, to the Commencement Date. The rental will be due on the first of each month following the date when such Progress Payment is made.

4. PROGRESS PAYMENT IV (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $[illegible] will be paid by Lessor within fifteen (15) business

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment IV to this Equipment Supplement, and (iii) the vendor invoice.

5. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee to and in the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever; (ii) any defect in [illegible] for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

6. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all accrued rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick
Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: Jeffrey A. Lichtenthal
Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of December 15, 2022**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of December 15, 2022, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, operating distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease unto the Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 2 of the Master Lease or becoming a part of the Equipment by operation thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease Term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 unless sooner terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 14 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

Docusign Envelope ID: [illegible]

THIS IS A COPY
[illegible]
by the designated custodian

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: [signature: Ana Maria Chadwick]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Robert L. [illegible] Approved: [illegible] Date: [illegible]

Approved by: Christopher [illegible] [illegible] [illegible] Thomas [illegible] [illegible]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of December [illegible], [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Maryland

Original Installation Site: 1701 Crossroads Drive, Odenton, MD 21113

**EQUIPMENT**

| QTY | MFR | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | DIVERSIFIED FALL PROTECTION | BASE RIGID FALL PROTECTION FOR THE HYTROL SORTER SYSTEM | [illegible] |
| 1 | SAVOYE | SLOWDOWN FLAPS | [illegible] |
| 1 | SAVOYE | PERMITS | [illegible] |
| 1 | SAVOYE | SHIPPING | [illegible] |
| | | | **[illegible]** |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: [illegible]

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of December 13, 2022**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | May 1, 2023 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | September 1, 2025 |
| Expiration Date: | September 30, 2025 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from December 13, 2022, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

COPY VIEW

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]
Name: Ana Maria Chadwick
Title: Executive Vice President and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]
Name: Jeffrey A. Lubenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 2:56 PM 2024L012540

# Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 2:56 PM 2024L012540

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 3:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30134281

FILED DATE: 11/8/2024 3:16 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _______________ |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 69-2 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – SORT SYSTEM

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturers (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, refurbishment or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the functions for which it was originally designed in accordance with the OEM's recommended specifications and be eligible for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, belts or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and debris, and any other such substances or materials shall be removed prior to return. Lessee shall be held liable for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC



perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cuttings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable underlying extended maintenance or warranties. If it is deemed that more repairs are necessary, [illegible] parts will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: [illegible]

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of July 1, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of July 1, 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessee and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible], (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent and degree as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, separate and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and rent to Lessee the items listed on Schedule 1 (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described on Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 2 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease, are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by July 1, 2023, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 15 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

DocuSign Envelope ID: [illegible]

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: DocuSigned by: [signature]

Name: Christopher [illegible]

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: DocuSigned by: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Bob [illegible]

Approved: [initials] Date: [illegible]

Approved by: Christopher [illegible] [initials]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of July 1, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Maryland

Original Installation Site: 1781 Crossroads Drive, Odenton, MD 21113

EQUIPMENT

| QTY | MFR | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| | | GAP OPTIMIZATION INCLUDES: | [illegible] |
| 1 | SAVOYE | MATERIALS | [illegible] |
| 1 | SAVOYE | LABOR/INSTALL | [illegible] |
| | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Christopher Rohde

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of July 1, 2023

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | July 1, 2023 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | September 1, [illegible] |
| Expiration Date: | September 30, [illegible] |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from September 19th, [illegible], to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: Christopher [illegible] | By: [illegible] |
| Name: Christopher [illegible] | Name: Jeffrey A. [illegible] |
| Title: Senior Director, Global Procurement | Title: President and Chief Executive Officer |

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of July 1, 2023

CASUALTY VALUES

[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | [illegible] | [illegible] |
| 15 | [illegible] | [illegible] | [illegible] |
| 16 | [illegible] | [illegible] | [illegible] |
| 17 | [illegible] | [illegible] | [illegible] |
| 18 | [illegible] | [illegible] | [illegible] |
| 19 | [illegible] | [illegible] | [illegible] |
| 20 | [illegible] | [illegible] | [illegible] |
| 21 | [illegible] | [illegible] | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| [illegible] | [illegible] | 67 | [illegible] |
| [illegible] | [illegible] | 68 | [illegible] |
| [illegible] | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| [illegible] | [illegible] | 73 | [illegible] |
| [illegible] | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | | |
| 35 | [illegible] | | |
| 36 | [illegible] | | |
| 37 | [illegible] | | |
| 38 | [illegible] | | |
| 39 | [illegible] | | |
| 40 | [illegible] | | |
| 41 | [illegible] | | |
| 42 | [illegible] | | |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Christopher [illegible]

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

COPY VIEW

Docusign Envelope ID: [illegible]



THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of July 1, 2023, to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

| QTY | SER | EQUIPMENT DESCRIPTION |
|---|---|---|
| | | SAP OPTIMIZATION PROJECT [illegible] |
| 1 | [illegible] | MATERIALS |
| 1 | [illegible] | LABOR INSTALL |

Original Installation Site: 1701 Crossroads Drive, Odenton, MD 21113

Place Accepted: 1701 Crossroads Drive, Odenton, MD 21113

DATE ACCEPTED: July 1, 2023

The acceptance of this Certificate shall in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

DocuSigned by:
Christopher [illegible]
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Christopher [illegible], Senior Director, Global Procurement

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

**Certificate Of Completion**

**Record Tracking**

| Signer Events | Signature | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Electronic Record and Signature Disclosure:<br>[illegible] | COPIED | [illegible]<br>[illegible]<br>[illegible] |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated July 28, 2023 ("Amendment")**
**to**
**Equipment Supplement Number [illegible] dated December 15, 2022 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessee and Lessor, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. The Commencement Date is changed from May 1, 2023, to August 1, 2023.
2. The First Periodic Rent Payment Date is changed from May 1, 2023, to August 1, 2023.
3. The Periodic Lease Rate Factor is changged to [illegible] and the Daily Lease Rate Factor is changed to [illegible].
4. The Periodic Rent is changed to $[illegible], plus applicable taxes.
5. Effective upon the Commencement Date, the Casualty Values are changed as follows: See Exhibit A attached hereto and made a part hereof.

Except as set forth particularly, all terms, covenants and conditions of the Master Lease and this Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and agreed to: [illegible]

Subject Matter Expert (SME): Robert Presutti

Approval: [illegible]

[illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**Exhibit A to Amendment Number 1 dated July 28, 2023**

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 38 | [illegible] |
| 2 | [illegible] | 39 | [illegible] |
| 3 | [illegible] | 40 | [illegible] |
| 4 | [illegible] | 41 | [illegible] |
| 5 | [illegible] | 42 | [illegible] |
| 6 | [illegible] | 43 | [illegible] |
| 7 | [illegible] | 44 | [illegible] |
| 8 | [illegible] | 45 | [illegible] |
| 9 | [illegible] | 46 | [illegible] |
| 10 | [illegible] | 47 | [illegible] |
| 11 | [illegible] | 48 | [illegible] |
| 12 | [illegible] | 49 | [illegible] |
| 13 | [illegible] | 50 | [illegible] |
| 14 | [illegible] | 51 | [illegible] |
| 15 | [illegible] | 52 | [illegible] |
| 16 | [illegible] | 53 | [illegible] |
| 17 | [illegible] | 54 | [illegible] |
| 18 | [illegible] | 55 | [illegible] |
| 19 | [illegible] | 56 | [illegible] |
| 20 | [illegible] | 57 | [illegible] |
| 21 | [illegible] | 58 | [illegible] |
| 22 | [illegible] | 59 | [illegible] |
| 23 | [illegible] | 60 | [illegible] |
| 24 | [illegible] | 61 | [illegible] |
| 25 | [illegible] | 62 | [illegible] |
| 26 | [illegible] | 63 | [illegible] |
| 27 | [illegible] | 64 | [illegible] |
| 28 | [illegible] | 65 | [illegible] |
| 29 | [illegible] | 66 | [illegible] |
| 30 | [illegible] | 67 | [illegible] |
| 31 | [illegible] | 68 | [illegible] |
| 32 | [illegible] | 69 | [illegible] |
| 33 | [illegible] | 70 | [illegible] |
| 34 | [illegible] | 71 | [illegible] |
| 35 | [illegible] | 72 | [illegible] |
| 36 | [illegible] | 73 | [illegible] |
| 37 | [illegible] | | |

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 76-1

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER 76-1 Dated as of December 13, 2022, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following items of Equipment.

EQUIPMENT

| QTY | MFR | EQUIPMENT DESCRIPTION |
|---|---|---|
| 1 | DIVERSIFIED FALL PROTECTION | BASE RIGID FALL PROTECTION [illegible] SYTRON SORTER SYSTEM |
| 1 | SANOVE | SLOWDOWN FLAPS |
| 1 | SANOVE | PERMITS |

Original Installation Site: 2622 Consulate Drive, Building [illegible], Orlando, FL [illegible]

Place Accepted: 2622 Consulate Drive, Building [illegible], Orlando, FL [illegible]

DATE ACCEPTED: August 1, 2022

The execution of this Certificate shall in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]/2023

Ana Maria Chadwick
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

DocuSign Envelope ID: [illegible]

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: July 31, 2023

RE: Equipment Supplement Number 70-1 dated December 15, 2022

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL 60504
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

**Certificate Of Completion**

[illegible]

Status: Completed

**Record Tracking**

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT I
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: [illegible]

RE: Equipment Supplement Number [illegible] dated December [illegible], 2022

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible]
[illegible], IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: [illegible]

Title: Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| [illegible] | [illegible] | [illegible] |
| --- | --- | --- |

| [illegible] | [illegible] | [illegible] |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June 16, 2023

RE: Equipment Supplement Number 76-1 dated December 15, 2022

The undersigned hereby certifies that the Progress Payment III of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL 60504
(331) 201-2700

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria [illegible]

Name: Ana Maria [illegible]

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Status: Completed
Subject: [illegible]
Source Envelope:
Document Pages: 1
Signatures: [illegible]
Envelope Originator:
Certificate Pages: [illegible]
Initials: [illegible]
AutoNav: Enabled
Envelopeid Stamping: Enabled
Time Zone: [illegible]

[illegible]

## Record Tracking

| Status | Holder | Location |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] | Location: DocuSign |
| Status: [illegible] | Holder: [illegible] | Location: DocuSign |
| Status: [illegible] | Holder: [illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] Security Level: [illegible] |  Signature Adoption: [illegible] Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |
| [illegible] Security Level: [illegible] |  Signature Adoption: [illegible] Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Tology Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed
Subject: [illegible]
[illegible]
Source Envelope:
Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator:
Certificate Pages: [illegible] | Initials: [illegible] | [illegible]
AutoNav: Enabled | | [illegible]
EnvelopeId Stamping: Enabled | | [illegible]
Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | [illegible]
[illegible]
IP Address: [illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: [illegible] |

## Signer Events | Signature | Timestamp

[illegible]
[illegible]
Security Level: Email, Account Authentication (None), Access Code

Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
[illegible]
Security Level: Email, Account Authentication (None), Access Code

Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
[illegible]
Security Level: Email, Account Authentication (None), Access Code

Signature Adoption: [illegible]
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated July 27, 2023 ("Amendment")**
**to**
**Equipment Supplement Number 76-2 dated April 4, 2023 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. The Commencement Date is changed from July 1, 2023, to August 1, 2023.
2. The First Periodic Rent Payment Date is changed from July 1, 2023, to August 1, 2023.
3. The Last Periodic Rent Payment Date is changed from June 1, 2028, to July 1, 2028.
4. The Expiration Date is changed from June 30, 2028, to July 31, 2028.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and the Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and agreed: [illegible]

Subject to [illegible]

[illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

| QTY | MFR | EQUIPMENT DESCRIPTION |
|---|---|---|
| | | ITEMS LEASED INCLUDE: |
| 1 | SAVOYE | MECHANICAL ENGINEERING |
| 1 | SAVOYE | CONTROLS ENGINEERING |
| 1 | SAVOYE | PROJECT MANAGEMENT |
| 1 | SAVOYE | MECHANICAL/ELECTRICAL INSTALLATION |
| 1 | SAVOYE | MECHANICAL/ELECTRICAL HARDWARE |

Original Installation Site: [illegible]

Place Accepted: [illegible]

AMENDED PERIODIC RENT: [illegible] per month, plus applicable taxes. The amended Periodic Rent is based on a Periodic Lease Rate Factor of [illegible], based on the [illegible] as of [illegible]. It is fixed for the duration of the Lease term. The [illegible] Rate Factor is changed to [illegible].

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: July 25, 2023

RE: Equipment Supplement Number [illegible] dated April 4, 2023

The undersigned hereby certifies that the Progress Payment III of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Sussex Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
| --- | --- | --- |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT E
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June 28, 2023

RE: Equipment Supplement Number 70-2 dated April 4, 2023

The undersigned hereby certifies that the Progress Payment II of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL 60504
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

**Certificate Of Completion**

**Record Tracking**

| **Signer Events** | **Signature** | **Timestamp** |
|---|---|---|

| **In Person Signer Events** | **Signature** | **Timestamp** |
|---|---|---|

| **Editor Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Agent Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Intermediary Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Certified Delivery Events** | **Status** | **Timestamp** |
|---|---|---|

| **Carbon Copy Events** | **Status** | **Timestamp** |
|---|---|---|

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of April [illegible], 20[illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of April [illegible] between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes [illegible]

2. The Lessor does hereby lease [illegible]

3. The Lease term [illegible]

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 1.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. [illegible]

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approved: [illegible] Date: [illegible]

Approved by: [illegible] [illegible], [illegible] [illegible], [illegible] [illegible]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Florida

Original Installation Site: [illegible] Consulate Drive, Orlando, FL [illegible]

**EQUIPMENT**

| QTY. | MFR. | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| | | ITEMS LEASED INCLUDE: | |
| 1 | [illegible] | MECHANICAL ENGINEERING | [illegible] |
| 1 | [illegible] | CONTROLS ENGINEERING | [illegible] |
| 1 | [illegible] | PROJECT MANAGEMENT | [illegible] |
| 1 | [illegible] | MECHANICAL ELECTRICAL INSTALLATION | [illegible] |
| 1 | [illegible] | MECHANICAL ELECTRICAL [illegible] | [illegible] |
| | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE I**

**TO EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of April 4, 2023**

**PAYMENT DATES**

First Periodic Rent Payment Date: July 1, 2023

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: June [illegible], 2029

Expiration Date: June [illegible], 2029

**LEASE RATE FACTORS**

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from April [illegible], 2023, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

Monthly Rent Payment: [illegible]

Lessee: Pitney Bowes Global Logistics LLC
By: [signature]
Name: Ana Chadwick
Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: Jeffrey A. Lichenthal
Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

[illegible]

CASUALTY VALUE

[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

Lessee: [illegible] Global Logistics LLC

By: *[signature]*

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: *[signature]*

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number 1 dated April 4, 2023 ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November 1, 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within [illegible] days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III (Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) the Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment III to this Equipment Supplement, and (iii) the vendor invoice.

COPY VIEW

4. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever; (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

5. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before three (3) months from the date hereof (unless such period is extended by mutual agreement of Lessor

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC



until Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick
Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenfeld

Name: Jeffrey A. Lichtenfeld
Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: [illegible]

RE: Equipment Supplement Number [illegible] dated April 4, 2023

The undersigned hereby certifies that the Progress Payment 1 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: [illegible] North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: [illegible] North America, Inc.
Bank Name: [illegible] Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Global Logistics LLC

By: [illegible]

Name: [illegible]

Title: Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

COPIED

[illegible]

COPIED

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], 2023, to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment.

**EQUIPMENT**

| QTY | MFR | EQUIPMENT DESCRIPTION |
|---|---|---|
| | | ITEMS LEASED INCLUDE: |
| 1 | NATIVE | MECHANICAL/ELECTRICAL INSTALLATION |

Original Installation Site: 2622 Consulate Drive, Orlando, FL 32819

Place Accepted: 2622 Consulate Drive, Orlando, FL 32819

AMENDED PERIODIC RENT: monthly rental payments [illegible] per month, plus applicable taxes. This amended Periodic Rent is based on a Periodic Lease Rate Factor of [illegible], based on the five (5) year SOFR of [illegible]% as of July [illegible], 2023. It is fixed for the duration of the Lease Term. The Daily Lease Rate Factor is changed to [illegible].

DATE ACCEPTED: August 1, 2023

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

DocuSigned by:
Ana Maria Chadwick
Signature and Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

**Certificate Of Completion**

[illegible]

**Record Tracking**

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | | |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 78-1**
**dated as of June 6, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of June 6, 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent and effect as if each such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, separately distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated specifically herein.

2. The Lessor does hereby lease and rent to Lessee the items listed on Schedule 1 (the "Equipment") manufactured by Savoye ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 7 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by August 1, 2023. Said commencing date and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule [illegible] hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating, order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey S. Lieberthal

Name: Jeffrey S. Lieberthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approved: [illegible] Date: [illegible]

Approved by: Christopher [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible]

COPY VIEW

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 3:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30134281

FILED DATE: 11/8/2024 3:16 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

KINGSBRIDGE HOLDINGS, LLC, )
)
Plaintiff, )
)
v. ) No. _______________
)
PITNEY BOWES, INC., and )
PITNEY BOWES PRESORT )
SERVICES, LLC )
)
)
Defendants. )

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Florida

Original Installation Site: [illegible] Consulate Drive, Orlando, FL [illegible]

EQUIPMENT

| QTY. | MFR. | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| | | ITEMS LEASED INCLUDE: | |
| 1 | [illegible] | MECHANICAL ELECTRICAL INSTALLATION | [illegible] |
| | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of June [illegible], 2023**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date | August 1, 2023 |
| Periodic Rent Payment Dates | The first day of each month |
| First Termination Date | N/A |
| Last Periodic Rent Payment Date | July 1, 2028 |
| Expiration Date | July 31, 2028 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor | [illegible] |
| Periodic Lease Rate Factor | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from June [illegible], 2023, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment | $[illegible] |

| | |
|---|---|
| Lessee: [illegible] Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: Ana Maria Chadwick | By: [illegible] |
| Name: Ana Chadwick | Name: Jeffrey A. [illegible] |
| Title: Executive Vice President and Chief Financial Officer | Title: President and Chief Executive Officer |

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER 78-1 dated as of June 6, 2023**

**CASUALTY VALUES**
**STATED as a PERCENTAGE OF MANUFACTURER'S INVOICE COST**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lieberthal

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

## Certificate Of Completion

## Record Tracking

## Signer Events | Signature | Timestamp

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 76-4

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER 76-4 dated as of July [illegible], 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment.

EQUIPMENT

| QTY | MFR | EQUIPMENT DESCRIPTION |
|---|---|---|
| | | ITEMS LEASED INCLUDE: |
| 1 | [illegible] | STRUCTURAL REINFORCEMENTS, WELDING, [illegible] |

Original Installation Site: 2022 Cornelius Drive [illegible], [illegible] [illegible]

Place Accepted: 2022 Cornelius Drive [illegible] [illegible]

AMENDED PERIODIC RENT: [illegible] per month, plus applicable taxes. This amended Periodic Rent is based on a Periodic Lease Rate Factor [illegible], based on the five (5) year SOFR of [illegible]% as of July [illegible], 2023. It is fixed for the duration of the Lease Term. The [illegible] Lease Rate Factor is changed to [illegible].

DATE ACCEPTED: August 1, 2023

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Signature of Authorized Representative of
Pitney Bowes Global Logistics LLC
Christopher Rinaldo, Senior Director, Global Procurement

FILED DATE: 11/8/2024 3:16 PM 2024L012540

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
|---|---|---|
| |  | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| | COPIED | |
| | COPIED | |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | | |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 7664**
**dated as of July 13, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of July 13, 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. [illegible]

2. The Lessor does hereby lease and [illegible] Lessee the items listed on Schedule 1 (the "Equipment") manufactured by [illegible] ("Manufacturer") [illegible] Schedule 1 hereto [illegible]

3. The Lease term [illegible] ("Lease Term") is defined and shall commence upon the installation by August 1, 2023 [illegible] (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 1 hereto [illegible]

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment [illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1. [illegible]

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: ____________

Name: Christopher Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: ____________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Robert L. Francis

Approved: ____ Date: 7/21/2023

Approved By: Christopher Kriss

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 764 dated as of July 13, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1998 between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Florida

Original Installation Site: 2633 Consulate Drive, Orlando, FL 32819

EQUIPMENT

| QTY | MFR | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
| --- | --- | --- | --- | --- |
| 1 | SAVONE | ITEMS LEASED INCLUDE: STRUCTURAL REINFORCEMENTS, WELDING, SITE TIME | [illegible] | [illegible] |
| | | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Christopher Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER Two
dated as of July 13, 2023**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | August 1, 2023 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | July 1, [illegible] |
| Expiration Date: | July 31, [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from June [illegible], 2023, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Christopher Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER 764 dated as of July 13, 2023

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: ____________________

Name: Christopher Rosko

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: ____________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 70-5 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – SORT SYSTEM

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturers (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, refurbish or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the functions for which it was originally designed in accordance with the OEM's recommended specifications and be eligible for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, belts or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grease, and any other such substances or materials shall be removed prior to return. Lessee shall be held liable for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC



perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cuttings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable underlying extended maintenance or warranties. If it is deemed that more repairs are necessary, all such costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Christopher Kosko | Name: Jeffrey A. Liebenthal |
| Title: Senior Director, Global Procurement | Title: President and Chief Executive Officer |

COPY VIEW

DocuSign Envelope ID: [illegible]

THIS IS A COPY
This is a copy view of the Authoritative Copy held by the designated custodian

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 764**
**dated as of July 1, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of July 1, 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, separate and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and rent to Lessee the items listed on Schedule 1 (the "Equipment") manufactured by Savvy ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 2 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease, are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by July 1, 2023, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 13 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Christopher Reinke

Name: Christopher Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Bob Pissato

Approved: BP Date: 10/22/2019

Approved by: Christopher Reinke CR

078-5/13/2019

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 76-1 dated as of July 1, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1998 between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Florida

Original Installation Site: 2423 Consulate Drive, Building 500, Orlando, FL 32819

## EQUIPMENT

| QTY | MFR | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| | | GAP OPTIMIZATION INCLUDES | [illegible] |
| 1 | SAVOYE | MATERIALS | [illegible] |
| 1 | SAVOYE | LABOR/INSTALL | [illegible] |
| | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Christopher Rende

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of July 1, 2023

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | July 1, 2023 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | August 1, 2025 |
| Expiration Date: | August 31, 2025 |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from September 19th, 2023, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

COPY VIEW

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Christopher [illegible] | Name: Jeffrey A. Lichtenthal |
| Title: Senior Director, Global Procurement | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER 78-3 dated as of July 1, 2023

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | | |
| 34 | [illegible] | | |
| 35 | [illegible] | | |
| 36 | [illegible] | | |
| 37 | [illegible] | | |
| 38 | [illegible] | | |
| 39 | [illegible] | | |
| 40 | [illegible] | | |
| 41 | [illegible] | | |
| 42 | [illegible] | | |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC
By: Christopher Rende
Name: Christopher Rende
Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC
By: Jeffrey A. Lichtenthal
Name: Jeffrey A. Lichtenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number PB-001 dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

| QTY | MFR | EQUIPMENT DESCRIPTION |
|---|---|---|
| | | GAP OPTIMIZATION [illegible] |
| 1 | [illegible] | MATERIALS |
| 1 | [illegible] | LABOR INSTALL |

Original Installation Site: 2822 Consulate Drive, Building 300, Orlando, FL 32819

Place Accepted: 2822 Consulate Drive, Building 300, Orlando, FL 32819

DATE ACCEPTED: [illegible]

The execution of this Certificate shall in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Christopher Rohde, Senior Director, Global Procurement

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication<br>[illegible]<br>**Electronic Record and Signature Disclosure:**<br>[illegible] | COPIED | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 3:16 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30134281

FILED DATE: 11/8/2024 3:16 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

KINGSBRIDGE HOLDINGS, LLC, )
)
Plaintiff, )
)
v. ) No. _______________
)
PITNEY BOWES, INC., and )
PITNEY BOWES PRESORT )
SERVICES, LLC )
)
)
Defendants. )

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

DocuSign Envelope ID: [illegible]


FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 41 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warned uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications;

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC



• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;
• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in-place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of April 1, [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of April 1, [illegible], between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee <u>[illegible]</u> (the "Equipment") manufactured by <u>[illegible]</u> ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by <u>[illegible]</u> field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

Trilogy Leasing Co., LLC



5. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified in those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Alexis Fisher

Approval: [signature] Date: 2/1/2023

Finance: Kelly Ardito

Approval: [initials] Date: 2/1/2023

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of April [illegible], 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November [illegible], 1999, between Pitney Bowes Inc. and Trilogy Leasing Co., LLC.

State of Original Location: Illinois

Original Installation Site: [illegible] Carol Court, Carol Stream, IL [illegible]

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | [illegible] | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERY | $0.00 | $0.00 |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGER | $0.00 | $0.00 |
| | | | | **[illegible]** |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of April [illegible], [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | February 1, [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | January 1, [illegible] |
| Expiration Date: | January 31, [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey S. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER 41 Dated as of April 1, 2021**

**CASUALTY VALUES**
**(STATED as a PERCENTAGE OF MANUFACTURER'S INVOICE COST)**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $67,688.57 | 31 | $52,934.75 |
| 2 | $67,192.71 | 32 | $52,443.09 |
| 3 | $66,703.06 | 33 | $51,951.44 |
| 4 | $66,209.40 | 34 | $51,459.78 |
| 5 | $65,717.75 | 35 | $50,968.13 |
| 6 | $65,226.10 | 36 | $50,476.48 |
| 7 | $64,734.44 | 37 | $49,984.82 |
| 8 | $64,242.79 | 38 | $49,493.17 |
| 9 | $63,751.13 | 39 | $49,001.51 |
| 10 | $63,259.48 | 40 | $48,509.86 |
| 11 | $62,767.83 | 41 | $48,018.21 |
| 12 | $62,276.17 | 42 | $47,526.55 |
| 13 | $61,784.52 | 43 | $47,034.90 |
| 14 | $61,292.86 | 44 | $46,543.24 |
| 15 | $60,801.21 | 45 | $46,051.59 |
| 16 | $60,309.56 | 46 | $45,559.94 |
| 17 | $59,817.90 | 47 | $45,068.28 |
| 18 | $59,326.25 | 48 | $44,576.63 |
| 19 | $58,834.59 | 49 | $44,084.97 |
| 20 | $58,342.94 | 50 | $43,593.32 |
| 21 | $57,851.29 | 51 | $43,101.67 |
| 22 | $57,359.63 | 52 | $42,610.01 |
| 23 | $56,867.98 | 53 | $42,118.36 |
| 24 | $56,376.32 | 54 | $41,626.70 |
| 25 | $55,884.67 | 55 | $41,135.05 |
| 26 | $55,393.02 | 56 | $40,643.40 |
| 27 | $54,901.36 | 57 | $40,151.74 |
| 28 | $54,409.71 | 58 | $39,660.09 |
| 29 | $53,918.05 | 59 | $39,168.43 |
| 30 | $53,426.40 | 60 | $38,676.78 |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Global Logistics LLC, the following Items of Equipment.

EQUIPMENT

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | [illegible] LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERY | [illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGER | [illegible] |

Original Installation Site: [illegible] Carol Court, Carol Stream, IL [illegible]

Place Accepted: [illegible] Carol Court, Carol Stream, IL [illegible]

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
[illegible], Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co. LLC

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 43 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing.
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications.

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC



• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;
• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in-place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. To the extent, if any, that this document constitutes chattel paper, no security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of May 4, 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of May 4, 2021 between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-011 dated as of November 1, 1999 ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by March 1, 2022 field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 19 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified in those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Kevin Fultz

Approval: KF Date: 3/8/2022

Finance: Kelly Archey

Approval: KAA Date: 3/8/2022

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 17 Dated as of May [illegible], 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Pitney Bowes Inc., and Trilogy Leasing Co. LLC.

State of Original Location: Ohio

Original Installation Site: 4111 Bixby Road, Building #1, Canal Winchester, OH 43110

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | SC5245-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | $64,431.30 | $64,431.30 |
| 1 | [illegible]-CXQ-25-3 | VFORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| 1 | F36-MP744-4 | VFORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | **$64,431.30** |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | March 1, [illegible] |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | February 1, [illegible] |
| Expiration Date: | February [illegible], [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Scott Read

Title: CFO Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lichtenfeld

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER 02 Dated as of May 4, 2021**

**CASUALTY VALUES**
**[illegible]**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $67,652.87 | 31 | $52,910.11 |
| 2 | $67,161.40 | 32 | $52,418.69 |
| 3 | $66,670.01 | 33 | $51,927.26 |
| 4 | $66,178.70 | 34 | $51,435.83 |
| 5 | $65,687.16 | 35 | $50,944.41 |
| 6 | $65,195.76 | 36 | $50,452.98 |
| 7 | $64,704.31 | 37 | $49,961.56 |
| 8 | $64,212.89 | 38 | $49,470.13 |
| 9 | $63,721.46 | 39 | $48,978.71 |
| 10 | $63,230.04 | 40 | $48,487.28 |
| 11 | $62,738.61 | 41 | $47,995.86 |
| 12 | $62,247.19 | 42 | $47,504.43 |
| 13 | $61,755.76 | 43 | $47,013.01 |
| 14 | $61,264.34 | 44 | $46,521.58 |
| 15 | $60,772.91 | 45 | $46,030.16 |
| 16 | $60,281.49 | 46 | $45,538.73 |
| 17 | $59,790.06 | 47 | $45,047.31 |
| 18 | $59,298.64 | 48 | $44,555.88 |
| 19 | $58,807.21 | 49 | $44,064.46 |
| 20 | $58,315.79 | 50 | $43,573.03 |
| 21 | $57,824.36 | 51 | $43,081.61 |
| 22 | $57,332.94 | 52 | $42,590.18 |
| 23 | $56,841.51 | 53 | $42,098.76 |
| 24 | $56,350.09 | 54 | $41,607.33 |
| 25 | $55,858.66 | 55 | $41,115.91 |
| 26 | $55,367.24 | 56 | $40,624.48 |
| 27 | $54,875.81 | 57 | $40,133.06 |
| 28 | $54,384.39 | 58 | $39,641.63 |
| 29 | $53,892.96 | 59 | $39,150.21 |
| 30 | $53,401.54 | 60 | $38,658.78 |

Lessee: Penny Brown Global Logistics LLC

By: [signature]

Name: Scott Read

Title: CFO Penny Brown Global Logistics

Lessor: Trilogy Leasing Co. LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 63**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of May 4, 2021, to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999, between Lessor and Pitney Bowes Global Logistics LLC, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | SC5245-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | VFORCE LI-LITHIUM BATTERIES | [illegible] |
| 1 | [illegible] | VFORCE LI-LITHIUM CHARGERS | [illegible] |

Original Installation Site: 4111 Bixby Road, Building #2, Canal Winchester, OH 43110

Place Accepted: 4111 Bixby Road, Building #2, Canal Winchester, OH 43110

DATE ACCEPTED: March 1, 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Read, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Subject: [illegible]
Source Envelope:
Document Pages: [illegible]
Certificate Pages: [illegible]
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Signatures: [illegible]
Initials: [illegible]

Status: Completed

Envelope Originator:
[illegible]

## Record Tracking

Status: Original
[illegible]

Holder: [illegible]
[illegible]

Location: DocuSign

## Signer Events | Signature | Timestamp

[illegible]
[illegible]
Security Level: Email, Account Authentication (None)



Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
Security Level: Email, Account Authentication (None)



Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
[illegible]
Security Level: Email, Account Authentication (None)



Signature Adoption: Drawn on Device
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
[illegible]
[illegible]
Security Level: Email, Account Authentication (None)



Signature Adoption: Uploaded Signature Image
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| | | |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | | |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 44 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing;
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications.

Docusign Envelope ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC



• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;
• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in-place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. To the extent [illegible] may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of May 6, 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of May 6, 2021, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 19 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.



[illegible] • [illegible] • Tel: [illegible] • Fax: [illegible] • www.trilogyleasing.com

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified in these unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: 

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Kevin Falls

Approval: KF Date: 3/8/2023

Finance: Kelly Ambra

Approval: KA Date: 3/8/2023

Rev 11/17

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Pitney Bowes Inc. and Trilogy Leasing Co. LLC.

State of Original Location: Ohio

Original Installation Site: [illegible], Canal Winchester, OH [illegible]

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
| --- | --- | --- | --- | --- |
| 1 | [illegible] | 4,000 LB. CAPACITY, 3-WHEEL, SIT DOWN COUNTERBALANCED TRUCK | [illegible] | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| 1 | [illegible] | VFORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | **[illegible]** |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Leibowitz

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of [illegible]

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | [illegible] |
| Expiration Date: | [illegible] |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

| | |
|---|---|
| Pitney Bowes Global Logistics LLC | Trilogy Leasing Co., LLC |
| Lessee | Lessor |
| By: ______________________ | By: ______________________ |
| Name: [illegible] | Name: [illegible] |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE [illegible]

[illegible]

CASUALTY VALUES

[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

Lessee: [illegible]

By: ____________________

Name: [illegible]

Title: [illegible]

Lessor: Trilogy Leasing Co. LLC

By: ____________________

Name: [illegible]

Title: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 64**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER 64 Dated as of May 4, 2021, to Master Equipment Lease Agreement Number PB-053 dated as of November 2, 1999, between Lessor and Pitney Bowes Global Logistics LLC, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | SC5245-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | 10265661 |
| 1 | 165000-CIG-21-1 | VFORCE LI-LITHIUM BATTERIES | TC3449791 |
| 1 | FSA-MP544-4 | VFORCE LI-LITHIUM CHARGERS | 4842109327 |

Original Installation Site: 4111 Bixby Road, Building #2, Canal Winchester, OH 43110

Place Accepted: 4111 Bixby Road, Building #2, Canal Winchester, OH 43110

DATE ACCEPTED: March 1, 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 3/11/2022

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Read, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]

Subject: Please DocuSign: [illegible]

Source Envelope:

Document Pages: [illegible]

Certificate Pages: [illegible]

AutoNav: Enabled

EnvelopeId Stamping: Enabled

Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Signatures: [illegible]

Initials: [illegible]

Status: Completed

Envelope Originator:

[illegible]

## Record Tracking

Status: Original [illegible]

Holder: [illegible]

Location: DocuSign

## Signer Events | Signature | Timestamp

[illegible]

Security Level: Email, Account Authentication (None)



Signature Adoption: Pre-selected Style

Using IP Address: [illegible]

Sent: [illegible]

Viewed: [illegible]

Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]

Security Level: Email, Account Authentication (None)



Signature Adoption: Pre-selected Style

Using IP Address: [illegible]

Sent: [illegible]

Viewed: [illegible]

Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]

Security Level: Email, Account Authentication (None)



Signature Adoption: Drawn on Device

Using IP Address: [illegible]

Sent: [illegible]

Viewed: [illegible]

Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]

Security Level: Email, Account Authentication (None)



Signature Adoption: Uploaded Signature Image

Using IP Address: [illegible]

Sent: [illegible]

Viewed: [illegible]

Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 45 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty;
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance;
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the unit;
• Lessee will have maintained current maintenance and repair records for the Equipment in a useable manner;
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the Schedule, a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto;
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee assumes and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be eligible upon resale for the manufacturer's maintenance contract at the manufacturer's standard rates;
• Items of Equipment will be complete with no missing parts, and have no structural damage, bent frames or warned uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue;
• Each item of Equipment shall have no structural, mechanical damage or broken parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic systems, hoist and tilt cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and steer axles, engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each (and together) functional and able to perform the function for which it was designed in accordance with the manufacturer's recommended specifications with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing.
• Each item of Equipment shall be able to operate normally in forward and reverse through all speed ranges or gears, and shall lift, lower and tilt, properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse; and
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications.

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC



• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake;
• Hydraulic cylinders must not be bent or gouged;
• Hose reels and hose take up assemblies must not be bent or damaged;
• All safety Equipment, covers and guards, parts, pieces and components must be in-place and operational. The overhead guard cannot be re-welded or damaged in any form;
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any bends or cracks to the protective coverings;
• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used will be chargeable to Lessee at the rate of $2.00 per hour; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event that it shall be impractical to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**Dated as of May [illegible], 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") Dated as of May [illegible], 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-011 dated as of November 1, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereon. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes [illegible] of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Scott Read

Title: CFO, Pitney Bowes Global Logistics

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approval: ______ Date: [illegible]

Finance: [illegible]

Approval: ______ Date: [illegible]

IN/3/11/TR

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of May [illegible], 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November [illegible], 1999, between Pitney Bowes Inc., and Trilogy Leasing Co., LLC.

State of Original Location: Ohio

Original Installation Site: [illegible] Road, Building [illegible], Canal Winchester, OH [illegible]

**EQUIPMENT**

MANUFACTURER: Crown

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | [illegible] | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | $[illegible] | $[illegible] |
| 1 | [illegible] | V-FORCE LI LITHIUM BATTERIES | $0.00 | $0.00 |
| 1 | [illegible] | V-FORCE LI LITHIUM CHARGERS | $0.00 | $0.00 |
| | | | | $[illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Scott Reed

Title: CFO, Pitney Bowes Global Logistics

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey S. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
Dated as of [illegible]

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | March 1, 2022 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | February 1, 2027 |
| Expiration Date: | February 28, 2027 |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

| | |
|---|---|
| Pitney Bowes Global Logistics LLC<br>Lessee | Trilogy Leasing Co., LLC<br>Lessor |
| By: ______________________ | By: ______________________ |
| Name: Scott Read | Name: Jeffrey A. Lichtenfeld |
| Title: CFO Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of May [illegible], 2021**

**CASUALTY VALUES**
**[illegible]**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $67,632.87 | 31 | $52,910.11 |
| 2 | $67,161.40 | 32 | $52,418.69 |
| 3 | $66,679.01 | 33 | $51,927.26 |
| 4 | $66,178.70 | 34 | $51,435.83 |
| 5 | $65,687.16 | 35 | $50,944.41 |
| 6 | $65,195.76 | 36 | $50,452.98 |
| 7 | $64,704.31 | 37 | $49,961.56 |
| 8 | $64,212.89 | 38 | $49,470.13 |
| 9 | $63,721.46 | 39 | $48,978.71 |
| 10 | $63,230.04 | 40 | $48,487.28 |
| 11 | $62,738.61 | 41 | $47,995.86 |
| 12 | $62,247.19 | 42 | $47,504.43 |
| 13 | $61,755.76 | 43 | $47,013.01 |
| 14 | $61,264.34 | 44 | $46,521.58 |
| 15 | $60,772.91 | 45 | $46,030.16 |
| 16 | $60,281.48 | 46 | $45,538.73 |
| 17 | $59,790.06 | 47 | $45,047.31 |
| 18 | $59,298.64 | 48 | $44,555.88 |
| 19 | $58,807.21 | 49 | $44,064.46 |
| 20 | $58,315.79 | 50 | $43,573.03 |
| 21 | $57,824.36 | 51 | $43,081.61 |
| 22 | $57,332.94 | 52 | $42,590.18 |
| 23 | $56,841.51 | 53 | $42,098.76 |
| 24 | $56,350.09 | 54 | $41,607.33 |
| 25 | $55,858.66 | 55 | $41,115.91 |
| 26 | $55,367.24 | 56 | $40,624.48 |
| 27 | $54,875.81 | 57 | $40,133.06 |
| 28 | $54,384.39 | 58 | $39,641.63 |
| 29 | $53,892.96 | 59 | $39,150.21 |
| 30 | $53,401.54 | 60 | $38,658.78 |

Lessee: Penny Brown Global Logistics LLC

By: [signature]

Name: Scott Reed

Title: CFO Penny Brown Global Logistics

Lessor: Trilogy Leasing Co. LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Global Logistics LLC, the following Items of Equipment:

EQUIPMENT

MANUFACTURER: Crown

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | SC5345-40 | 4,000 LB. CAPACITY, 3-WHEEL, SIT-DOWN COUNTERBALANCED TRUCK | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM BATTERIES | [illegible] |
| 1 | [illegible] | VFORCE LI LITHIUM CHARGERS | [illegible] |

Original Installation Site: 4111 Bixby Road, Building #2, Canal Winchester, OH 43110

Place Accepted: 4111 Bixby Road, Building #2, Canal Winchester, OH 43110

DATE ACCEPTED: March 1, 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 3/11/2022

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Scott Read, CFO, Pitney Bowes Global Logistics

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

## Signer Events | Signature | Timestamp

FILED DATE: 11/8/2024 3:16 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed

Subject: [illegible]

[illegible]

[illegible]

Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: [illegible]

Certificate Pages: [illegible] | Initials: [illegible]

AutoNav: Enabled

Envelopeld Stamping: Enabled

Time Zone: [illegible]

## Record Tracking

Status: Original [illegible] | Holder: [illegible] | Location: DocuSign

Status: [illegible] | Holder: [illegible] | Location: DocuSign

Status: [illegible] | Holder: [illegible] | Location: [illegible]

## Signer Events | Signature | Timestamp

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign Envelope ID: [illegible]

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum ("Addendum") to Equipment Supplement Number 47 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – MANUAL TIE BALERS

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturers (OEM) recommendations regarding use of materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, frames or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected upon receipt and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully

DocuSign Envelope ID: [illegible]

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC



rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild; and all castings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: ______________________ | By: ______________________ |
| Name: Scott Read | Name: Jeffrey A. Lubenthal |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

[illegible]

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of September [illegible]**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

[illegible]

**WITNESSETH**

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

[illegible]

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

DocuSign Envelope ID: [illegible]

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of September [illegible], [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Texas

Original Installation Site: [illegible]

EQUIPMENT

MANUFACTURER: [illegible]

| QTY. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
| --- | --- | --- | --- |
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] | [illegible] |
| 1 | | [illegible] | [illegible] |
| 1 | | [illegible] | [illegible] |
| 1 | | FREIGHT | [illegible] |
| 1 | | INSTALLATION | [illegible] |
| | | | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: [illegible]

Title: [illegible]

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

DocuSign Envelope ID: [illegible]

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE [illegible]

to EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of September 14, [illegible]

PAYMENT DATES

First Periodic Rent Payment Date: October 1, [illegible]

Periodic Rent Payment Dates: The first day of each month.

First Termination Date: N/A

Last Periodic Rent Payment Date: September [illegible], [illegible]

Expiration Date: September [illegible], [illegible]

LEASE RATE FACTORS

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

RENT PAYMENT

Monthly Rent Payment: [illegible]

| Pitney Bowes Global Logistics LLC | Trilogy Leasing Co., LLC |
|---|---|
| Lessee | Lessor |
| By: | By: |
| Name: Scott Reed | Name: Jeffrey A. Lichtenthal |
| Title: CFO, Pitney Bowes Global Logistics | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

[illegible]

Trilogy Leasing Co., LLC

[illegible]

[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

[illegible]

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Docusign Envelope ID: [illegible]

Docusign Envelope ID: [illegible]

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

[illegible]

EQUIPMENT

MANUFACTURER: [illegible]

| QTY | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | | [illegible] | |
| [illegible] | | [illegible] | |
| [illegible] | | FREIGHT | |
| [illegible] | | INSTALLATION | |

ORIGINAL INSTALLATION SITE: [illegible]

DATE ACCEPTED: [illegible]

[illegible]

Dated: [illegible]

[illegible] Authorized Representative of
[illegible]
[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

| Certificate Of Completion | | |
|---|---|---|
| [illegible] | | [illegible] |

| Record Tracking | | |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:16 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: [illegible] | | Status: Completed |
| Subject: [illegible] | | |
| Source Envelope: | | |
| Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: |
| Certificate Pages: [illegible] | Initials: [illegible] | [illegible] |
| AutoNav: Enabled | | [illegible] |
| EnvelopeId Stamping: Enabled | | [illegible] |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | [illegible] |
| | | [illegible] |
| | | IP Address: [illegible] |

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:16 PM 2024L012540

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 31, 2022

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment V of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Sussex Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: December 15, 2021

RE: Equipment Supplement Number 48 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment 1 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: Pitney Bowes Global Logistics LLC
7171 Southwest Parkway, Building 300
Suite 400, Austin, TX 78735

Electronic Payment Instructions:
Company Name: Pitney Bowes Global Logistics LLC
Bank Name: JPMorgan Chase Bank, N.A.
Account Number: [illegible]
Routing Number: 021 000 021

Lessee: Pitney Bowes Global Logistics LLC

DocuSigned by:

By: Ana Maria Chadwick

[illegible]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

DocuSign Envelope ID: [illegible]

Trilogy Leasing Co., LLC

ATTACHMENT B
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: December 17, 2021

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: [illegible] North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: [illegible] North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ann Marie Chadwick

Name: Ann Marie Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT [illegible]
TO ADDENDUM NUMBER [illegible]

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: April 11, 2022

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: May 2, 2022

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: 071000288

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 68 (the "Equipment Supplement") to Master Equipment Lease Agreement dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc., or any of its subsidiaries or affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – SORT SYSTEM

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:16 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 3:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30134869

FILED DATE: 11/8/2024 3:34 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. ______________ |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number [illegible] dated November [illegible], 20[illegible] ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co. LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November [illegible], 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

4. PROGRESS PAYMENT IV

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment IV to this Equipment Supplement and (ii) the vendor invoice.

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC



B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

5. PROGRESS PAYMENT [illegible] (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment [illegible] of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment [illegible] to this Equipment Supplement, and (iii) the vendor invoice.

6. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever; (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever; or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessee or Lessor.

7. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are recovered by Lessor.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: Ana Maria Chadwick | By: [illegible] |
| Name: Ana Maria Chadwick | Name: Jeffrey A. [illegible] |
| Title: Executive Vice President and Chief Financial Officer | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment 1 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment has been made by Lessee or one of its subsidiaries or affiliates. Payment will be made as follows:

TO: Pitney Bowes Global Logistics LLC
7171 Southwest Parkway, Building 300
Suite 400, Austin, TX 78735

Electronic Payment Instructions:
Company Name: Pitney Bowes Global Logistics LLC
Bank Name: JPMorgan Chase Bank, N.A.
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT B
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 68 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment II of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT [illegible]
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL 60504
(331) 201-2700

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: 4037531
Routing Number: 071000288

Lessee: Pitney Bowes Global Logistics LLC

By: /s/ Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER [illegible]

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November [illegible], [illegible]

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible]
[illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment V of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of November [illegible], 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of November [illegible], 2021, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 1339 of 1807 PageID #:1429

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of November [illegible], 20[illegible], to Master Equipment Lease Agreement Number PB-001 dated as of November [illegible], 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Ohio

Original Installation Site: 6111 Bixby Road, Building 1, Canal Winchester, OH 43110

EQUIPMENT

MANUFACTURER: Savoye & Eurosort

| QTY. | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|
| 1 | SAVOYE SORT CENTER SYSTEM INCLUDES: | $0.00 |
| 1 | MECHANICAL HARDWARE | [illegible] |
| 1 | MECHANICAL BUYOUTS | [illegible] |
| 1 | ELECTRICAL BUYOUTS | [illegible] |
| 1 | PROJECT MANAGEMENT | [illegible] |
| 1 | MECHANICAL ENGINEERING | [illegible] |
| 1 | ELECTRICAL ENGINEERING | [illegible] |
| 1 | MECHANICAL INSTALLATION | [illegible] |
| 1 | ELECTRICAL INSTALLATION | [illegible] |
| 1 | EUROSORT BOMBAY SORTER | [illegible] |
| | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: *Ann Marie Chadwick*

Name: Ann Marie Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: *[illegible]*

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**to EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of November [illegible], 2022**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | August 1, 2022 |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | July 1, 2025 |
| Expiration Date: | July 31, 2025 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

Lessee: Pitney Bowes Global Logistics LLC
By: Ana Maria Chadwick
Name: Ana Maria Chadwick
Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: Jeffrey A. [illegible]
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of November [illegible], [illegible]**

**[illegible]**

**[illegible]**

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: Ana Maria [illegible]

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: Savoye & Eurosort

| QTY. | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|
| 1 | SAVOYE SORT CENTER SYSTEM INCLUDES: | |
| 1 | MECHANICAL HARDWARE | |
| 1 | MECHANICAL BUYOUTS | |
| 1 | ELECTRICAL BUYOUTS | |
| 1 | PROJECT MANAGEMENT | |
| 1 | MECHANICAL ENGINEERING | |
| 1 | ELECTRICAL ENGINEERING | |
| 1 | MECHANICAL INSTALLATION | |
| 1 | ELECTRICAL INSTALLATION | |
| 1 | EUROSORT BOMBAY SORTER | |

ORIGINAL INSTALLATION SITE: 6111 Bixby Road, Building 1, Canal Winchester, OH 43110

PLACE ACCEPTED: 6111 Bixby Road, Building 1, Canal Winchester, OH 43110

DATE ACCEPTED: August 1, 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Ana Maria Chadwick

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed
Subject: [illegible]
[illegible]
[illegible]
Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator:
Certificate Pages: [illegible] | Initials: [illegible] | [illegible]
AutoNav: Enabled | | [illegible]
EnvelopeId Stamping: Enabled | | [illegible]
Time Zone: [illegible] | | [illegible]
| | [illegible]
| | IP Address: [illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] [illegible] Security Level: Email, Account Authentication (None) |  Signature Adoption: Pre-selected Style Using IP Address: [illegible] | Sent: [illegible] Resent: [illegible] Viewed: [illegible] Signed: [illegible] |

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

| | | |
|---|---|---|
| [illegible] [illegible] [illegible] Security Level: Email, Account Authentication (None) |  Signature Adoption: Pre-selected Style Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

| | | |
|---|---|---|
| [illegible] [illegible] [illegible] [illegible] Security Level: Email, Account Authentication (None) |  Signature Adoption: Uploaded Signature Image Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

PREVIEW

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
| --- | --- | --- |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

COPIED

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed

Subject: [illegible]

[illegible]

Source Envelope:

Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator:

Certificate Pages: [illegible] | Initials: [illegible] | [illegible]

AutoNav: Enabled | | [illegible]

EnvelopeId Stamping: Enabled | | [illegible]

Time Zone: [illegible] | | [illegible]

[illegible]

IP Address: [illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 69 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – SORT SYSTEM

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturers (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, frames or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC



perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cuttings, edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

**Lessee: Pitney Bowes Global Logistics LLC**

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

**Lessor: Trilogy Leasing Co., LLC**

By: Jeffrey A. Lichenthal

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Addendum Number [illegible] dated [illegible]

to

Equipment Supplement Number [illegible] dated [illegible] ("Equipment Supplement")

between

Pitney Bowes Global Logistics LLC, Lessee

and

Trilogy Leasing Co. LLC, Lessor

Pursuant to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement. All capitalized terms used herein and not otherwise defined [illegible] have the meanings ascribed to them in the Master Lease.

[illegible]

[illegible]

Accepted and agreed to as of: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: [illegible]

Name: [illegible]

Title: [illegible]

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: [illegible]

Title: [illegible]

[illegible]

DocuSign Envelope ID: [illegible]



FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number [illegible] dated November [illegible], 20[illegible] ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November [illegible], [illegible] ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. <u>PROGRESS PAYMENT I</u>

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .[illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. <u>PROGRESS PAYMENT II</u>

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .[illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. <u>PROGRESS PAYMENT III</u>

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of .[illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

4. <u>PROGRESS PAYMENT IV</u>

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment IV to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

[illegible]

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 1386 of 1807 PageID #:1476

FILED DATE: 11/8/2024 3:34 PM 2024L012540



(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

5. PROGRESS PAYMENT V

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment V of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment V to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

6. PROGRESS PAYMENT VI (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment VI of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment VI to this Equipment Supplement, and (iii) the vendor invoice.

7. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

8. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before five (5) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Ana Maria Chadwick | Name: Jeffrey A. Lichtenthal |
| Title: Executive Vice President and Chief Financial Officer | Title: President and Chief Executive Officer |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT B
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 69 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment II of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Ramsey Avenue
Aurora, IL 60504
(331) 201-2700

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 60 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment III of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Sussex Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT VI
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment VI of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Sussex Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: 071000288

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick ____________________

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of November 12, 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of November 12, 2021, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 1, 1999 ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein in full to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, apart and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee 1 each sorter system (the "Equipment") manufactured by Siemens ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 7 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by September 1, 2022, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth on Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of the Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rates.

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

| | | |
|---|---|---|
| QTY | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

[illegible]

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

## SCHEDULE 1

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of November [illegible]**

### PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | September 1, 2022 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | August 1, 2025 |
| Expiration Date: | August 31, 2025 |

### LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

### RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Ana Maria Chadwick
Title: Executive Vice President
and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichtenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER [illegible]**

[illegible]

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

## Signer Events | Signature | Timestamp

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:34 PM 2024L012540

[illegible]

Trilogy Leasing Co., LLC

ATTACHMENT B
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: April 11, 2022

RE: Equipment Supplement Number 69 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT [illegible]
TO ADDENDUM NUMBER [illegible]

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: May [illegible], 2022

RE: Equipment Supplement Number [illegible] dated November [illegible], 2021

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: [illegible] North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: [illegible] North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June 2, 2022

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

| [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
| --- | --- | --- |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 70 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – SORT SYSTEM

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease Term at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturers (OEM) recommendations regarding uses or materials. Rollers should be taken out and resurfaced in accordance with OEM's recommendations. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, rollers, frames or blades shall be repaired or replaced. Cracked or broken glass, coils, gauges, if applicable, shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grime, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses are to be sealed to avoid spillage. Any hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to

Case: 1:24-cv-12906 Document #: 1-2 Filed: 12/16/24 Page 1420 of 1807 PageID #:1510

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC



perform its required tasks effectively, including but not limited to engines, hydraulics and transmissions operating properly at fully rated loads. Mechanical drive trains, differentials and final drives must operate quietly without vibrations or leaks. Equipment with predictable, typical or scheduled replacements or overhaul lives including but not limited to track components, power train assembly, lifts, transmissions, converters, engines, hydraulics, pumps, hoppers and other attachments shall have not less than 50% useful life remaining before the next such replacement, overhaul, recalibration or rebuild, and all cutting edges and other wear points will have at least 50% of their respective material design lives remaining. Hard drives, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, motors, blades, belts, fans, frames, stands, ejector devices, pins, screws, clamps, floor coverings, shall all be within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

**Lessee: Pitney Bowes Global Logistics LLC**

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

**Lessor: Trilogy Leasing Co., LLC**

By: [signature]

Name: Jeffrey A. Lindenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

Lessee: [illegible]

By: [illegible]

Name: [illegible]

Title: [illegible]

Lessor: [illegible]

By: [illegible]

Name: [illegible]

Title: [illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number 3 dated November 12, 2021 ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November 2, 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

4. PROGRESS PAYMENT IV

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment IV to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER [illegible]

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment 1 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: 071000288

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT [illegible]
TO ADDENDUM NUMBER [illegible]

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 70 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment III of $973,077.60 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL 60504
(331) 201-2700

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 70 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL 60504
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: 071000288

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number 70 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment V of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible]
[illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT VI
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: ____________________

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment VI of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Sussex Avenue
Aurora, IL [illegible]
([illegible]) [illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of November 12, 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

This Equipment Supplement (the "Equipment Supplement") dated as of November 12, 2021, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible] ("the Master Lease") between Lessor and Pitney Bowes Inc. [illegible]

2. The Lessor does hereby lease and let to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto [illegible]

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto [illegible]

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment [illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 78 dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Florida

Original Installation Site: [illegible] Drive, Building [illegible], Orlando, FL [illegible]

## EQUIPMENT

MANUFACTURER: [illegible]

| QTY. | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|
| 1 | SORT CENTER SYSTEM INCLUDES: | $0.00 |
| 1 | CONVEYOR HARDWARE | [illegible] |
| 1 | MECHANICAL BUYOUTS | [illegible] |
| 1 | ELECTRICAL BUYOUTS | [illegible] |
| 1 | PROJECT MANAGEMENT | [illegible] |
| 1 | MECHANICAL ENGINEERING | [illegible] |
| 1 | ELECTRICAL ENGINEERING | [illegible] |
| 1 | MECHANICAL INSTALLATION | [illegible] |
| 1 | ELECTRICAL INSTALLATION | [illegible] |
| | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE I

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of [illegible]

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | [illegible] |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | [illegible] |
| Expiration Date: | [illegible] |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Ana Maria Chadwick
Title: Executive Vice President and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichtenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER 70 dated as of November 13, 2023

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Trilogy Leasing Co., LLC
Lessor

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER [illegible] Dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

MANUFACTURER: [illegible]

| QTY | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|
| 1 | SORT CENTER SYSTEM INCLUDES | |
| 1 | CONVEYOR HARDWARE | |
| 1 | MECHANICAL BUYOUTS | |
| 1 | ELECTRICAL BUYOUTS | |
| 1 | PROJECT MANAGEMENT | |
| 1 | MECHANICAL ENGINEERING | |
| 1 | ELECTRICAL ENGINEERING | |
| 1 | MECHANICAL INSTALLATION | |
| 1 | ELECTRICAL INSTALLATION | |

ORIGINAL INSTALLATION SITE: [illegible] Drive, Building [illegible], Orlando, FL [illegible]

PLACE ACCEPTED: [illegible] Drive, Building [illegible], Orlando, FL [illegible]

DATE ACCEPTED: August 1, 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Ana Maria Chadwick

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

Electronic Record and Signature Disclosure:

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

Electronic Record and Signature Disclosure:

[illegible]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: December 1, 2021

RE: Equipment Supplement Number 70 dated November 12, 2021

The undersigned hereby certifies that the Progress Payment 1 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: ____________________

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT B
TO ADDENDUM NUMBER [illegible]

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: April 11, 2022

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment B of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: April 11, 2022

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment III of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER [illegible]

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June 2, 2022

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment IV of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT [illegible]
TO ADDENDUM NUMBER [illegible]

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June 21, 2022

RE: Equipment Supplement Number [illegible] dated November 12, 2021

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL 60504
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: [signature] Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Supplementals 71 - 80

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 78-1 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Conveyor rollers should be taken out and resurfaced in accordance with OEM's recommendations but not less than annually. Printing and folding parts, if applicable, should be broken down and the oil changed annually. Any repair costs required from damage incurred as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this Equipment Supplement has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild or replacement, Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be returned in acceptable cosmetic condition, clean and rust free and free of all insignia placed thereon by Lessee. The Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, blades or frames shall be repaired or replaced. Cracked or broken glass, coils, gauges, or computers with screen burn, if applicable, shall be replaced. Scratched or cracked lenses including but not limited to barcode lenses or reading devices shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grease, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses, if applicable are to be sealed to avoid spillage. All ink spillage will be removed. Any process fluids and hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component.

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC



of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to any heating or cooling requirements, cutting, binding, adhesion and temperature requirements as set forth in the OEM's guidelines for maintenance and warranty purposes, without repair, including but not limited to all electronic, hard drives, barcode reading devices, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, calibration tools, chillers, motors, belts, rollers, fans, frames, filters stands, pins, screws, wet separators, lasers, cutters, knives and blades, clamps, floor coverings, shall be all within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable unexpired extended maintenance or warranties. If it is deemed that more repairs are necessary at that point, all costs will remain the responsibility of the Lessee.

v. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement shall remain in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Christopher Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of ___ serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**Addendum Number 2 dated September 1, 2023**
**to**
**Equipment Supplement Number 78-1 dated September 1, 2023 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at its then Fair Market Value, not to exceed 15% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for, any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments made relating to lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to as of: [illegible]/2023

Lessee: Pitney Bowes Global Logistics LLC

By: ____________________

Name: Christopher Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: ____________________

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 78-4**
**dated as of September 1, 2027**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of September 1, 2027, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent and effect as if each such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, separate and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let unto Lessee [illegible] (the "Equipment") manufactured by [illegible] and [illegible] ("[illegible]") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 3 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by September 1, 2022, [illegible] and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth on Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of the Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 15 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Christopher Reinke

Name: Christopher Reinke

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lieberthal

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Bob Pissoni

Approved: ☒ Date: 10/18/2023

ETS-1/1/2014

COPY VIEW

DocuSign Envelope ID: [illegible]

THIS IS A COPY
[illegible]
by the designated custodian

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of September 1, [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Illinois

Original Installation Site: [illegible] South Gougar Road, Lockport, IL [illegible]

EQUIPMENT

| QTY | MFR | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|---|
| 8 | BANNER ENGINEERING | [illegible] | SIGNAL INDICATOR | [illegible] |
| 25 | ALLEN BRADLEY | [illegible] | MOUNTING BASE AND ORANGE BEACON | [illegible] |
| 1 | ALLEN BRADLEY | [illegible] | MOUNTING BASE AND ORANGE BEACON | [illegible] |
| 1 | | | ILLINOIS USE TAX | [illegible] |
| | | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Christopher [illegible]

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of September 1, 2023**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | September 1, 2023 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | June 1, 2030 |
| Expiration Date: | June 30, 2030 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from August [illegible], 2023 to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible], inclusive of Illinois use tax |

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: [signature] | By: [signature] |
| Name: Christopher [illegible] | Name: Jeffrey [illegible] |
| Title: Senior Director, Global Procurement | Title: President and Chief Executive Officer |

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of September 1, 2023

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | | |
| 42 | [illegible] | | |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC
By: [signature]
Name: Christopher [illegible]
Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: Jeffrey A. [illegible]
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 78-1**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER 78-1 dated as of September 1, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

| QTY | MFR | MACHINE/MODEL | EQUIPMENT DESCRIPTION |
|---|---|---|---|
| 8 | BANNER ENGINEERING | [illegible] | SIGNAL INDICATOR |
| 25 | ALLEN BRADLEY | 856T-[illegible] 856T-BTT | MOUNTING BASE AND ORANGE BEACON |
| 1 | ALLEN BRADLEY | 856T-[illegible] 856T-[illegible] | MOUNTING BASE AND ORANGE BEACON |
| 1 | | | SALES/USE TAX |

Original Installation Site: [illegible] South Gougar Road, Lockport, IL 60491

Place Accepted: [illegible] South Gougar Road, Lockport, IL 60491

DATE ACCEPTED: September 1, 2023

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Christopher Rolfe
Inspector/Authorized Representative of
Pitney Bowes Global Logistics LLC
Christopher Rolfe, Senior Director, Global Procurement

COPY VIEW

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 3:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30134869

FILED DATE: 11/8/2024 3:34 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES, INC., and<br>PITNEY BOWES PRESORT<br>SERVICES, LLC<br><br>Defendants. | ) | No. _______________ |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

**Certificate Of Completion**

[illegible]

**Record Tracking**

[illegible]

| **Signer Events** | **Signature** | **Timestamp** |
| --- | --- | --- |
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

| **In Person Signer Events** | **Signature** | **Timestamp** |
| --- | --- | --- |

| **Editor Delivery Events** | **Status** | **Timestamp** |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:34 PM 2024L012540

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted]

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 3 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**Amendment Number 1 dated February 27, 2024 ("Amendment")**
**to**
**Equipment Supplement Number 78-1 dated October 2, 2023 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. The Commencement Date is changed from January 1, 2024, to March 1, 2024.

2. The First Periodic Rent Payment Date is changed from January 1, 2024 to March 1, 2024.

3. Effective upon Commencement, Schedule 3 is deleted and replaced with Amended Schedule 3 attached hereto and made a part hereof.

4. The Periodic Lease Rate Factor is changed to [illegible] and the Daily Lease Rate Factor is changed to [illegible].

5. The Periodic Rent is changed to $[illegible].

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and agreed to: [illegible] 2024

Subject Matter Expert (SME): Bob Pisanie [illegible]

[illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichenthal

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

AMENDED SCHEDULE [illegible]
EQUIPMENT SUPPLEMENT NUMBER [illegible]

[illegible]
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 39 | [illegible] |
| 2 | [illegible] | 40 | [illegible] |
| 3 | [illegible] | 41 | [illegible] |
| 4 | [illegible] | 42 | [illegible] |
| 5 | [illegible] | 43 | [illegible] |
| 6 | [illegible] | 44 | [illegible] |
| 7 | [illegible] | 45 | [illegible] |
| 8 | [illegible] | 46 | [illegible] |
| 9 | [illegible] | 47 | [illegible] |
| 10 | [illegible] | 48 | [illegible] |
| 11 | [illegible] | 49 | [illegible] |
| 12 | [illegible] | 50 | [illegible] |
| 13 | [illegible] | 51 | [illegible] |
| 14 | [illegible] | 52 | [illegible] |
| 15 | [illegible] | 53 | [illegible] |
| 16 | [illegible] | 54 | [illegible] |
| 17 | [illegible] | 55 | [illegible] |
| 18 | [illegible] | 56 | [illegible] |
| 19 | [illegible] | 57 | [illegible] |
| 20 | [illegible] | 58 | [illegible] |
| 21 | [illegible] | 59 | [illegible] |
| 22 | [illegible] | 60 | [illegible] |
| 23 | [illegible] | 61 | [illegible] |
| 24 | [illegible] | 62 | [illegible] |
| 25 | [illegible] | 63 | [illegible] |
| 26 | [illegible] | 64 | [illegible] |
| 27 | [illegible] | 65 | [illegible] |
| 28 | [illegible] | 66 | [illegible] |
| 29 | [illegible] | 67 | [illegible] |
| 30 | [illegible] | 68 | [illegible] |
| 31 | [illegible] | 69 | [illegible] |
| 32 | [illegible] | 70 | [illegible] |
| 33 | [illegible] | 71 | [illegible] |
| 34 | [illegible] | 72 | [illegible] |
| 35 | [illegible] | 73 | [illegible] |
| 36 | [illegible] | 74 | [illegible] |
| 37 | [illegible] | 75 | [illegible] |
| 38 | [illegible] | 76 | [illegible] |

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT II
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: February 23, 2024

RE: Equipment Supplement Number 78-2 dated October 1, 2023

The undersigned hereby certifies that the Progress Payment II of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Mantissa Corporation
616 Pressley Road
Charlotte, NC 28217
704 [illegible]

Electronic Payment Instructions:
Company Name: Mantissa Corporation
Bank Name: Truist Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: [illegible]

Title: VP, Financial Planning and Analysis

COPY VIEW

TRUE AND EXACT COPY
by the designated custodian

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 76-2**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER 76-2 dated as of October 1, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

| QTY | MFR | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 147 | MANTISSA | INSTALLED CHUTES | |
| 53 | MANTISSA | SPARE CHUTE ASSEMBLIES | |
| 1 | MANTISSA | LABOR | |
| 1 | MANTISSA | ENGINEERING | |
| 1 | MANTISSA | SHIPPING | |
| 1 | | ILLINOIS USE TAX | |

COPY VIEW

Original Installation Site: 16700 South Gougar Road, Lockport, IL 60491

Place Accepted: 16700 South Gougar Road, Lockport, IL 60491

DATE ACCEPTED: March 1, 2024

The execution of this certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 3/14/2024

DocuSigned by:
Adam David
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Adam David, VP, Financial Planning
and Analysis

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: [illegible] | | Status: Completed |
| Subject: [illegible] | | |
| [illegible] | | |
| Source Envelope: | | |
| Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: |
| Certificate Pages: [illegible] | Initials: [illegible] | [illegible] |
| AutoNav: Enabled | | [illegible] |
| EnvelopeId Stamping: Enabled | | [illegible] |
| Time Zone: [illegible] | | [illegible] |
| | | [illegible] |
| | | IP Address: [illegible] |

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: [illegible] |

## Signer Events

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: [illegible] | [illegible]<br>Signature Adoption: [illegible]<br>Using IP Address: [illegible]<br>[illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: [illegible] | [illegible]<br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>Security Level: [illegible] | [illegible]<br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 78-2 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 3, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Conveyor rollers should be taken out and resurfaced in accordance with OEM's recommendations but not less than annually. Printing and [illegible], if applicable, should be broken down and the oil changed annually. Any repair costs [illegible] as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. If the Equipment or any of its components, covered in this [illegible] has a predictable, recommended or scheduled maintenance, recalibration, overhaul, rebuild [illegible] Lessee, at its own cost and expense, shall repair and maintain the Equipment and comply with the OEM's operating procedures and warranty requirements so as to keep the Equipment in good operating condition, ordinary wear and tear excepted. Lessee shall arrange and pay for any repairs necessary in order for the OEM or qualified maintenance organization to accept the Equipment under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates.

iii. The Equipment shall be [illegible] in acceptable cosmetic condition, clean and rust free and free of all [illegible] placed thereon [illegible] the Equipment shall be mechanically and structurally sound capable of performing the function for which it was originally designed in accordance with the OEM's recommended specifications and be certified for continued maintenance under the OEM's or qualified maintenance organization's contract maintenance at the applicable standard rates. Dented or damaged metal sheets, blades or frames shall be repaired or replaced. Cracked or broken glass, seals, gauges, or computers with screen burn, if applicable, shall be replaced. Scratched or cracked lenses including but not limited to barcode lenses or reading devices shall be replaced. All of these repairs shall be at Lessee's expense. The Equipment shall be cleaned and all dirt and grease, and any other such substances or materials shall be removed prior to return. Lessee shall be held harmless for any damages to the disassembly site.

iv. The disassembly of the Equipment will be according to the OEM's recommendations and by a licensed rigger/erector specializing in the Equipment, with any transportation devices, such as metal skids, lifting slings, and brackets, which were with the Equipment when it originally arrived, included. All components, accessories, attachments, manuals, plans, drawings and schematics, maintenance, inspection and service records, log books, overhaul records and tooling shall be returned with the Equipment. All internal fluids such as lube oil and hydraulic oil are to be filled to operating levels. Filler caps are to be secured and disconnected. Hoses, if applicable are to be sealed to avoid spillage. All ink spillage will be removed. Any process fluids and hazardous materials will be removed from the Equipment and disposed of in accordance with the then current local, state, federal and EPA waste disposal regulations. All locking keys, if any, shall be together and secured to a major external component.

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC



of the Equipment. Anything that is missing shall be replaced at Lessee's expense. The Equipment shall be covered or enclosed and protected against inclement weather during shipping. Equipment will be inspected again upon return and shall be in good operating order, repair and condition and able to perform its required tasks effectively, including but not limited to any heating or cooling requirements, cutting, binding, adhesion and temperature requirements as set forth in the OEM's guidelines for maintenance and warranty purposes, without repair, including but not limited to all electronic, hard drives, barcode reading devices, CD and DVD drives, if applicable, electrical and mechanical controls and gauges or any other measuring devices, coils, calibration tools, shifters, motors, belts, rollers, fans, frames, filters stands, pins, screws, wet separators, hoses, cutters, knives and blades, clamps, floor coverings, shall be all within the OEM's guidelines, with normal wear and tear factored. All software licenses, if applicable, shall be returned with the then current version available from the OEM. Upon return Lessee shall either reassign or replace the original operating software, together with any applicable [illegible] maintenance or warranties. If it is deemed that more repairs are necessary at that [illegible] the responsibility of the Lessee.

e. Proper return of the Equipment will not occur until all return [illegible] been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement [illegible] remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lieberthal

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of ___ serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**Addendum Number 2 dated October 3, 2023**
**to**
**Equipment Supplement Number [illegible] dated October 3, 2023 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November 2, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc. or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to add the following terms and conditions to the Equipment Supplement.

Provided that no Event of Default shall have occurred and be continuing under the Master Lease or the Equipment Supplement, Lessee may, upon not less than two (2) months' prior written notice, upon the expiration of the Lease Term of the Equipment Supplement, purchase the Equipment at its then Fair Market Value, not to exceed 25% of Lessor's original cost. Notwithstanding the exercise of this purchase option and the transfer of title, Lessee shall not be relieved of, and shall remain responsible for any and all obligations under this Equipment Supplement, to the extent such obligations exist on or before the effective date of purchase, including obligations for unbilled personal property taxes for assessments with relating lien dates prior to the effective date of purchase.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement are and shall remain in full force and effect.

Accepted and agreed to on: [illegible]/2023

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Liebenthal

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

**Addendum Number 3 dated October 2, 2023 ("Addendum") to
Equipment Supplement Number 78-1 ("Equipment Supplement") to
Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee")
Pursuant to the Master Equipment Lease Agreement dated November 5, 1999 ("Master Lease")
between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $171,081.00 will be paid by Lessor within seven (7) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $171,081.00 will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment II to this Equipment Supplement, and (iii) the vendor invoice.

3. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including all of Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee(s) and to the payments due under the Equipment Supplement shall be absolute and unconditional and not subject to abatement, except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or vendor(s) of the Equipment or any other person for any reason whatsoever; (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the Equipment for any reason whatsoever; or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

4. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before three (3) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David
Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Liebenthal

Name: Jeffrey A. Liebenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT I
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: 11/6/2023

RE: Equipment Supplement Number 78-2 dated October 2, 2023

The undersigned hereby certifies that the Progress Payment [illegible] requested by the manufacturer(s) or vendor(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Mauldin Corporation
616 Pressley Road
Charlotte, NC 28217
704 523-1760

Electronic Payment Instructions:
Company Name: Mauldin Corporation
Bank Name: Truist Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Global [illegible] LLC

By: [signature]

Name: [illegible]

Title: VP, Financial Planning and Analysis

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 78-1**
**dated as of October 1, 2022**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of October 1, 2022, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, separate [illegible] from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated [illegible] herein.

2. The Lessor does hereby [illegible] to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as [illegible] Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items [illegible] of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 2 of the [illegible] or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease, [illegible] referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term [illegible] ("Lease Term") is defined and shall commence upon the installation by January 1, 2026 [illegible] and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule [illegible] hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 18 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

COPY VIEW

DocuSign Envelope ID: [illegible]

THIS IS A COPY [illegible] by the designated custodian

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC



5. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lieberthal

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Bob [illegible]

Approved: [illegible] Date: [illegible]

Approved by: Christopher [illegible] [illegible]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

[illegible] COPY [illegible]

Trilogy Leasing Co., LLC

**SCHEDULE 1**

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 79-3 dated as of October 1, 2021, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Illinois

Original Installation Site: 14700 South Gougar Road, Lockport, IL 60491

**EQUIPMENT**

| QTY | MFR | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 147 | MANTISSA | INSTALLED CHUTES | [illegible] |
| 55 | MANTISSA | SPARE CHUTE ASSEMBLIES | [illegible] |
| 1 | MANTISSA | LABOR | [illegible] |
| 1 | MANTISSA | ENGINEERING | [illegible] |
| 1 | MANTISSA | SHIPPING | [illegible] |
| 1 | | ILLINOIS USE TAX | [illegible] |
| | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: 

Name: Adam David

Title: [illegible] Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: 

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of October [illegible], 2023**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | January 1, 2024 |
| Periodic Rent Payment Dates: | The first day of each month. |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | June 1, [illegible] |
| Expiration Date: | June 30, [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR [illegible] 27th, 2023 to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible], inclusive of Illinois use tax |

Lessee: Prime Brands Global Logistics LLC

By: [signature]

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

CASUALTY VALUES

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | | |
| 38 | [illegible] | | |
| 39 | [illegible] | | |
| 40 | [illegible] | | |
| 41 | [illegible] | | |
| 42 | [illegible] | | |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

**Certificate Of Completion**

Envelope Id: [illegible]
Status: Completed
Subject: [illegible]
Vault with eOriginal: [illegible]
Source Envelope: [illegible]
Document Pages: [illegible]
Signatures: [illegible]
Envelope Originator:
Certificate Pages: [illegible]
Initials: [illegible]
[illegible]
AutoNav: Enabled
[illegible]
EnvelopeId Stamping: Enabled
[illegible]
Time Zone: (UTC-08:00) Pacific Time (US & Canada)
[illegible]
[illegible]
IP Address: [illegible]

**Record Tracking**

| | | |
|---|---|---|
| Status: Original<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: Receipt Confirmed<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | <br>Signature Adoption: Uploaded Signature Image<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | COPIED | Sent: [illegible]<br>Viewed: [illegible] |

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

| Witness Events | Signature | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of 1 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**Amendment Number 1 dated December 29, 2023 ("Amendment")**
**to**
**Equipment Supplement Number 75 dated November 16, 2023 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. Effective upon the Commencement Date the Equipment listed below (designated as the "Additional Equipment") shall be added to the Equipment Supplement. Lessee agrees that the Additional Equipment has been delivered, installed and accepted by Lessee for all purposes in accordance with the terms of the Master Lease and the Equipment Supplement, and is suitable for its purposes.

   **Additional Equipment:**

   | QTY | MFR | MACHINE/MODEL | EQUIPMENT DESCRIPTION |
   |---|---|---|---|
   | 1 | CROWN | 1441376-003 | RR-5 REACH 30 HD POLO STICK & TEND |

2. The Commencement Date is changed from December 1, 2023, to January 1, 2024.
3. The First Periodic Rent Payment Date is changed from December 1, 2023, to January 1, 2024.
4. The Last Periodic Rent Payment Date is changed from November 1, 2028, to December 1, 2028.
5. The Expiration Date is changed from November 30, 2028, to December 31, 2028.

Except as set forth herein, all terms, conditions, covenants and conditions of the Master Lease and the Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and approved as 1/5/2024

Subject Matter Expert (SME): Kat Sharpe

475 7.14CS

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey S. Lichtenthal

Name: Jeffrey S. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 71

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER 71 dated as of November 16, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

| QTY | MFR | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|---|
| 3 | CROWN | RC5745-40 | 4,000 LB. CAPACITY, 36 VOLT, STAND-UP RIDER LIFT TRUCK | [illegible] [illegible] [illegible] |
| 3 | CROWN | [illegible] | V-FORCE LI LITHIUM BATTERIES | [illegible] [illegible] [illegible] |
| 3 | CROWN | [illegible] | V-FORCE LI LITHIUM CHARGERS | [illegible] [illegible] [illegible] |
| 3 | CROWN | [illegible] | [illegible] W/ SD POGO STICK & TENS | |

Original Installation Site: 3050 State Highway 161, Dallas, TX 75261

Place Accepted: 3050 State Highway 161, Dallas, TX 75261

DATE ACCEPTED: January 1, 2024

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: 1/5/2024

Adam David

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Adam David, VP, Financial Planning
and Analysis

COPY VIEW

FILED DATE: 11/8/2024 3:34 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| |  | |
| |  | |
| |  | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:34 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | COPIED | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

FILED DATE: 11/8/2024 3:34 PM 2024L012540

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 3:44 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30135166

FILED DATE: 11/8/2024 3:44 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

KINGSBRIDGE HOLDINGS, LLC, )
)
Plaintiff, )
)
v. ) No. _______________
)
PITNEY BOWES, INC., and )
PITNEY BOWES PRESORT )
SERVICES, LLC )
)
)
Defendants. )

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 72 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999 by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

At the time of surrender of the Equipment to Lessor:

• Lessee will have maintained the Equipment in a condition and manner suggested by the original manufacturer as required to validate any warranty.
• Lessee will have maintained the Equipment in good, clean operating condition and appearance, showing only normal wear and tear resulting from proper use and maintenance.
• Lessee will have used only manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment and will not have made any alterations to the Equipment that will damage or restrict the Equipment from its initial use and design or that when removed, would cause damage to the [illegible].
• Lessee will have maintained current maintenance and repair records for the Equipment in a [illegible].
• Lessee, at its sole cost and expense, will have entered into and maintained in force, for the term of the [illegible], a maintenance contract with the manufacturer of the Equipment or such party as shall be acceptable to Lessor, and shall provide Lessor with a copy of such contract and all related supplements thereto.
• If Lessee has the Equipment maintained by a party other than the manufacturer, Lessee [illegible] and agrees to pay any costs necessary to have the manufacturer re-certify that the Equipment will be [illegible] for the manufacturer's maintenance contract at the manufacturer's standard rates.
• Items of Equipment will be complete with no missing parts, and have no structural [illegible] frames or warped uprights, and body, mast, hydraulic cylinder and fork(s) shall be free of any damage or any hazardous material, waste or residue.
• Each item of Equipment shall have no structural, mechanical damage or [illegible] parts that would interfere with the intended use of the Equipment and all components and accessories provided upon delivery or replacements provided at any time during the term of the Master Lease including, but not limited to engines, transmissions, gears, differentials, cooling systems, electric motors, lights, hydraulic [illegible] and [illegible] cylinders, carriage plates, mast, hydraulic hoses, brakes, buckets, rippers, blades and drive and [illegible], engines, transmissions, drive motors, clutches, hydraulic systems, hoist and tilt cylinders, each used together [illegible] to perform the function for which it was designed in accordance with the manufacturer's [illegible] with no leaks, burnt oil, broken glass, broken covers, smoking, knocking, slipping or grabbing.
• Each item of Equipment shall [illegible] operate normally in forward and reverse through all speed ranges or gears, and shall [illegible] properly when loaded to their rated capacity. When loaded to its rated capacity the Equipment will:

i. Start under its own power, without adjustment and idle without lubricant or other excessive fluid leaks or excessive exhaust fumes, smoke, blow-by, and/or emissions;
ii. Move through its normal speed ranges in both forward and reverse with no slipping or grabbing;
iii. Steer normally in all directions and in all gears;
iv. Be able to stop with its service brakes within a safe distance in both forward and reverse;
v. Maneuver, lift, lower, tilt, penetrate, push, extend, pull and rotate to original specifications; and
vi. The engine shall be able to maintain at least ninety percent (90%) of new compression.

• Brakes will have been maintained according to the manufacturer's standard maintenance schedule and specifications and be in good working order with no damage including no heat discoloration or warpage caused by failure to release parking brake.
• Hydraulic cylinders must not be bent or gouged.
• Hose reels and hose take-up assemblies must not be bent or damaged.
• All safety Equipment, covers and guards, parts, pieces and components must be in place and operational. The overhead guard cannot be re-welded or damaged in any form.
• The seat in the driver's compartment shall not be ripped or torn and all gauges, instrument panel, shift handles, brake and accelerator pedals must be intact, must work properly and be free of any breaks or cracks to the protective coverings.

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC



- Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (to not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 80% of service life remaining;
- Radiator and/or cooling system shall be free from leaks, punctures or holes;
- Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 80% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
- At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
- Annual hour usage shall be limited to 2,000 hours. Additional hours used during a twelve month period of the initial term will be chargeable to Lessee at the rate of $2.00 per hour. For any Renewal Term, except as may be provided in an amendment to this Equipment Supplement, annual hour usage shall continue to be limited to 2,000 hours, prorated if the Renewal Term is less than 12 months; and
- In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event Lessor shall be unprepared to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: Russell Williams

Name: Russell Williams

Title: CFO, Global E-Commerce

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Liebenthal

Name: Jeffrey A. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of 1 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 72**
**dated as of November 16, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of November 16, 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co. LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, separate and distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and rent to Lessee [illegible] (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessions now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 2 of the Master Lease or becoming part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible] field engineering and final acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 13 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Russell Williams

Title: CFO, Global E-Commerce

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approved: [initials] Date: [illegible]

Approved by: Ryan Hanson [initials] [illegible] [initials]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of November [illegible], 20[illegible], to Master Equipment Lease Agreement Number PB-001 dated as of November [illegible], 1998 between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Texas

Original Installation Site: [illegible] State Highway 161, Dallas, TX [illegible]

EQUIPMENT

| QTY | MFR | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|---|
| 2 | CROWN | PE4500-80 | 8,000 LB CAPACITY, AC TRACTION 24 VOLT, [illegible] CONTROL, RIDER PALLET TRUCK | [illegible] |
| 2 | CROWN | [illegible] | V-FORCE LI-LITHIUM BATTERIES | [illegible] |
| 2 | CROWN | [illegible] | V-FORCE LI-LITHIUM CHARGERS | [illegible] |
| 2 | CROWN | [illegible] | BRACKET W HD [illegible] | [illegible] |
| 1 | CROWN | | SHIPPING | [illegible] |
| | | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: [illegible] Williams

Title: CFO, Global Ecommerce

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of November [illegible], 2023

PAYMENT DATES

| | |
|---|---|
| First Periodic Rent Payment Date: | October 1, 2023 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | September 1, [illegible] |
| Expiration Date: | September 30, [illegible] |

LEASE RATE FACTORS

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

RENT PAYMENT

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC
By: ____________________
Name: Russell Williams
Title: CFO, Global E-Commerce

Lessor: Trilogy Leasing Co., LLC
By: ____________________
Name: Jeffrey A. Lichtenfeld
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of November [illegible]

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: [illegible]

Title: CFO, Global E-Commerce

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

| QTY | MFR | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|---|
| 2 | CROWN | [illegible] | [illegible] LB. CAPACITY, AC [illegible], END CONTROL, RIDER PALLET TRUCK | [illegible]<br>[illegible] |
| 2 | CROWN | [illegible] | V-FORCE LI LITHIUM BATTERY | [illegible]<br>[illegible] |
| 2 | CROWN | [illegible] | V-FORCE LI LITHIUM CHARGERS | [illegible]<br>[illegible] |
| 2 | CROWN | [illegible] | BRACKET W/ [illegible] | |
| 1 | CROWN | | [illegible] | |

Original Installation Site: [illegible], Dallas, TX [illegible]

Place Accepted: [illegible], Dallas, TX [illegible]

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]

Signature and authorized Representative of
Pitney Bowes Global Logistics LLC
[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible]<br>Viewed: [illegible] |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | COPIED | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC



• Batteries will be in good, safe operating condition with no dead cells or cracked cases capable of maintaining the manufacturer's rated voltage charge and amp hours (for not less than 5 hours) and battery charger(s) shall be capable of maintaining the manufacturer's rated charging capacity and have not less than 50% of service life remaining;
• Radiator and/or cooling system shall be free from leaks, punctures or holes;
• Each item of Equipment will have serviceable tires and wheels of correct size and type and of equal or greater quality than those originally supplied with good tread (no less than 50% service life remaining) and with no cuts, gouges, flat spots, sidewall damage, chunks or other damage;
• At the time of return to Lessor, each item of equipment shall be capable of being placed in immediate commercial usage without the need for repair, rust free and absent of any and all markings, advertising, logos, graffiti, etc. with serial number and data plates intact;
• Annual hour usage shall be limited to 2,000 hours. Additional hours used during a twelve-month period of the initial term will be chargeable to Lessee at the rate of $2.00 per hour. For any Renewal Term, except as may be provided in an amendment to this Equipment Supplement, annual hour usage shall continue to be limited to 2,000 hours, prorated if the Renewal Term is less than 12 months; and
• In all respects, the Equipment shall be in compliance with all applicable federal, state and local laws, regulations and safety standards in existence at the rent commencement date.

If the Equipment fails to reasonably satisfy the return conditions at the expiration or earlier termination of the Equipment Supplement, as may be determined by examination of a local dealer of similar equipment, Lessee shall be responsible for all costs necessary to satisfy the return conditions or, in the event Lessor elects not to make the Equipment satisfy the return conditions, Lessee shall pay to Lessor the greater of the Casualty Value or full replacement cost of the Equipment.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Christopher B[illegible]

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

COPY VIEW

DocuSign Envelope ID: [illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of 2 serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER 73**
**dated as of December 3, 2021**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of December 3, 2021, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent and effect as if such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, operating distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and let to Lessee (1) order picker truck (the "Equipment") manufactured by Crown ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section 7 of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section 10 of the Master Lease, are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by May 1, 2022, field engineering staff and acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 2 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section 13 of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC



[illegible]

IN WITNESS WHEREOF, [illegible]

Lessee: [illegible]

By: [signature]

Name: [illegible]

Title: [illegible]

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: [illegible]

Title: [illegible]

Subject Matter Expert (SME): [illegible]

Approved: [initials] Date: [illegible]

Approved by: [illegible] [initials]

[illegible]

COPY VIEW

DocuSign Envelope ID: [illegible]


FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 73 dated as of December 5, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Pitney Bowes Inc., and Trilogy Leasing Co., LLC.

State of Original Location: Texas

Original Installation Site: 1101 Post & Paddock Street, Grand Prairie, TX 75050

EQUIPMENT

| QTY | MFG | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | CROWN | PE4500-80 | RIDER PALLET 8,000 LB CAPACITY, AC TRACTION 24 VOLT, END CONTROL | [illegible] |
| 1 | CROWN | 143047-0516-25-1 | V-FORCE LITHIUM BATTERY | $0.00 |
| 1 | CROWN | FEI-50F560-1 | V-FORCE LITHIUM CHARGER | $0.00 |
| 1 | CROWN | | SHIPPING | $1,148.00 |
| | | | | $29,311.79 |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Christopher Bolduc

Title: Senior Director, Global Procurement

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of December [illegible]**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | [illegible] |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | [illegible] |
| Expiration Date: | [illegible] |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Pitney Bowes Global Logistics LLC
Lessee

By: ______________________

Name: Christopher Rende

Title: Senior Director, Global Procurement

Trilogy Leasing Co., LLC
Lessor

By: ______________________

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER 73 dated as of December 3, 2021**

**CASUALTY VALUES**
**[illegible]**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $30,777.58 | 31 | $24,070.44 |
| 2 | $30,555.82 | 32 | $23,846.88 |
| 3 | $30,330.29 | 33 | $23,623.32 |
| 4 | $30,106.69 | 34 | $23,399.75 |
| 5 | $29,883.12 | 35 | $23,176.19 |
| 6 | $29,659.56 | 36 | $22,952.62 |
| 7 | $29,435.99 | 37 | $22,729.06 |
| 8 | $29,212.43 | 38 | [illegible] |
| 9 | $28,988.86 | 39 | [illegible] |
| 10 | $28,765.30 | 40 | $22,058.36 |
| 11 | $28,541.73 | 41 | [illegible] |
| 12 | $28,318.17 | 42 | $21,611.24 |
| 13 | $28,094.61 | 43 | [illegible] |
| 14 | $27,871.04 | 44 | [illegible] |
| 15 | $27,647.48 | 45 | $20,940.54 |
| 16 | $27,423.91 | 46 | $20,716.98 |
| 17 | $27,200.35 | 47 | $20,493.41 |
| 18 | [illegible] | 48 | $20,269.85 |
| 19 | [illegible] | 49 | $20,046.28 |
| 20 | [illegible] | 50 | $19,822.72 |
| 21 | [illegible] | 51 | $19,599.15 |
| 22 | [illegible] | 52 | $19,375.59 |
| 23 | $25,858.96 | 53 | $19,152.03 |
| 24 | $25,635.40 | 54 | $18,928.46 |
| 25 | $25,411.83 | 55 | $18,704.90 |
| 26 | $25,188.27 | 56 | $18,481.33 |
| 27 | $24,964.70 | 57 | $18,257.77 |
| 28 | $24,741.14 | 58 | $18,034.20 |
| 29 | $24,517.57 | 59 | $17,810.64 |
| 30 | $24,294.01 | 60 | $17,587.07 |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Christopher Reddick

Title: Senior Director, Global Procurement

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey S. Lubenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

**EXHIBIT 1**

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 73**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER 73 dated as of December 1, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 between Lessor and Pitney Bowes Global Logistics LLC, the following Items of Equipment:

**EQUIPMENT**

| QTY | MFR | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|---|
| 1 | CROWN | PE4500-80 | RIDER PALLET 8,000 LB CAPACITY, AC TRACTION 24 VOLT, END CONTROL | [illegible] |
| 1 | CROWN | [illegible] | V-FORCE LITHIUM BATTERY | [illegible] |
| 1 | CROWN | [illegible] | V-FORCE LITHIUM CHARGER | [illegible] |
| 1 | CROWN | | SHIPPING | |

Original Installation Site: 1101 Post & Paddock Blvd, Grand Prairie, TX 75050

Place Accepted: 1101 Post & Paddock Blvd, Grand Prairie, TX 75050

DATE ACCEPTED: [illegible]

The acceptance of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: ____________________

____________________
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Christopher [illegible], Senior Director, Global Procurement

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed
Subject: [illegible]
Source Envelope:
Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator:
Certificate Pages: [illegible] | Initials: [illegible] | [illegible]
AutoNav: Enabled | | [illegible]
EnvelopeId Stamping: Enabled | | [illegible]
Time Zone: [illegible] | | [illegible]
[illegible]
IP Address: [illegible]

## Record Tracking

Status: Original [illegible] | Holder: [illegible] | Location: DocuSign
Status: [illegible] | Holder: [illegible] | Location: DocuSign

## Signer Events | Signature | Timestamp

[illegible]
Security Level: Email, Account Authentication (None)
Signature Adoption: Pre-selected Style
Using IP Address: [illegible]
Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

[illegible]
Security Level: Email, Account Authentication (None)
Signature Adoption: Pre-selected Style
Using IP Address: [illegible]
Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

[illegible]
Security Level: Email, Account Authentication (None)
Signature Adoption: Pre-selected Style
Using IP Address: [illegible]
Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

Electronic Record and Signature Disclosure:
Accepted: [illegible]
ID: [illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: [illegible]<br>Electronic Record and Signature Disclosure:<br>[illegible]<br>[illegible] | COPIED | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] between Lessor and Pitney Bowes Global Logistics LLC, the following Items of Equipment:

EQUIPMENT

| QTY | MFG | MACHINE/MODEL | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|---|
| 1 | CROWN | [illegible] | RIDER PALLET 8,000 LB CAPACITY, AC TRACTION 24 VOLT, END CONTROL | [illegible] |
| 1 | CROWN | [illegible] | V-FORCE LITHIUM BATTERY | [illegible] |
| 1 | CROWN | [illegible] | V-FORCE LITHIUM CHARGER | [illegible] |
| 1 | CROWN | | SHIPPING | |

Original Installation Site: [illegible] Post & Paddock Street, Grand Prairie, TX [illegible]

Place Accepted: [illegible] Post & Paddock Street, Grand Prairie, TX [illegible]

DATE ACCEPTED: [illegible]

The signature of this Certificate shall in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
[illegible], Senior Director, Global Procurement

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

[redacted]

[redacted]

[redacted]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: [illegible] | | Status: Completed |
| Subject: Please DocuSign: [illegible] | | |
| Sent with eOriginal: Yes | | |
| Source Envelope: | | |
| Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: |
| Certificate Pages: [illegible] | Initials: [illegible] | [illegible] |
| AutoNav: Enabled | | [illegible] |
| EnvelopeId Stamping: Enabled | | [illegible] |
| Time Zone: [illegible] | | [illegible] |
| | | [illegible] |
| | | IP Address: [illegible] |

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] | Location: DocuSign |
| Status: [illegible] | Holder: [illegible] | Location: DocuSign |
| Status: [illegible] | Holder: [illegible] | Location: [illegible] |

## Signer Events | Signature | Timestamp

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: Pre-selected Style<br>Signed by link sent to [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: Pre-selected Style<br>Signed by link sent to [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br>Signature Adoption: [illegible]<br>Signed by link sent to [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Amendment Number 2 dated May 17, 2023 ("Amendment")
to
Equipment Supplement Number 77 dated March 28, 2022 ("Equipment Supplement")
between
Pitney Bowes Global Logistics LLC, Lessee
and
Trilogy Leasing Co., LLC, Lessor

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessee and Lessor, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. Effective upon the Commencement Date the Equipment Location is changed to 14700 South [illegible] Road, Lockport, IL 60491
2. The Commencement Date is changed from March 1, 2023, to July 1, 2023.
3. The First Periodic Rent Payment Date is changed from March 1, 2023, to July 1, 2023.
4. The Last Periodic Rent Payment Date is changed from February 1, 2026, to June 1, 2026.
5. The Expiration Date is changed from February 28, 2026, to June 30, 2026.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and Agreed to: [illegible]

Subject Matter Expert (SME): Robert Pizzolo

Approval: [illegible]
07/11/2023

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichenthal

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 77**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER 77 dated as of March [illegible], 2022, to Master Equipment Lease Agreement Number PB-[illegible] dated as of November 2, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment.

**EQUIPMENT**

| QTY. | MFR. | MACHINE/MODEL | EQUIPMENT DESCRIPTION |
|---|---|---|---|
| 1 | EUROSORT, INC. | [illegible] | EUROSORT TWIN PUSH TRAY PARCEL SORTER [illegible] |
| 1 | EUROSORT, INC. | | UPGRADE FROM [illegible] TO [illegible] SCANNING |
| 1 | EUROSORT, INC. | | INSTALLATION |
| 1 | EUROSORT, INC. | | SHIPPING |
| 1 | | | ILLINOIS USE TAX |

ORIGINAL INSTALLATION SITE: [illegible] South Cooper Road, Lockport, IL [illegible]

PLACE ACCEPTED: [illegible] South Cooper Road, Lockport, IL [illegible]

AMENDED PERIODIC RENT: [illegible] per month, plus applicable taxes. This amended Periodic Rent is based on a Periodic Lease Rate Factor of [illegible], based on the seven (7) year [illegible] of [illegible]% as of May [illegible], 2023. It is fixed for the duration of the [illegible] Lease Rate Factor is changed to [illegible].

DATE ACCEPTED: [illegible], 2023

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Ana Maria Chadwick

Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

COPY VIEW

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT VI
TO ADDENDUM NUMBER 3

## PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: May 15, 2023

RE: Equipment Supplement Number 77 dated March 29, 2022

The undersigned hereby certifies that the Progress Payment VI of $750,000.00 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Eurosonic, Inc.
55 New Plant Court
Owings Mills, MD 21117

Electronic Payment Instructions:
Company Name: Eurosonic, Inc.
Bank Name: Bank of America
Account Number: [illegible]
Routing Number: [illegible]

Payment confirmations to:
[illegible]

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: [illegible]

Title: Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
|---|---|---|

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 3

## PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: March 20, 2023

RE: Equipment Supplement Number 77 dated March 29, 2022

The undersigned hereby certifies that the Progress Payment V of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Eurosort, Inc.
55 New Plant Court
Owings Mills, MD [illegible]

Electronic Payment Instructions:
Company Name: Eurosort, Inc.
Bank Name: Bank of America
Account Number: [illegible]
Routing Number: [illegible]

Payment confirmations to:
Roberta Lothardt [illegible]

Lessee: [illegible] LLC

By: [signature]

Name: [illegible] Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

| Certificate Of Completion | | |
|---|---|---|
| [illegible] | | [illegible] |

| Record Tracking | | |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |
| [illegible] |  [illegible] | [illegible] |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

**Certificate Of Completion**

**Record Tracking**

| Signer Events | Signature | Timestamp |
|---|---|---|

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

Status: Completed

Document Pages: 1 | Signatures: 1 | Envelope Originator:
Certificate Pages: 5 | Initials: 1
AutoNav: Enabled
Envelopeld Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

## Record Tracking

Status: Original — Holder: — Location: DocuSign

Status: Acknowledged / Receipt Confirmed — Holder: — Location:

| Signer Events | Signature | Timestamp |
|---|---|---|
| | Signature Adoption: Pre-selected Style | Sent: / Viewed: / Signed: |
| Electronic Record and Signature Disclosure: | | |
| | Signature Adoption: Pre-selected Style | Sent: / Viewed: / Signed: |
| Electronic Record and Signature Disclosure: | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 3:44 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30135166

FILED DATE: 11/8/2024 3:44 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. _______________ |
| | ) | |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co. LLC

[illegible]

to

[illegible]

between

[illegible]

and

Trilogy Leasing Co. LLC, Lessor

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co. LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] Status: Completed

Subject: [illegible]

Source Envelope:

Document Pages: [illegible] Signatures: [illegible]

Certificate Pages: [illegible] Initials: [illegible]

AutoNav: Enabled

EnvelopeId Stamping: Enabled

Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Envelope Originator: [illegible]

## Record Tracking

Status: Original [illegible] Holder: [illegible] Location: DocuSign

Status: [illegible] Holder: [illegible] Location: DocuSign

Status: [illegible] Holder: [illegible] Location: [illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible]<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| [illegible]<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| [illegible]<br>Security Level: Email, Account Authentication (None)<br><br>**Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | [illegible]<br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed
Subject: [illegible]
Source Envelope:
Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator:
Certificate Pages: [illegible] | Initials: [illegible] | [illegible]
AutoNav: Enabled | | [illegible]
EnvelopeId Stamping: Enabled | | [illegible]
Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | [illegible]
[illegible]
IP Address: [illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None) | [illegible]<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

[redacted] [redacted] [redacted]

[redacted] [redacted] [redacted]

[redacted]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Subject: [illegible]
[illegible]
Source Envelope:
Document Pages: [illegible]
Certificate Pages: [illegible]
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Signatures: [illegible]
Initials: [illegible]

Status: Completed

Envelope Originator:
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
IP Address: [illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: DocuSign |
| Status: [illegible]<br>[illegible] | Holder: [illegible]<br>[illegible] | Location: [illegible] |

## Signer Events / Signature / Timestamp

[illegible]
[illegible]
Security Level: Email, Account Authentication (None)



Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

[illegible]
[illegible]
[illegible]
Security Level: Email, Account Authentication (None)



Signature Adoption: Pre-selected Style
Using IP Address: [illegible]

Sent: [illegible]
Viewed: [illegible]
Signed: [illegible]

**Electronic Record and Signature Disclosure:**
Accepted: [illegible]
ID: [illegible]

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed

Subject: [illegible]

Source Envelope:

Document Pages: 1 | Signatures: 1 | Envelope Originator:

Certificate Pages: [illegible] | Initials: [illegible]

AutoNav: Enabled

EnvelopeId Stamping: Enabled

Time Zone: (UTC-08:00) Pacific Time (US & Canada)

[illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] | Location: DocuSign |
| Status: [illegible] | Holder: [illegible] | Location: DocuSign |
| Status: [illegible] | Holder: [illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] Security Level: Email, Account Authentication (None) | [illegible] Signature Adoption: Pre-selected Style Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |
| [illegible] Security Level: Email, Account Authentication (None) | [illegible] Signature Adoption: Pre-selected Style Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER 78**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC, under EQUIPMENT SUPPLEMENT NUMBER 78 Dated as of July [illegible], 2022, to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

| QTY | MFR | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | SAVOYE | SORT CENTER SYSTEM INCLUDES: | |
| 1 | SAVOYE | MECHANICAL HARDWARE | |
| 1 | SAVOYE | MECHANICAL BUYOUTS | |
| 1 | SAVOYE | ELECTRICAL BUYOUTS | |
| 1 | SAVOYE | PROJECT/SITE MANAGEMENT | |
| 1 | SAVOYE | MECHANICAL ENGINEERING | |
| 1 | SAVOYE | ELECTRICAL ENGINEERING | |
| 1 | SAVOYE | MECHANICAL INSTALLATION | |
| 1 | SAVOYE | ELECTRICAL INSTALLATION | |
| 2 | SAVOYE | DIRECT FEED DUMPER LINE | |
| 20 | SAVOYE | CONVEYOR EXTENSIONS | |
| 1 | | ILLINOIS USE TAX | |

ORIGINAL INSTALLATION SITE: [illegible] South Gougar Road, Lockport, IL [illegible]

PLACE ACCEPTED: [illegible] South Gougar Road, Lockport, IL [illegible]

AMENDED PERIODIC RENT (monthly rental payments): $[illegible] per month, inclusive of Illinois Use Tax. This amended Periodic Rent is based on a Periodic Lease Rate Factor of [illegible], based on the seven (7) year SOFR of [illegible]% as of July [illegible], 2022. It is fixed for the duration of the Lease Term. The Daily Lease Rate Factor is changed to [illegible].

DATE ACCEPTED: July [illegible], 2022

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

DocuSigned by:
Ana Maria Chadwick
Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT VI
TO ADDENDUM NUMBER 3

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June 21, 2023

RE: Equipment Supplement Number [illegible] dated July 12, 2022

The undersigned hereby certifies that the Progress Payment VI of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: [illegible]

Title: Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

[illegible]

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

Amendment Number 2 dated May 3, 2023 ("Amendment")
to
Equipment Supplement Number 78 dated July 12, 2022 ("Equipment Supplement")
between
Pitney Bowes Global Logistics LLC, Lessee
and
Trilogy Leasing Co., LLC, Lessor

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, ("the Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. Effective upon the Commencement Date the Equipment listed below (described as the "Additional Equipment") shall be added to the Equipment Supplement. Lessee agrees that the Additional Equipment has been delivered to, inspected and accepted by Lessee for all purposes in accordance with the terms of the Master Lease and the Equipment Supplement, and is suitable for its purposes. The Purchase Price shall be changed from $[illegible] to $[illegible], inclusive of Illinois use tax. The Monthly Rent Payment payable under the Equipment Supplement shall be changed from $[illegible], inclusive of Illinois use tax to $[illegible], inclusive of Illinois use tax.

**Additional Equipment:**

| QTY | MANUFACTURER | EQUIPMENT DESCRIPTION |
|---|---|---|
| 20 | [illegible] | CHUTE FLAP EXTENSIONS |

2. Effective upon the Commencement Date, the Casualty Values are changed as follows: See Exhibit A attached hereto and made a part hereof.

3. The Commencement Date is changed from May 1, 2023, to July 1, 2023.

4. The First Periodic Rent Payment Date is changed from May 1, 2023, to July 1, 2023.

5. The Last Periodic Rent Payment Date is changed from April 1, 2030, to June 1, 2030.

6. The Expiration Date is changed from April 30, 2030, to June 30, 2030.

7. Progress Payment Y is changed to $[illegible].

8. Paragraph Number 3 to Addendum Number 1 is changed to:

PROGRESS PAYMENT Y

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment Y of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment Y to this Equipment Supplement and (ii) the vendor invoice.

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC



B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The Daily Lease Rate Factor will be adjusted periodically for any upward movements in the Federal Funds rate from July [illegible], 2022, to the Commencement Date. The rental will be due on the first of each month following the date when each Progress Payment is made.

9. PROGRESS PAYMENT [illegible] (Last and Final Progress Payment) is added.

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment [illegible] of $[illegible] will be paid by Lessor within [illegible] days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization to [illegible] of Attachment [illegible] to this Equipment Supplement, and (iii) the vendor invoice.

Except as set forth hereinabove, all terms, covenants and conditions of the [illegible] and the Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and agreed to: [illegible]/2023

Subject Matter Expert: [illegible] [illegible]

[illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

**Exhibit A to Amendment Number 2**

| AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE | AFTER PAYMENT NUMBER | STIPULATED LOSS VALUE |
|---|---|---|---|
| 1 | [illegible] | 43 | [illegible] |
| 2 | [illegible] | 44 | [illegible] |
| 3 | [illegible] | 45 | [illegible] |
| 4 | [illegible] | 46 | [illegible] |
| 5 | [illegible] | 47 | [illegible] |
| 6 | [illegible] | 48 | [illegible] |
| 7 | [illegible] | 49 | [illegible] |
| 8 | [illegible] | 50 | [illegible] |
| 9 | [illegible] | 51 | [illegible] |
| 10 | [illegible] | 52 | [illegible] |
| 11 | [illegible] | 53 | [illegible] |
| 12 | [illegible] | 54 | [illegible] |
| 13 | [illegible] | 55 | [illegible] |
| 14 | [illegible] | 56 | [illegible] |
| 15 | [illegible] | 57 | [illegible] |
| 16 | [illegible] | 58 | [illegible] |
| 17 | [illegible] | 59 | [illegible] |
| 18 | [illegible] | 60 | [illegible] |
| 19 | [illegible] | 61 | [illegible] |
| 20 | [illegible] | 62 | [illegible] |
| 21 | [illegible] | 63 | [illegible] |
| 22 | [illegible] | 64 | [illegible] |
| 23 | [illegible] | 65 | [illegible] |
| 24 | [illegible] | 66 | [illegible] |
| 25 | [illegible] | 67 | [illegible] |
| 26 | [illegible] | 68 | [illegible] |
| 27 | [illegible] | 69 | [illegible] |
| 28 | [illegible] | 70 | [illegible] |
| 29 | [illegible] | 71 | [illegible] |
| 30 | [illegible] | 72 | [illegible] |
| 31 | [illegible] | 73 | [illegible] |
| 32 | [illegible] | 74 | [illegible] |
| 33 | [illegible] | 75 | [illegible] |
| 34 | [illegible] | 76 | [illegible] |
| 35 | [illegible] | 77 | [illegible] |
| 36 | [illegible] | 78 | [illegible] |
| 37 | [illegible] | 79 | [illegible] |
| 38 | [illegible] | 80 | [illegible] |
| 39 | [illegible] | 81 | [illegible] |
| 40 | [illegible] | 82 | [illegible] |
| 41 | [illegible] | 83 | [illegible] |
| 42 | [illegible] | 84 | [illegible] |

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 5

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: [illegible]

RE: Equipment Supplement Number 78 dated July 12, 2022

The undersigned hereby certifies that the Progress Payment V of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL 60504
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | [illegible] | [illegible] |
| Certified Delivered | [illegible] | [illegible] |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Tollogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number 1 dated June 23, 2023 ("Addendum") to**
**Equipment Supplement Number 88 ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November 3, 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due the first day of each month following the date when each Progress Payment is made.

2. PROGRESS PAYMENT II (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment II to this Equipment Supplement, and (iii) the vendor invoice.

3. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee(s) and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or supplier(s) of the Equipment, or any other person for any reason whatsoever; (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever; or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessee or Lessor.

4. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before three (3) months from the date hereof (unless such period is extended by mutual agreement of Lessee and Lessor), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick
Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: [illegible]

RE: Equipment Supplement Number [illegible] dated June [illegible], 2023

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Avenue
Aurora, IL [illegible]
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: Ana Maria [illegible]

Title: Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

Counterpart No. ___ of [illegible] serially numbered and manually executed counterparts. No security interest may be created through the transfer and possession of any counterpart other than Counterpart No. 1.

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of June [illegible], 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of June [illegible], 2023, between Pitney Bowes Global Logistics LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes Global Logistics LLC, pursuant to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], [illegible] (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. The Master Lease, and each of the terms, covenants, conditions, provisions and agreements therein contained, is hereby by this reference, incorporated herein as fully to the same extent and effect as if each of such terms, covenants, conditions, provisions and agreements had been repeated and set forth in full herein, except to the extent that the same may be inconsistent with the terms and provisions hereof. In the event of any conflict between such terms and provisions and the terms and provisions of the Master Lease, the terms and provisions hereof shall prevail. It is the intention of the parties hereto that this instrument shall constitute a separate lease, operating distinct from the Master Lease, and the rights, powers, privileges and remedies of the parties hereto shall be limited to the terms and provisions hereof, except to the extent that specific terms and provisions of the Master Lease have been incorporated by reference herein.

2. The Lessor does hereby lease and rent to Lessee the items listed on Schedule 1 (the "Equipment") manufactured by [illegible] ("Manufacturer") as more fully described in Schedule 1 hereto together with all attachments, instruments and accessories now and hereafter made thereto. All items or parts of the Equipment, whether a part of the Equipment at the time of acceptance thereof by Lessee pursuant to Section [illegible] of the Master Lease or becoming a part of the Equipment by accession thereto pursuant to Section [illegible] of the Master Lease, are sometimes hereinafter referred to as an "Item of Equipment" or "Items of Equipment".

3. The Lease term for the Equipment ("Lease Term") is defined and shall commence upon the installation by [illegible], field engineering and final acceptance by Lessee (the "Commencement Date") and shall expire on the "Expiration Date" as set forth in Schedule 1 hereto unless earlier terminated, renewed or extended and the Equipment returned, all according to the terms of this Lease.

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit 1 attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment on a time and materials basis. Upon return of the equipment to Lessor in accordance with Section [illegible] of the Lease, the equipment shall be in the same operating order, repair, condition and appearance as on the Installation Date for such Equipment, reasonable wear and tear excepted, with all engineering changes prescribed by the manufacturer incorporated therein, and Lessee shall arrange and pay for such repairs (if any) as are necessary for the manufacturer to accept the equipment under maintenance contract at its then standard rate.

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign Envelope ID: [illegible]

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identical to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approved: [illegible] Date: [illegible]

Approved By: Christopher [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

[illegible]

COPY VIEW

DocuSign Envelope ID: [illegible]

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible] between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: California

Original Installation Site: [illegible], Stockton, CA [illegible]

## EQUIPMENT

| QTY | MFR | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| | | ITEMS LEASED INCLUDE: | |
| 1 | [illegible] | MECHANICAL ENGINEERING | [illegible] |
| 1 | [illegible] | ELECTRICAL/CONTROLS ENGINEERING | [illegible] |
| 1 | [illegible] | PROJECT MANAGEMENT & TRAVEL | [illegible] |
| 1 | [illegible] | MECHANICAL/ELECTRICAL INSTALLATION | [illegible] |
| 1 | [illegible] | MECHANICAL/ELECTRICAL HARDWARE | [illegible] |
| | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Chadwick

Title: [illegible] Vice President and Chief Commercial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of June [illegible], 2023**

**PAYMENT DATES**

First Periodic Rent Payment Date: October 1, 2023

Periodic Rent Payment Dates: The first day of each month

First Termination Date: N/A

Last Periodic Rent Payment Date: September 1, 20[illegible]

Expiration Date: September 30, 20[illegible]

**LEASE RATE FACTORS**

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from June [illegible], 2023, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

Monthly Rent Payment: [illegible]

Lessee: Pitney Bowes Global Logistics LLC
By: [signature]
Name: Ana Chadwick
Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: Jeffrey A. [illegible]
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible]

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

**Certificate Of Completion**

**Record Tracking**

| Signer Events | Signature | Timestamp |
|---|---|---|

Electronic Record and Signature Disclosure

Electronic Record and Signature Disclosure

Electronic Record and Signature Disclosure

FILED DATE: 11/8/2024 3:44 PM 2024L012540

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

**Certificate Of Completion**

[illegible]

**Record Tracking**

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

**Electronic Record and Signature Disclosure**

[illegible]

**Electronic Record and Signature Disclosure**

[illegible]

**Electronic Record and Signature Disclosure**

[illegible]

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

[illegible]

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

COPY VIEW

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Integrity Leasing Co., LLC

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Allegiancy Leasing Co., LLC

Integrity Leasing Co., LLC

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number 74 (the "Equipment Supplement") to Master Equipment Lease Agreement Number PB-001 dated November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc., or any of its subsidiaries or affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

USE, MAINTENANCE AND RETURN PROVISIONS – SECURITY SURVEILLANCE EQUIPMENT

i. Lessee shall operate the Equipment in compliance with all applicable federal, state and local laws. Lessee shall furnish any and all parts and materials necessary to keep the Equipment in good working order. Lessee shall maintain a written maintenance and service record with respect to the Equipment, to be provided to Lessor at any time throughout the Lease at Lessor's request. Lessee shall be responsible for following all Original Equipment Manufacturer's (OEM) recommendations regarding uses or materials. Any repair costs incurred from damage sustained as a result of using materials or operating the Equipment other than those recommended by the OEM will be the responsibility of Lessee.

ii. The following provisions shall apply to Equipment which includes microphones, cameras, video and/or recording devices, computers, servers, laptops, notepads, monitors, headsets, phones, voicemail boxes, [illegible] and/or printers as applicable, related software ("Software") and construction material to install [illegible] ("Equipment"). Lessee acknowledges that Lessor's commitment to lease such Equipment is predicated upon Lessee's compliance with the following requirements upon its return, and that non-compliance directly affects Lessor's ability to remarket said Equipment and may be considered an event of casualty as to those units affected. Lessee shall return said Equipment at its expense in appropriate boxes secured to a pallet, in accordance with the packing instructions and recommendations of the applicable manufacturer, together with a Bill of Lading, which boxes shall prominently display the authorization number obtained from Lessor, to a destination designated by Lessor. Lessee will provide a certification by the manufacturer or a maintenance provider that the Equipment has been tested and is operating in accordance with the manufacturer's specifications along with a report detailing the condition of the Equipment, and proof that all repairs were performed as a result of such tests and inspections. In addition, the Equipment shall be, in all respects, clean and in proper operating condition, aesthetically complete, including manuals, cameras, power supplies, cables, circuitry, grids, adapters, peripherals, receivers, wires, plates, stands, trays, switches, mics, controllers (if applicable, which will be shipped separately in plastic), connectors and contain no cosmetic or other damage which may affect resale value, including but not limited to, screen burn, dents, scratches, rust, corrosion or discoloration. Upon return, the Equipment shall properly function as to all components therein contained, including, as applicable, all memory, the hard drive, CD ROMS (if applicable and which shall read), controllers, speakers and logic boards, and shall perform all applicable self tests. Lessee shall, prior to return, remove any markings, decals or personalization, and passwords which might impede testing, any additions or upgrades not owned by Lessor, and thereupon shall reinstall any parts removed to accommodate such additions or upgrades so as to restore the equipment to the condition, configuration and capacity as when originally installed. If applicable, all batteries contained in the Equipment must provide a sufficient charge for operation of the machine for at least one (1) hour. In returning Software, all software licenses must be fully transferable to a new user. Any costs associated with such transfer will be borne by the Lessee. All Software will be assembled and delivered to Lessor and re-licensed to Lessor or a new owner.

COPY VIEW

iii. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Lease until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Presort Services, LLC

By: Adam David
Name: Adam David
Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey Schottenstein
Name: Jeffrey Schottenstein
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number 2 dated December [illegible], 2023 ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November [illegible], 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due the first day of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment II to this Equipment Supplement, and (iii) the vendor invoice.

3. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessee will accept such assignment in connection with such borrowing and that the rights of Lessor or its assignee(s) and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances, except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or supplier(s) of the Equipment or any other person for any reason whatsoever; (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever; or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings involving by or against the Lessor or Lessee.

4. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before four (4) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Presort Services, LLC

By: *[signature]*
Name: Adam David
Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: *[signature]*
Name: Jeffrey N. Cohenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: 1/2/2024

RE: Equipment Supplement Number 76 dated December 21, 2023

The undersigned hereby certifies that the Progress Payment I of [illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Security Equipment, Inc.
2230 South 156 Circle
Omaha, NE 68130

Electronic Payment Instructions:
Company Name: Security Equipment, Inc.
Bank Name: American National Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Power Solutions, LLC

[illegible]

By: ______________________

[illegible]

Name: Adam [illegible]

Title: VP, Financial Planning and Analysis

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER 76**
**dated as of December 21, 2023**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of December 21, 2023, [illegible] Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. This Equipment Supplement has been entered into by Lessor and Pitney Bowes [illegible], LLC, pursuant to Master Equipment Lease Agreement [illegible] [illegible]

2. The Lessor does hereby lease [illegible] to Lessee [illegible] equipment (the "Equipment") [illegible] Schedule 1 [illegible] "Item of Equipment" or "Items of Equipment".

3. The Lease term [illegible] [illegible] Schedule [illegible] [illegible]

4. The Periodic Rent and Daily Rent for each Item of Equipment shall be calculated using the Lease rate factors set forth in Schedule 2.

5. Lessee will signify its acceptance of the Equipment by the execution and delivery to the Lessor of a Certificate of Acceptance substantially in the form of Exhibit [illegible] attached hereto and made a part hereof.

6. Lessee shall have the right to maintain the equipment in Schedule 1 hereof by the manufacturer of such equipment [illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessor does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

| | |
|---|---|
| Lessee: Pitney Bowes Presort Services, LLC | Lessor: Trilogy Leasing Co., LLC |
| By: Adam David | By: [illegible] |
| Name: Adam David | Name: Jeffrey A. Lichtenthal |
| Title: VP, Financial Planning and Analysis | Title: President and Chief Executive Officer |

Subject Matter Expert (SME): Kimberly Jacko

Approval: KJ Date: 12/29/2023

Approval: Robert L. Francis RF Pilot Chief: [illegible]

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 74 dated as of December 21, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Missouri

Original Installation Site: 13935 Riverport Place, Maryland Heights, MO, 63043

## EQUIPMENT

| QTY. | MFR. | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|---|
| 1 | DMP | [illegible] | INTRUSION PANEL [illegible] | [illegible] |
| 1 | DMP | [illegible] | GRAPHIC TOUCHSCREEN KEYPAD | [illegible] |
| 1 | DMP | [illegible] | VERIZON LTE CELLULAR COMMUNICATOR FOR XR PANELS | [illegible] |
| 10 | GRI | [illegible] | 1" RECESSED [illegible] | [illegible] |
| 2 | POTTER ELECTRIC SIGNAL COMPANY | [illegible] | [illegible] | [illegible] |
| 1 | DMP | [illegible] | WIRELESS [illegible] FOR XR SERIES PANEL | [illegible] |
| 1 | DMP | [illegible] | WIRELESS DUAL [illegible] | [illegible] |
| 4 | BOSCH SECURITY SYSTEMS | [illegible] | CEILING MOUNT 360 [illegible] MOTION SENSOR | [illegible] |
| 2 | BOSCH SECURITY SYSTEMS | [illegible] | [illegible] MOTION DETECTOR | [illegible] |
| 15 | [illegible], INC | [illegible] | [illegible] MOUNT [illegible] CONTACT | [illegible] |
| 1 | DMP | [illegible] | [illegible] PLUG-IN TRANSFORMER | [illegible] |
| 2 | [illegible] TECHNOLOGIES | [illegible] | DUAL SIREN | [illegible] |
| 2 | HONEYWELL | [illegible] | GLASSBREAK DETECTOR, 25' RANGE | [illegible] |
| 10 | DMP | [illegible] | SINGLE POINT ZONE EXPANDER, FLYING LEADS | [illegible] |
| 4 | ALTRONIX CORPORATION | [illegible] | POWER SUPPLY | [illegible] |
| 4 | ALTRONIX CORPORATION | [illegible] | LINE CORD | [illegible] |
| 8 | [illegible] | [illegible] | 12V 7AH BATTERY | [illegible] |
| 1 | APC | [illegible] | TEMPERATURE SENSOR | [illegible] |
| 1 | APC | [illegible] | ELECTRIC DRY CONTACT I/O SMARTSLOT CARD | [illegible] |
| 1 | DMP | [illegible] | BELL SILENCER/REPEATER | [illegible] |
| 1 | DMP | [illegible] | EIGHT POINT ZONE EXPANDER IN [illegible] ENCLOSURE | [illegible] |
| 2 | DMP | [illegible] | OUTPUT EXPANDER | [illegible] |
| 1 | SECURITY EQUIPMENT INC | | CABLE, CONDUIT, INSTALLATION LABOR, FREIGHT AND MISC COSTS | [illegible] |
| 5 | [illegible] | [illegible] | EDGE NETWORK DOOR CONTROLLER | [illegible] |
| 16 | HID CORP | [illegible] | READER, SIGNO, SINGLE GANG | [illegible] |
| 2 | ALTRONIX CORPORATION | [illegible] | 8 PORT, 4 AMP LOCK POWER SUPPLY WITH FIRE RELEASE | [illegible] |
| 8 | [illegible] | [illegible] | BATTERY | [illegible] |
| 2 | ALTRONIX CORPORATION | [illegible] | LINE CORD | [illegible] |
| 1 | FARGO/HID GLOBAL CORP | [illegible] | ID PRINTER, DTC [illegible] SERIES, COLOR, SINGLE-SIDED | [illegible] |
| 500 | HID CORP | [illegible] | PROXIMITY ACCESS CARD | [illegible] |
| 500 | FARGO/HID GLOBAL CORP | [illegible] | PVC [illegible] CARD | [illegible] |
| 1 | [illegible] | [illegible] | ACCESS CONTROL SOFTWARE SERVER [illegible] | [illegible] |

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

# Trilogy Leasing Co., LLC

SCHEDULE 1 TO EQUIPMENT SUPPLEMENT [illegible]
Page 1 of [illegible]

| QTY. | MFR | MACHINE/MODEL | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | STARTECH | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | APC | [illegible] | [illegible] | [illegible] |
| [illegible] | STARTECH | [illegible] | [illegible] | [illegible] |
| [illegible] | AXIS COMMUNICATIONS, INC | [illegible] | [illegible] | [illegible] |
| [illegible] | MILESTONE SYSTEMS, INC | [illegible] | [illegible] | [illegible] |
| [illegible] | MILESTONE SYSTEMS, INC | [illegible] | [illegible] | [illegible] |
| [illegible] | MILESTONE SYSTEMS, INC | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | AXIS COMMUNICATIONS, INC | [illegible] | [illegible] | [illegible] |
| [illegible] | AXIS COMMUNICATIONS, INC | [illegible] | [illegible] | [illegible] |
| [illegible] | AXIS COMMUNICATIONS, INC | [illegible] | [illegible] | [illegible] |
| [illegible] | GRANDSTREAM | [illegible] | [illegible] | [illegible] |
| [illegible] | GRANDSTREAM | [illegible] | [illegible] | [illegible] |
| [illegible] | SECURITY EQUIPMENT, INC | | ENGINEERING, PROGRAMMING, TESTING, COMMISSIONING AND PROJECT MANAGEMENT | [illegible] |
| | | | | [illegible] |

Lessee: Pitney Bowes [illegible] Services, LLC

By: [signature]

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lubenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of December [illegible], 2023

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | May 1, 2024 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | April 1, 2027 |
| Expiration Date: | April 30, 2027 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from December [illegible], 2023, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

COPY VIEW

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | $[illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 3:44 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

Status: Completed

## Record Tracking

[illegible]

## Signer Events | Signature | Timestamp

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

COPIED

COPIED

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPY VIEW

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPY

FILED DATE: 11/8/2024 3:44 PM 2024L012540

COPIED

FILED DATE: 11/8/2024 3:44 PM 2024L012540

[illegible]

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

FILED DATE: 11/8/2024 3:44 PM 2024L012540

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 4:12 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30135940

FILED DATE: 11/8/2024 4:12 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

KINGSBRIDGE HOLDINGS, LLC, )
)
Plaintiff, )
)
v. ) No. 2024L012540
)
PITNEY BOWES, INC., and )
PITNEY BOWES PRESORT )
SERVICES, LLC )
)
)
Defendants. )

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated June 18, 2024 ("Amendment")**
**to**
**Equipment Supplement Number 75 dated January 9, 2024 ("Equipment Supplement")**
**between**
**Pitney Bowes Presort Services, LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999 (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. Effective as of May 31, 2024, the Purchase Price shall be changed from $[illegible] to $[illegible], exclusive of applicable taxes. The Periodic Rent Payment payable under the Equipment Supplement shall be changed from $[illegible] to $[illegible], exclusive of applicable taxes.
2. Effective as of May 31, 2024, Schedule 1 is deleted and replaced with Amended Schedule 1 attached hereto and made a part hereof.
3. The Commencement Date is changed from May 1, 2024 to June 1, 2024.
4. The First Periodic Rent Payment Date is changed from May 1, 2024 to June 1, 2024.
5. The Last Periodic Rent Payment Date is changed from April 1, 2027 to May 1, 2027.
6. The Expiration Date is changed from April 30, 2027 to May 31, 2027.

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and the Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and agreed to: [illegible]

Subject Matter Expert (SME): [illegible]

Approved: [illegible]

[illegible]

Lessee: Pitney Bowes Presort Services, LLC
By: [signature]
Name: Adam David
Title: SR. Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: [illegible]
Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

AMENDED SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible]

CASUALTY VALUES
(STATED AS A PERCENTAGE OF MANUFACTURER'S INVOICE COST)

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 19 | [illegible] |
| 2 | [illegible] | 20 | [illegible] |
| 3 | [illegible] | 21 | [illegible] |
| 4 | [illegible] | 22 | [illegible] |
| 5 | [illegible] | 23 | [illegible] |
| 6 | [illegible] | 24 | [illegible] |
| 7 | [illegible] | 25 | [illegible] |
| 8 | [illegible] | 26 | [illegible] |
| 9 | [illegible] | 27 | [illegible] |
| 10 | [illegible] | 28 | [illegible] |
| 11 | [illegible] | 29 | [illegible] |
| 12 | [illegible] | 30 | [illegible] |
| 13 | [illegible] | 31 | [illegible] |
| 14 | [illegible] | 32 | [illegible] |
| 15 | [illegible] | 33 | [illegible] |
| 16 | [illegible] | 34 | [illegible] |
| 17 | [illegible] | 35 | [illegible] |
| 18 | [illegible] | 36 | [illegible] |

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT V
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: June 5, 2024

RE: Equipment Supplement Number [illegible] dated January [illegible], 2024

The undersigned hereby certifies that the Progress Payment V of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: CapStone Technologies LLC
828 P Street, 3rd Floor
Lincoln, NE 68508

Electronic Payment Instructions:
Company Name: CapStone Technologies LLC
Bank Name: Union Bank and Trust
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Power Solutions, LLC

By: [signature]

Name: Adam D[illegible]

Title: VP, Financial Planning
and Analysis

COPY VIEW

DocuSign Envelope ID: [illegible]

[illegible]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

**CERTIFICATE OF ACCEPTANCE**
**UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]**

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Presort Services, LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Presort Services, LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], 2024, to Master Equipment Lease Agreement Number [illegible] dated as of November [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

**EQUIPMENT**

| QTY. | MFR | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| | | PHASE I – SCAN POINT REPLACEMENT & MECHANICAL SCOPE INCLUDES: | |
| 1 | CAPSTONE | MATERIALS, ACCESSORIES, AND HARDWARE | |
| 1 | CAPSTONE | MECHANICAL INSTALLATION AND CONTROLS [illegible] | |
| 1 | CAPSTONE | PROFESSIONAL SERVICES | |
| | | PHASE II – [illegible] REPLACEMENT, SOFTWARE [illegible] UPGRADES SCOPE INCLUDES: | |
| 1 | CAPSTONE | INSTALLATION AND CONTROLS – PROGRAMMING | |
| 1 | CAPSTONE | MATERIALS, ACCESSORIES AND HARDWARE | |
| 1 | CAPSTONE | PROFESSIONAL SERVICES | |
| 1 | CAPSTONE | FREIGHT | |

Original Installation Site: [illegible], Grand Prairie, TX [illegible]

Place Accepted: [illegible], Grand Prairie, TX [illegible]

AMENDED PERIODIC RENT [illegible] per month, plus applicable taxes. [illegible]

DATE ACCEPTED: [illegible], 2024

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]/2024

[Signature]
Inspector and Authorized Representative of
Pitney Bowes Presort Services, LLC
Adam David, VP, Financial Planning and Analysis

FILED DATE: 11/8/2024 4:12 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| | COPIED | |
| | COPIED | |
| | COPIED | |
| | COPIED | |
| | COPIED | |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

Electronic Record and Signature Disclosure

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT B
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: March 11, 2024

RE: Equipment Supplement Number [illegible] dated January [illegible], 2024

The undersigned hereby certifies that the Progress Payment [illegible] of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: CapStone Technologies LLC
[illegible] P Street, 3rd Floor
Lincoln, NE [illegible]

Electronic Payment Instructions:
Company Name: CapStone Technologies LLC
Bank Name: Union Bank and Trust
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Power Solutions, LLC

By: [signature]

Name: Adam [illegible]

Title: VP, Financial Planning and Analysis

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
|---|---|---|
| |  | |
| |  | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | | |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

Electronic Record and Signature Disclosure

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT III
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: April 11, 2024

RE: Equipment Supplement Number 75 dated January 9, 2024

The undersigned hereby certifies that the Progress Payment III of $71,221.60 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: CapStone Technologies LLC
826 P Street, 3rd Floor
Lincoln, NE 68508

Electronic Payment Instructions:
Company Name: CapStone Technologies LLC
Bank Name: Union Bank and Trust
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Power Solutions, LLC

By: [signature]

Name: Adam [illegible]

Title: VP, Financial Planning
and Analysis

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT IV
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: April 11, 2024

RE: Equipment Supplement Number 75 dated January 9, 2024

The undersigned hereby certifies that the Progress Payment IV of $71,221.60 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: CapStone Technologies LLC
820 P Street, 3rd Floor
Lincoln, NE 68508

Electronic Payment Instructions:
Company Name: CapStone Technologies LLC
Bank Name: Union Bank and Trust
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Power Solutions, LLC

By: [signature]

Name: Adam [illegible]

Title: VP, Financial Planning and Analysis

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Subject: [illegible]
Source Envelope:
Document Pages: [illegible]
Certificate Pages: [illegible]
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: [illegible]

Status: Completed

Signatures: [illegible]
Initials: [illegible]

Envelope Originator:
[illegible]
IP Address: [illegible]

## Record Tracking

Status: Original [illegible]
Holder: [illegible]
Location: DocuSign

Status: [illegible]
Holder: [illegible]
Location: DocuSign

Status: [illegible]
Holder: [illegible]
Location: [illegible]

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible]<br>Security Level: Email, Account Authentication (None), [illegible] | [illegible]<br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>Security Level: Email, Account Authentication (None), [illegible] | [illegible]<br>Signature Adoption: [illegible]<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | COPIED | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

| Electronic Record and Signature Disclosure |
|---|

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum to Equipment Supplement Number 75
Page 2 of 2

e. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

Lessee: Pitney Bowes Presort Services, LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenfeld

Name: Jeffrey A. Lichtenfeld

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

**Addendum Number 2 dated January [illegible], 2024 ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November [illegible], 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within [illegible] days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment II to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

3. PROGRESS PAYMENT III

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment III of $[illegible] will be paid by Lessor within forty-five (45) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment III to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

4. PROGRESS PAYMENT IV

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment IV of $[illegible] will be paid by Lessor within forty-five (45) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment IV to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due on the first of each month following the date when such Progress Payment is made.

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC



5. PROGRESS PAYMENT V (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment V of $[illegible] will be paid by Lessor within forty-five (45) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment V to this Equipment Supplement, and (iii) the vendor invoice.

6. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such borrowing [illegible]. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee in and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or seller(s) of the Equipment, or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

7. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before four (4) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor, at Lessor's option, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payments from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

COPY VIEW

Lessee: Pitney Bowes [illegible] Services, LLC
By: [signature]
Name: Adam David
Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC
By: [signature]
Name: Jeffrey A. Lichtenthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: 1/26/2024

RE: Equipment Supplement Number 75 dated January 9, 2024

The undersigned hereby certifies that the Progress Payment 1 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: CapStone Technologies LLC
826 P Street, 3rd Floor
Lincoln, NE 68508

Electronic Payment Instructions:
Company Name: CapStone Technologies LLC
Bank Name: Union Bank and Trust
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Power Solutions, LLC

By: [signature]

Name: Adam Dyck

Title: VP, Financial Planning and Analysis

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER 75**
**dated as of January 5, 2024**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of January 5, 2024, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

COPY VIEW

Docusign Envelope ID: [illegible]

THIS IS A COPY
[illegible]
by the designated custodian

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Presort Services, LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lieberthal

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Kimberly Jacks

Approved: KJ Date: 1/22/2024

Approved: Robert L. Francis RF Data Check KJ

[illegible]

DocuSign Envelope ID: [illegible]

THIS IS A COPY
This is a copy view of the Authoritative Copy held
by the designated custodian

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], 2024, to Master Equipment Lease Agreement Number PB-001 dated as of November [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Texas

Original Installation Site: 1101 Post & Paddock Road, Grand Prairie, TX 75050

## EQUIPMENT

| QTY. | MFR. | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| | | PHASE I – SCAN POINT REPLACEMENT & MECHANICAL SCOPE INCLUDES: | |
| 1 | CAPSTONE | MATERIALS, ACCESSORIES, AND HARDWARE | [illegible] |
| 1 | CAPSTONE | MECHANICAL INSTALLATION AND CONTROLS / PROGRAMMING | [illegible] |
| 1 | CAPSTONE | PROFESSIONAL SERVICES | [illegible] |
| | | PHASE II – SCANNER REPLACEMENT, SOFTWARE / PROGRAMMING SCOPE INCLUDES: | |
| 1 | CAPSTONE | INSTALLATION AND CONTROLS / PROGRAMMING | [illegible] |
| 1 | CAPSTONE | MATERIALS, ACCESSORIES AND HARDWARE | [illegible] |
| 1 | CAPSTONE | PROFESSIONAL SERVICES | [illegible] |
| 1 | CAPSTONE | FREIGHT | [illegible] |
| | | | [illegible] |

COPY VIEW

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]

Name: [illegible]

Title: VP, Financial Planning and Analysis (?)

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenfeld

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of January [illegible], 2024**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date | May 1, 2024 |
| Periodic Rent Payment Dates | The first day of each month |
| First Termination Date | N/A |
| Last Periodic Rent Payment Date | April 1, 2027 |
| Expiration Date | April 30, 2027 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor | [illegible] |
| Periodic Lease Rate Factor | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from January 08, 2024, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment | $[illegible] |

Lessee: Pitney Bowes Presort Services, LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: [illegible]

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

[illegible]

CASUALTY VALUES

[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 19 | [illegible] |
| 2 | [illegible] | 20 | [illegible] |
| 3 | [illegible] | 21 | [illegible] |
| 4 | [illegible] | 22 | [illegible] |
| 5 | [illegible] | 23 | [illegible] |
| 6 | [illegible] | 24 | [illegible] |
| 7 | [illegible] | 25 | [illegible] |
| 8 | [illegible] | 26 | [illegible] |
| 9 | [illegible] | 27 | [illegible] |
| 10 | [illegible] | 28 | [illegible] |
| 11 | [illegible] | 29 | [illegible] |
| 12 | [illegible] | 30 | [illegible] |
| 13 | [illegible] | 31 | [illegible] |
| 14 | [illegible] | 32 | [illegible] |
| 15 | [illegible] | 33 | [illegible] |
| 16 | [illegible] | 34 | [illegible] |
| 17 | [illegible] | 35 | [illegible] |
| 18 | [illegible] | 36 | [illegible] |

COPY VIEW

Lessee: [illegible]

By: [illegible]

Name: [illegible]

Title: [illegible]

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: [illegible]

Title: [illegible]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible]
Status: Completed
Subject: [illegible]
[illegible]
[illegible]
Document Pages: [illegible]
Signatures: [illegible]
Envelope Originator:
Certificate Pages: [illegible]
Initials: [illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
IP Address: [illegible]

## Record Tracking

| | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: DocuSign |
| Status: [illegible] [illegible] | Holder: [illegible] [illegible] | Location: [illegible] |

## Signer Events

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None), Access Code | <br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None), Access Code | <br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None), Access Code | <br>Signature Adoption: Pre-selected Style<br>Using IP Address: [illegible] | Sent: [illegible]<br>Viewed: [illegible]<br>Signed: [illegible] |
| **Electronic Record and Signature Disclosure:**<br>Accepted: [illegible]<br>ID: [illegible] | | |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

Electronic Record and Signature Disclosure

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER 76

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Presort Services, LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Presort Services, LLC under EQUIPMENT SUPPLEMENT NUMBER 76 dated as of February 1, 2024, to Master Equipment Lease Agreement Number PB-001 dated as of November 1, 1999, between Lessee and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

| QTY | ITEM | EQUIPMENT DESCRIPTION |
|---|---|---|
| 1 | | MATERIALS PROVIDED BY PROGRESSIVE TECHNOLOGIES, INC. INCLUDING: |
| 1 | [illegible] | 7' RELAY RACK, BLACK |
| 2 | [illegible] | VERTICAL WIRE MGR, [illegible] |
| 3 | [illegible] | WIRE MANAGER HORIZONTAL FRONT & BACK [illegible] |
| 1 | [illegible] | CABINET [illegible] WALL MOUNT [illegible] |
| 1 | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] FIBER OPTIC CABLE [illegible] |
| 1 | [illegible] | [illegible] FIBER OPTIC CABLE [illegible] |
| 1 | [illegible] | [illegible] FIBER OPTIC CABLE [illegible] |
| 1 | [illegible] | [illegible] FIBER OPTIC CABLE [illegible] |
| [illegible] | [illegible] | FIBER [illegible] |
| [illegible] | [illegible] | FIBER [illegible] |
| 1 | [illegible] | [illegible] RACK MOUNT [illegible] BLACK |
| 1 | [illegible] | [illegible] RACK MOUNT [illegible] BLACK |
| 1 | [illegible] | [illegible] WALL MOUNT BLACK |
| 2 | [illegible] | FIBER [illegible] PANEL [illegible] |
| [illegible] | [illegible] | FIBER [illegible] |
| 1 | [illegible] | [illegible] |
| 1 | [illegible] | [illegible] RACK MOUNT [illegible] |
| 1 | [illegible] | [illegible] GREEN, [illegible] |
| 1 | [illegible] | PATCH PANEL [illegible] |
| [illegible] | [illegible] | BLANK [illegible] BLACK [illegible] |
| 4 | [illegible] | LADDER RACK [illegible] BLACK |
| 4 | [illegible] | WALL ANGLE BRACKET [illegible] |
| 1 | [illegible] | JUNCTION SPLICE KIT BLACK |
| 1 | [illegible] | CABLE RUNWAY BUTT SPLICE BLACK |
| 4 | [illegible] | CABLE RUNWAY SUPPORT BRACKET [illegible] |
| 1 | [illegible] | CABLE RUNWAY ELEVATION KIT |
| 1 | [illegible] | GROUNDING STRAP |
| 4 | [illegible] | [illegible] CABLE TRAY |
| 1 | [illegible] | SPLICE WASHER [illegible] |
| 1 | [illegible] | [illegible] |
| [illegible] | [illegible] | JACK CAT6 [illegible] BLUE |
| [illegible] | [illegible] | [illegible] FACEPLATE [illegible] WHITE |
| [illegible] | [illegible] | FACEPLATE [illegible] PORT [illegible] WHITE |
| [illegible] | [illegible] | FACEPLATE [illegible] PORT [illegible] WHITE |
| [illegible] | [illegible] | SURFACE MOUNT BOX [illegible] PORT WHITE [illegible] |
| [illegible] | [illegible] | JACK CAT6 [illegible] ORANGE |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

CERTIFICATE OF ACCEPTANCE TO EQUIPMENT SUPPLEMENT NUMBER [illegible]

Page [illegible]

| QTY | ITEM | EQUIPMENT DESCRIPTION | S/N |
|---|---|---|---|
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | WASHER [illegible] | |
| 1 | [illegible] | [illegible] NUT | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 6 | [illegible] | [illegible] | |
| 6 | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| 4 | [illegible] | [illegible] | |
| [illegible] | [illegible] | [illegible] | |
| 6 | [illegible] | [illegible] | |
| 2 | [illegible] | [illegible] | |
| 2 | [illegible] | [illegible] | |
| 1 | [illegible] | [illegible] | |
| 1 | | [illegible] | |
| 1 | | [illegible] | |

COPY VIEW

Original Installation Site: [illegible]

Place Accepted: [illegible]

AMENDED PERIODIC RENT [illegible]

DATE ACCEPTED: June 1, 2024

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

[signature]

Lessee's Duly Authorized Representative of
Pitney Bowes Presort Services, LLC
Adam David, VP, Financial Planning and Analysis

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT B
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: May 15, 2024

RE: Equipment Supplement Number [illegible] dated February 5, 2024

The undersigned hereby certifies that the Progress Payment II of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Progressive Technologies, Inc.
3750 Old Getwell Road
Memphis, TN 38118

Electronic Payment Instructions:
Company Name: Progressive Technologies, Inc.
Bank Name: First Horizon
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Power Solutions, LLC

By: [illegible signature]

Name: [illegible]

Title: VP, Financial Planning
and Analysis

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

DocuSign

| Certificate Of Completion | | |
|---|---|---|
| Envelope Id: [illegible] | | Status: Completed |
| Subject: [illegible] | | |
| [illegible] | | |
| Source Envelope: | | |
| Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator: |
| Certificate Pages: [illegible] | Initials: [illegible] | [illegible] |
| AutoNav: Enabled | | [illegible] |
| EnvelopeId Stamping: Enabled | | [illegible] |
| Time Zone: [illegible] | | [illegible] |
| | | [illegible] |
| | | IP Address: [illegible] |

| Record Tracking | | |
|---|---|---|
| Status: Original [illegible] | Holder: [illegible] | Location: DocuSign |
| Status: [illegible] | Holder: [illegible] | Location: DocuSign |
| Status: [illegible] | Holder: [illegible] | Location: [illegible] |

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] |  Signature Adoption: [illegible] Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |
| [illegible] |  Signature Adoption: [illegible] Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

**Addendum Number 1 dated February 3, 2020 ("Addendum") to
Equipment Supplement Number 76 ("Equipment Supplement") to
Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Presort Services, LLC ("Lessee")
Pursuant to the Master Equipment Lease Agreement dated November 3, 1999 ("Master Lease")
between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within fifteen (15) days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due the first day of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment II to this Equipment Supplement, and (iii) the vendor invoice.

3. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee(s) and to the rental payments due under the Equipment Supplement shall be absolute and unconditional under all circumstances except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or supplier(s) of the Equipment or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the Equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

4. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before three (3) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Presort Services, LLC

By: [signature]
Name: [illegible]
Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: [signature]
Name: [illegible]
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: [illegible]

RE: Equipment Supplement Number 76 dated February 1, 2024

The undersigned hereby certifies that the Progress Payment 1 of $54,772.83 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Progressive Technologies, Inc.
2750 Old Getwell Road
Memphis, TN 38118

Electronic Payment Instructions:
Company Name: Progressive Technologies, Inc.
Bank Name: First Horizon
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Power Solutions, LLC

By: [signature]

Name: Adam [illegible]

Title: VP, Financial Planning and Analysis

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of February [illegible], 2024**

**between**

**Pitney Bowes Presort Services, LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

THIS EQUIPMENT SUPPLEMENT (the "Equipment Supplement") dated as of February [illegible], 2024, between Pitney Bowes Presort Services, LLC (the "Lessee") and Trilogy Leasing Co., LLC (the "Lessor").

**WITNESSETH**

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

COPY VIEW

DocuSign Envelope ID: [illegible]

THIS IS A COPY
[illegible]
by the designated custodian

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Presort Services, LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. [illegible]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Kimberly [illegible]

Approval: KJ Date: [illegible]/2024

Approval: Robert L. Francis RF [illegible] [illegible] [illegible] [illegible]

[illegible]

COPY VIEW

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, Y

FILED
11/8/2024 4:12 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024L012540
Calendar, Y
30135940

FILED DATE: 11/8/2024 4:12 PM 2024L012540

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| KINGSBRIDGE HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2024L012540 |
| | ) |
| PITNEY BOWES, INC., and PITNEY BOWES PRESORT SERVICES, LLC | ) |
| | ) |
| Defendants. | ) |

**GROUP EXHIBIT B TO COMPLAINT**

DRF EQUIPMENT SUPPLEMENTS

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], 2024, to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and [illegible], or any of its subsidiaries and affiliates.

State of Original Location: Missouri

Original Installation Site: 13931 Riverport Place, Maryland Heights, MO 63043

## EQUIPMENT

| QTY | ITEM | EQUIPMENT DESCRIPTION | PURCHASE PRICE |
|---|---|---|---|
| 1 | | MATERIALS PROVIDED BY PROGRESSIVE TECHNOLOGIES, INC. INCLUDING: | [illegible] |
| 1 | [illegible] | 7' RELAY RACK BLACK | |
| 2 | [illegible] | VERTICAL WIRE MNG DBL SIDED BLACK [illegible] | |
| 5 | [illegible] | WIRE MANAGER HORIZONTAL FRONT & BACK PATCH PNL [illegible] BLACK | |
| 2 | [illegible] | CABINET [illegible] WALL MOUNT WINDOW DOOR BLACK | |
| 1 | [illegible] | 20,000 FEET UTP CAT 6 PLENUM BLUE | |
| 1 | [illegible] | [illegible] FEET FIBER OPTIC CABLE [illegible] STRAND PLENUM [illegible] INTERLOCKING ARMORED | |
| 1 | [illegible] | [illegible] FEET FIBER OPTIC CABLE 12 STRAND RISER [illegible] INTERLOCKING ARMORED | |
| 1 | [illegible] | [illegible] FEET FIBER OPTIC CABLE 12 STRAND RISER [illegible] INTERLOCKING ARMORED | |
| 1 | [illegible] | [illegible] FEET FIBER OPTIC CABLE 12 STRAND RISER [illegible] INTERLOCKING ARMORED | |
| 6 | [illegible] | FIBER [illegible] PANEL [illegible] DUPLEX LC OM3 | |
| 80 | [illegible] | FIBER CONNECTOR [illegible] | |
| 1 | [illegible] | FIBER [illegible] PATCH PANEL [illegible] RACK MOUNT 1U BLACK | |
| 2 | [illegible] | FIBER [illegible] PATCH PANEL [illegible] RACK MOUNT 1U BLACK | |
| 1 | [illegible] | FIBER [illegible] PATCH PANEL [illegible] WALL MOUNT BLACK | |
| 2 | [illegible] | FIBER ADAPTER PANEL [illegible] DUPLEX LC OM3 | |
| 56 | [illegible] | FIBER CONNECTOR LC [illegible] | |
| 1 | [illegible] | GROUND BUSBAR [illegible] | |
| 2 | [illegible] | GROUNDING BUSBAR ASSEMBLY RACK MOUNT [illegible] | |
| 1 | [illegible] | 75 FEET THHN BUILDING WIRE, 6 AWG STRANDED COPPER CONDUCTOR, GREEN, CUT REEL | |
| 5 | [illegible] | PATCH PANEL [illegible] PORT MODULAR [illegible] NETKEY | |
| 50 | [illegible] | BLANK MODULE BLACK NETKEY | |
| 4 | [illegible] | LADDER RACK 12" X 10' BLACK | |
| 4 | [illegible] | WALL ANGLE BRACKET BLACK 12" | |
| 2 | [illegible] | BUTT SPLICE KIT BLACK | |
| 1 | [illegible] | CABLE RUNWAY BUTT SPLICE BLACK | |
| 8 | [illegible] | CABLE RUNWAY SUPPORT BRACKET [illegible] THREADED ROD [illegible] STRINGERS | |
| 1 | [illegible] | CABLE RUNWAY ELEVATION KIT | |
| 3 | [illegible] | GROUNDING STRAP | |
| 4 | [illegible] | [illegible] CABLE TRAY | |
| 1 | [illegible] | SPLICE WASHER KIT [illegible] | |
| 2 | [illegible] | [illegible] | |
| 172 | [illegible] | JACK CAT 6 NETKEY BLUE | |
| 47 | [illegible] | 2 PORT FACEPLATE [illegible] WHITE | |
| 66 | [illegible] | FACEPLATE 4 PORT NETKEY WHITE | |

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1

To EQUIPMENT SUPPLEMENT NUMBER [illegible]
dated as of February [illegible], 2024

PAYMENT DATES

First Periodic Rent Payment Date: June 1, 2024

Periodic Rent Payment Dates: The first day of each month

First Termination Date: N/A

Last Periodic Rent Payment Date: May 1, 2027

Expiration Date: May 31, 2027

LEASE RATE FACTORS

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR [illegible] January 31, 2024, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

RENT PAYMENT

Monthly Rent Payment: $[illegible]

Lessee: Pitney Bowes Presort Services, LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible]

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 19 | [illegible] |
| 2 | [illegible] | 20 | [illegible] |
| 3 | [illegible] | 21 | [illegible] |
| 4 | [illegible] | 22 | [illegible] |
| 5 | [illegible] | 23 | [illegible] |
| 6 | [illegible] | 24 | [illegible] |
| 7 | [illegible] | 25 | [illegible] |
| 8 | [illegible] | 26 | [illegible] |
| 9 | [illegible] | 27 | [illegible] |
| 10 | [illegible] | 28 | [illegible] |
| 11 | [illegible] | 29 | [illegible] |
| 12 | [illegible] | 30 | [illegible] |
| 13 | [illegible] | 31 | [illegible] |
| 14 | [illegible] | 32 | [illegible] |
| 15 | [illegible] | 33 | [illegible] |
| 16 | [illegible] | 34 | [illegible] |
| 17 | [illegible] | 35 | [illegible] |
| 18 | [illegible] | 36 | [illegible] |

Lessee: [illegible]

By: [signature]

Name: [illegible]

Title: [illegible]

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: [illegible]

Title: [illegible]

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

DocuSign

## Certificate Of Completion

[illegible]

## Record Tracking

[illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

[illegible]

COPIED

[illegible]

COPIED

[illegible]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| [illegible] | [illegible] | [illegible] |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| [illegible] | [illegible] | [illegible] |
|---|---|---|

| [illegible] | [illegible] | [illegible] |
|---|---|---|

| [illegible] | [illegible] | [illegible] |
|---|---|---|

FILED DATE: 11/8/2024 4:12 PM 2024L012540

[redacted]

[redacted]

[redacted]

[redacted]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Supplements [illegible] - [illegible]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

**Addendum Number 1 dated July [illegible], 20[illegible] ("Addendum") to
Equipment Supplement Number [illegible] ("Equipment Supplement") to
Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee")
Pursuant to the Master Equipment Lease Agreement dated November [illegible], 1999 ("Master Lease")
between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $[illegible] will be paid by Lessor within seven (7) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due the first day of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $[illegible] will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment II to this Equipment Supplement, and (iii) the vendor invoice.

3. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefore, Lessor may assign this Equipment Supplement, including without limitation Lessor's rights under this section to the lender of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee(s) and to the rental payments due under the Equipment Supplement shall be absolute and unconditional and not subject to abatement except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or supplier(s) of the Equipment or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the Equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessee or Lessor.

4. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before three (3) months from the date hereof (unless such period is extended by mutual agreement of Lessor and Lessee), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick
Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey [illegible]

Name: Jeffrey [illegible]
Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: [illegible]

RE: Equipment Supplement Number 01 dated July 6, 2023

The undersigned hereby certifies that the Progress Payment 1 of $107,245.00 requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
3950 Sussex Avenue
Aurora, IL 60504
(331) 281-2700

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: [illegible]

Title: Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of July 6, 2023**

**between**

**Pitney Bowes Global Logistics LLC, Lessee**

**and**

**Trilogy Leasing Co., LLC, Lessor**

[illegible]

**WITNESSETH**

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified to those unit(s) of equipment being terminated only whose serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [illegible]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): [illegible]

Approved: [illegible] Date: 7/12/2023

Approved By: [illegible] [illegible] [illegible]

[illegible]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 11 dated as of July 6, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1998 between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: Ohio

Original Installation Site: 6111 Bixby Road, Building #3, Canal Winchester, OH 43110

## EQUIPMENT

| QTY | MFR | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|
| | | ITEMS LEASED INCLUDE: | | |
| 1 | SAVOYE | MECHANICAL ENGINEERING | [illegible] | [illegible] |
| 1 | SAVOYE | ELECTRICAL CONTROLS ENGINEERING | [illegible] | [illegible] |
| 1 | SAVOYE | PROJECT MANAGEMENT & TRAVEL | [illegible] | [illegible] |
| 1 | SAVOYE | MECHANICAL ELECTRICAL INSTALLATION | [illegible] | [illegible] |
| 1 | SAVOYE | MECHANICAL ELECTRICAL HARDWARE | [illegible] | [illegible] |
| 1 | | OHIO SALES TAX | [illegible] | [illegible] |
| | | | | [illegible] |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey S. Liebenthal

Name: Jeffrey S. Liebenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of July 6, 2022**

**PAYMENT DATES**

| | |
|---|---|
| First Periodic Rent Payment Date: | November 1, 2022 |
| Periodic Rent Payment Dates: | The first day of each month |
| First Termination Date: | N/A |
| Last Periodic Rent Payment Date: | October 1, 2027 |
| Expiration Date: | October 31, 2027 |

**LEASE RATE FACTORS**

| | |
|---|---|
| Daily Lease Rate Factor: | [illegible] |
| Periodic Lease Rate Factor: | [illegible] |

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR [illegible] June [illegible], 2022, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

| | |
|---|---|
| Monthly Rent Payment: | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Chadwick

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

**SCHEDULE 1**
**EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of July [illegible], 2023**

**CASUALTY VALUES**
**[illegible]**

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | $240,503.24 | 25 | $176,185.80 |
| 2 | $237,823.54 | 26 | $173,505.91 |
| 3 | $235,143.85 | 27 | $170,826.01 |
| 4 | $232,463.76 | 28 | $168,146.12 |
| 5 | $229,783.66 | 29 | $165,466.23 |
| 6 | $227,103.77 | 30 | $162,786.33 |
| 7 | $224,423.88 | 31 | $160,106.44 |
| 8 | $221,743.98 | 32 | $157,426.55 |
| 9 | $219,064.09 | 33 | [illegible] |
| 10 | $216,384.20 | 34 | [illegible] |
| 11 | $213,704.30 | 35 | [illegible] |
| 12 | $211,024.41 | 36 | [illegible] |
| 13 | $208,344.52 | 37 | $144,027.08 |
| 14 | $205,664.62 | 38 | $141,347.19 |
| 15 | $202,984.73 | 39 | [illegible] |
| 16 | $200,304.84 | 40 | $135,987.40 |
| 17 | $197,624.94 | 41 | $133,307.51 |
| 18 | $194,945.05 | 42 | $130,627.61 |
| 19 | $192,265.16 | 43 | $127,947.72 |
| 20 | [illegible] | 44 | $125,267.83 |
| 21 | [illegible] | 45 | $122,587.93 |
| 22 | [illegible] | 46 | $119,908.04 |
| 23 | [illegible] | 47 | $117,228.15 |
| 24 | [illegible] | 48 | $114,548.25 |

Lessee: [illegible] Logistics LLC

By: [signature]

Name: [illegible]

Title: Executive Vice President and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. [illegible]

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

[illegible]

COPIED

[illegible]

COPIED

[illegible]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

[illegible]

**Amendment Number 1 dated October 25, 2023 ("Amendment")**
**to**
**Equipment Supplement Number 81 dated July 6, 2023 ("Equipment Supplement")**
**between**
**Pitney Bowes Global Logistics LLC, Lessee**
**and**
**Trilogy Leasing Co., LLC, Lessor**

The Equipment Supplement was executed pursuant to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1999, (the "Master Lease") between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates. All capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Master Lease.

Lessor and Lessee, for valuable consideration, hereby agree to amend the Equipment Supplement as follows:

1. Provided no Event of Default has occurred and is continuing under the Master Lease and this Equipment Supplement, effective upon November 1, 2023 the Periodic Rent payable under the Equipment Supplement shall be changed from $[illegible] to $[illegible], inclusive of Ohio Sales tax. The Purchase Price shall be changed from $[illegible] to $[illegible], inclusive of Ohio Sales tax.

2. Effective upon November 1, 2023, the Casualty Values are changed as follows: See Exhibit A attached hereto and made a part hereof.

3. The Periodic Lease Rate Factor is changed to [illegible] and the Daily Lease Rate Factor is changed to [illegible].

Except as set forth hereinabove, all terms, covenants and conditions of the Master Lease and this Equipment Supplement, as amended, are and shall remain in full force and effect.

Accepted and agreed: 10/26/2023

Subject Matter Expert (SME): Eric Jack [illegible]
[illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: Ana Maria Chadwick

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichenthal

Name: Jeffrey A. Lichenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

Exhibit A to Amendment Number 1

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 25 | [illegible] |
| 2 | [illegible] | 26 | [illegible] |
| 3 | [illegible] | 27 | [illegible] |
| 4 | [illegible] | 28 | [illegible] |
| 5 | [illegible] | 29 | [illegible] |
| 6 | [illegible] | 30 | [illegible] |
| 7 | [illegible] | 31 | [illegible] |
| 8 | [illegible] | 32 | [illegible] |
| 9 | [illegible] | 33 | [illegible] |
| 10 | [illegible] | 34 | [illegible] |
| 11 | [illegible] | 35 | [illegible] |
| 12 | [illegible] | 36 | [illegible] |
| 13 | [illegible] | 37 | [illegible] |
| 14 | [illegible] | 38 | [illegible] |
| 15 | [illegible] | 39 | [illegible] |
| 16 | [illegible] | 40 | [illegible] |
| 17 | [illegible] | 41 | [illegible] |
| 18 | [illegible] | 42 | [illegible] |
| 19 | [illegible] | 43 | [illegible] |
| 20 | [illegible] | 44 | [illegible] |
| 21 | [illegible] | 45 | [illegible] |
| 22 | [illegible] | 46 | [illegible] |
| 23 | [illegible] | 47 | [illegible] |
| 24 | [illegible] | 48 | [illegible] |

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT B
TO ADDENDUM NUMBER 1

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: October 24, 2023

RE: Equipment Supplement Number [illegible] dated July 6, 2023

The undersigned hereby certifies that the Progress Payment II of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Savoye North America, Inc.
[illegible] Sussex Avenue
Aurora, IL 60504
[illegible]

Electronic Payment Instructions:
Company Name: Savoye North America, Inc.
Bank Name: BMO Harris Bank
Account Number: [illegible]
Routing Number: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: [signature]

Name: Ana Maria Chadwick

Title: Executive Vice President
and Chief Financial Officer

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

EXHIBIT 1

CERTIFICATE OF ACCEPTANCE
UNDER EQUIPMENT SUPPLEMENT NUMBER [illegible]

To: Trilogy Leasing Co., LLC ("Lessor")

I, a duly appointed inspector and authorized representative of Pitney Bowes Global Logistics LLC ("Lessee"), do hereby certify that I have inspected, received, approved and accepted delivery on behalf of Pitney Bowes Global Logistics LLC under EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of [illegible], to Master Equipment Lease Agreement Number [illegible] dated as of [illegible], between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates, the following Items of Equipment:

EQUIPMENT

| QTY. | MFR | EQUIPMENT DESCRIPTION |
|---|---|---|
| | | ITEMS LEASED INCLUDE: |
| 1 | SAVOYE | MECHANICAL ENGINEERING |
| 1 | SAVOYE | ELECTRICAL CONTROLS ENGINEERING |
| 1 | SAVOYE | PROJECT MANAGEMENT & TRAVEL |
| 1 | SAVOYE | MECHANICAL/ELECTRICAL INSTALLATION |
| 1 | SAVOYE | MECHANICAL/ELECTRICAL HARDWARE |
| 1 | | [illegible] SALES TAX |

COPY VIEW

Original Installation Site: [illegible] Busby Road, Building [illegible], Canal Winchester, OH 43110

Place Accepted: [illegible] Busby Road, Building [illegible], Canal Winchester, OH 43110

DATE ACCEPTED: [illegible]

The execution of this Certificate will in no way relieve or decrease the responsibility of the Manufacturer of the Items of Equipment for any warranties it has made with respect to the Items of Equipment.

Dated: [illegible]

Ana Maria Chadwick
Inspector and Authorized Representative of
Pitney Bowes Global Logistics LLC
Ana Maria Chadwick, Executive Vice President
and Chief Financial Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

DocuSign

## Certificate Of Completion

Envelope Id: [illegible] | Status: Completed

Subject: [illegible]

Source Envelope:

Document Pages: [illegible] | Signatures: [illegible] | Envelope Originator:

Certificate Pages: [illegible] | Initials: [illegible] | [illegible]

AutoNav: Enabled

EnvelopeId Stamping: Enabled

Time Zone: [illegible]

IP Address: [illegible]

## Record Tracking

Status: Original [illegible] | Holder: [illegible] | Location: DocuSign

Status: [illegible] | Holder: [illegible] | Location: DocuSign

Status: [illegible] | Holder: [illegible] | Location: [illegible]

| Signer Events | Signature | Timestamp |
|---|---|---|
| [illegible] | [illegible] Signature Adoption: [illegible] Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |
| [illegible] | [illegible] Signature Adoption: [illegible] Using IP Address: [illegible] | Sent: [illegible] Resent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |
| [illegible] | [illegible] Signature Adoption: [illegible] Using IP Address: [illegible] | Sent: [illegible] Viewed: [illegible] Signed: [illegible] |
| Electronic Record and Signature Disclosure: Accepted: [illegible] ID: [illegible] | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| [illegible] | COPIED | [illegible] |
| [illegible] | COPIED | [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | [illegible] | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

Addendum 1 ("Addendum") to Equipment Supplement Number [illegible] (the "Equipment Supplement") to Master Equipment Lease Agreement Number [illegible] dated as of November 2, 1999, by and between Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Inc. or any of its subsidiaries and affiliates ("Lessee") (the "Master Lease"). Any conflict between the terms and conditions of this Addendum and the Master Lease shall be resolved in favor of this Addendum.

- Maintenance & Repair

i. In addition to the requirements of the Master Equipment Lease Agreement, Lessee agrees to perform, or cause the maintenance organization to perform, at Lessee's own cost and expense per the Equipment Operator's manual, all maintenance, service and repair (including both labor and materials) of the Equipment including, but not limited to: (a) routine maintenance such as (1) supplying all necessary fuel (gasoline, electric current or LP gas), and where the equipment is battery powered, maintaining the proper level of fluids in the batteries, properly recharging the batteries and installing devices necessary to effectuate such recharging, (2) supplying all replacement oil and fluid, and (3) where applicable checking the air pressure of pneumatic tires; (b) the preventative maintenance service as recommended by the Manufacturer; (c) repairing, overhauling or adjusting of battery and charging Equipment, where Equipment is battery powered; (d) repairing, overhauling or adjusting of drive line, drive axle, uprights, steering components, chains and the electric, drive and pump motors and controls, and all other routine repair work required to keep the Equipment in good operating condition; (e) repairing or replacing of tires; and (f) repairs that may be required if the Equipment is damaged or any part of components thereof fails as the result of overloading or abuse or improper usage.

ii. Lessor, at its sole discretion, may from time to time, at reasonable times and with reasonable notice to Lessee, inspect the Equipment at its sole cost and expense. Lessor shall notify Lessee, in writing regarding any discrepancies found pertaining to the general condition of the Equipment as required by the Master Equipment Lease Agreement and the Supplement. Lessee agrees that it shall rectify all such noted failures at its sole cost and expense prior to the date on which the Equipment is to be returned to the Lessor either at the end of the initial term or the expiration of any renewal term.

- Equipment Return. In addition to the terms contained in the Master Equipment Lease Agreement, Lessor and Lessee agree that the following shall be included in the Supplement and made a part hereof:

i. Upon the expiration or termination date of the Supplement, Lessee shall be responsible, at its sole cost and expense, for (a) the de-installation, removal and packing of the Equipment, including all service and operating manuals, manuals and repair records, in a manner suitable for carriage by a commercial carrier, (b) the transportation of the Equipment, upon written notification to Lessee, as to the date and destination of the shipping and (c) the total charges of the transportation of the Equipment including in-transit insurance to its destination within the Continental United States.

ii. At the time of surrender of the Yard Truck Equipment to Lessor:

> (a) The Equipment must be in good operating order within the Manufacturer's acceptance tolerances for operation in all material respects and all operating components and attachments, if any, must be able to perform their functions as originally intended. All mechanical and electrical equipment including instruments and gauges must be in proper operating condition. Mileage shall be limited to [illegible] miles annually and every mile in excess of the limit shall be charged to Lessee at the rate of [illegible] per mile.

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC



(b) The Equipment must be capable of being immediately assembled and operated by a subsequent purchaser or lessee without further inspection, repair, replacement, alteration, improvements and in compliance with all statutes, laws, ordinances, rules and regulations of any Federal, State or local governmental body, agency or authority applicable to the use and operation of the Equipment.
(c) The dismantling and handling of the Equipment is to be performed in compliance with the Manufacturer's specifications or normal industry accepted practices by a licensed rigger/erector specializing in the Equipment and shall include the proper blueprinting, mapping, tagging and labeling of each individual part including cables, electrical and wires.
(d) The Equipment shall be complete with all the features and accessories that were present at the commencement of this Supplement. The Equipment including components, keys, attachments, features and documents and manuals must be returned in a sufficient manner in order to facilitate the resale at a subsequent location. Missing VIN plates, to the extent applicable, must be replaced. To the extent applicable, Federal Highway Use Tax Form 2290 with proof of payment for current year must be provided by Lessee as well as a current State Inspection sticker, if state requires, and a current DOT/FHWA inspection sticker with an expiration date of no less than six (6) months past the Expiration Date of this Supplement.
(e) All process fluids and/or hazardous materials will be removed from the Equipment and disposed of in accordance with the then current Local, State, Federal and EPA environmental regulations. Lessee shall be held harmless for any damages to the [illegible].
(f) All oil and hydraulic fluid samples must be clean without grit or other foreign substances in either the oil or any other operating fluids.
(g) When the Equipment is returned to Lessor it will be free of all evidence of advertising or insignia placed on it by Lessee without damage to paint (any damage to the finish resulting from this activity must be repaired in good working and order) and meet all legal and regulatory conditions necessary for the Lessor to sell to a third qualified party. Equipment shall be cleaned in a professional like manner.

iii. When loaded to its rated capacity the Equipment shall:

(a) Start smoothly under power (without power boost assistance) and idle without water or fuel leaks.
(b) Move through its normal speed ranges in both forward and reverse, in normal operating manner.
(c) Steer normally right and left in both normal and reverse.
(d) [illegible] motors shall operate without arcing and/or sparking.
(f) To the extent applicable, battery will furnish not less than 80% of the published rated ampere hour capacity at a six hour rate to a final rating of 1.70 volts per cell.
(g) Charger, when leased, shall be surrendered in operating condition. Timer and or electronic control panel and sheet metal case shall be intact.

iv. Truck Body and Container. The truck body and container, if applicable, including any hydraulic cylinders shall be free of accident and other damage, and will operate as originally specified as to the maximum loading capacity. There shall be no structural damage, bent frames, warped uprights, cracks or breaks (repaired or otherwise) and the cart body and container must be wind and water tight and loadable. Exterior and interior materials including cabs, lights, doors, seats, seatbelts, glass, floor, gauges, and other accessories must be in good

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC



working order with no damage, reasonable wear and tear expected. All damage, dents and tears to upholstery shall have been repaired. Broken, chipped or cracked glass must be fully repaired or replaced. To the extent that there is rust, corrosion, or any damage due to contact with acids and other corrosive materials, the Lessee shall be required to completely repair and repaint all of the affected parts of the Equipment.

v. Power Train: All drive-line components including the transmission, clutch, drive axles, and brakes must be fully operational, and meet all performance and safety specifications as determined by the Manufacturer, and function properly with no slipping or grabbing. All axle and transmission seals shall be free of leaks and the ring and pinion gear shall be free of excessive vibration and noise due to wear. The brake linings shall have 50% useable life remaining and, if applicable, pass Department of Transportation inspection. Brake drums must be free from breaks or cracks.

vi. Engine: The engine must be mechanically sound and operate at Manufacturer's specifications and have been maintained in conformity with requirements of the Manufacturer's warranty. The engine shall have no smoking and/or oil leaks. At the time of redelivery, the engine at lessor's option shall be tested and proven to have not less than 80% of the Manufacturer's original compression ratio and 80% of the Manufacturer's rated horsepower as per Manufacturer's specifications. Air conditioning compressor, if applicable, must be operational and the air conditioning system must be free from defect, and blow cold air.

vii. Tires: All tires shall have matched original casings and shall have not less than 50% remaining tread or wear life, and shall have no flat spots, cuts [illegible] (one inch deep, or chunking on side or wear surface greater than the diameter of a 0.25 cent piece.

viii. In the event that any necessary repairs or replacements are not completed by the end of the initial Base Term or any Renewal Term (as defined herein), Lessee shall pay to Lessor, interim rent equal to the daily lease factor, multiplied by the Lessor's cost of the item of Equipment, for each day in excess of the term of this Supplement, until such repairs or replacements are completed and the Equipment returned to the Lessor. The frequency of such payments shall be no less than monthly.

ix. Proper return of the Equipment will not occur until all return provisions have been met. Lessee will be responsible for all monthly rents, applicable taxes, storage costs and any other obligations under the Equipment Supplement until the return process is completed.

As herein amended by this Addendum the Equipment Supplement is and remains in full force and effect.

| | |
|---|---|
| Lessee: Pitney Bowes Global Logistics LLC | Lessor: Trilogy Leasing Co., LLC |
| By: Adam David | By: Jeffrey A. Liebenthal |
| Name: Adam David | Name: Jeffrey A. Liebenthal |
| Title: VP, Financial Planning and Analysis | Title: President and Chief Executive Officer |

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

**Addendum Number 2 dated [illegible] ("Addendum") to**
**Equipment Supplement Number [illegible] ("Equipment Supplement") to**
**Trilogy Leasing Co., LLC ("Lessor") and Pitney Bowes Global Logistics LLC ("Lessee")**
**Pursuant to the Master Equipment Lease Agreement dated November 3, 1999 ("Master Lease")**
**between Lessor and Pitney Bowes Inc., or any of its subsidiaries or affiliates**

1. PROGRESS PAYMENT I

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment I of $ [illegible] will be paid by Lessor within seven (7) business days of Lessor's receipt of (i) Lessee's authorization in the form of Attachment I to this Equipment Supplement and (ii) the vendor invoice.

B. With respect to the Progress Payment to be made by Lessor, Lessee agrees as follows:

(i) to pay to Lessor rental at the Daily Lease Rate Factor of [illegible] from the date the Progress Payment was made until the Commencement Date of the Equipment Supplement. The rental will be due the [illegible] of each month following the date when such Progress Payment is made.

2. PROGRESS PAYMENT II (Last and Final Progress Payment)

A. Provided that no Event of Default by Lessee shall have occurred and be continuing hereunder or under the Master Lease, Progress Payment II of $ [illegible] will be paid by Lessor within thirty (30) days of Lessor's receipt of (i) a Certificate of Acceptance, (ii) Lessee's authorization in the form of Attachment II to this Equipment Supplement, and (iii) the vendor invoice.

3. ASSIGNMENT

Lessee acknowledges and understands that Lessor may elect to borrow all or a portion of the Progress Payment to be paid by Lessor under this Equipment Supplement and that as security therefor, Lessor may assign this Equipment Supplement, including but not limited to Lessor's rights under this section to the holder of such amounts so borrowed. Lessee agrees that Lessor may make such assignment in connection with such borrowing and that the rights of Lessor or its assignee(s) and to the rental payments due under the Equipment Supplement shall be absolute and unconditional and not subject to abatement except as otherwise set forth herein, notwithstanding (i) any setoff, abatement, reduction, counterclaim, recoupment, defense, or other right which Lessee may have against Lessor, the manufacturer(s) or supplier(s) of the Equipment or any other person for any reason whatsoever, (ii) any defect in condition, operation, fitness for use, damage, or destruction of the Equipment, or failure of the manufacturer(s) or supplier(s) to deliver the equipment for any reason whatsoever, or (iii) any insolvency, bankruptcy, reorganization, or similar proceedings instituted by or against the Lessor or Lessee.

4. In the event Lessee shall not deliver Lessee's Certificate of Acceptance in respect of the Equipment to Lessor on or before six (6) months from the date hereof (unless such period is extended by mutual agreement of Lessee and Lessor), Lessee hereby agrees to pay Lessor or Lessor's Assignee, upon demand, an amount equal to the sum of all Progress Payments theretofore made by Lessor pursuant to this Section together with all unpaid rental payments associated with the Progress Payment(s) from the date of payment by Lessor until such time as all Progress Payments are received by Lessor.

Lessee: Pitney Bowes Global Logistics LLC

By: *Adam David*

Name: Adam David
Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: *Jeffrey A. Lieberthal*

Name: Jeffrey A. Lieberthal
Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

ATTACHMENT 1
TO ADDENDUM NUMBER 2

PROGRESS PAYMENT AUTHORIZATION

TO: Trilogy Leasing Co., LLC

DATE: 7/28/2023

RE: Equipment Supplement Number 82 dated July 11, 2023

The undersigned hereby certifies that the Progress Payment 1 of $[illegible] requested by the manufacturer(s) or supplier(s) of the Equipment is due and payable. Payment will be made as follows:

TO: Tetberg Taylor Americas, LLC
2700 Northwest 79 Avenue
Miami, FL 33122
1 (786) 452-9700

Electronic Payment Instructions:
Company Name: Tetberg Taylor Americas, LLC
Bank Name: Romasant Bank
Account Number: 8017847920
Routing Number: 084201608

Lessee: [illegible] Global Logistics LLC

By: [signature]

Name: Adam Dudd

Title: VP, Financial Planning and Analysis

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

[illegible]

EQUIPMENT SUPPLEMENT NUMBER [illegible]

[illegible]

between

Pitney Bowes Global Logistics LLC, Lessee

and

Trilogy Leasing Co., LLC, Lessor

THIS EQUIPMENT SUPPLEMENT [illegible]

WITNESSETH

1. [illegible]

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

6. [illegible]

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC



7. At the expiration of any lease term, Lessee shall have the right to substitute unit(s) of equipment whose manufacturer, machine number, and model number, and features are identified in those unit(s) of equipment being terminated only where serial number(s) are different from those listed in the Certificate of Acceptance Exhibit 1.

IN WITNESS WHEREOF, the Lessee and Lessor have caused this instrument to be duly executed, all as of the day and year first written above. The execution of this Equipment Supplement by Lessee does not relieve Pitney Bowes Inc. of its obligations under this Equipment Supplement or the Master Lease.

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

Subject Matter Expert (SME): Ashwin Kulkarni

Approved: [illegible] Date: 7/26/2023

Approved By: Ryan Hanson [illegible] [illegible] [illegible] [illegible] Christopher Kriss [illegible]

[illegible]

FILED DATE: 11/8/2024 4:12 PM 2024L012540

# Trilogy Leasing Co., LLC

## SCHEDULE 1

This Schedule is appended to and made a part of EQUIPMENT SUPPLEMENT NUMBER 42 dated as of July 11, 2023, to Master Equipment Lease Agreement Number PB-001 dated as of November 2, 1998 between Lessor and Pitney Bowes Inc., or any of its subsidiaries and affiliates.

State of Original Location: California

Original Installation Site: 11500 Cedar Avenue, Bloomington, CA 92316

## EQUIPMENT

| QTY | MFR | MACHINE MODEL | EQUIPMENT DESCRIPTION | UNIT PRICE | PURCHASE PRICE |
|---|---|---|---|---|---|
| 1 | TERBERG | YT203-EV | 4X2 FULLY ELECTRIC YARD / TERMINAL TRACTOR MOTOR: ZF CETRAX, CONTINUOUS 200KW WITH PEAK OF 300KW, CONTINUOUS 1500NM WITH PEAK OF 4000NM; BATTERIES: LITHIUM NICKEL MANGANESE COBALT OXIDE (NMC) [illegible] (148 KWH TOTAL) | [illegible] | [illegible] |
| | | | | | [illegible] |

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: Jeffrey A. Lichtenthal

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

COPY VIEW

Trilogy Leasing Co., LLC

**SCHEDULE 1**

**To EQUIPMENT SUPPLEMENT NUMBER [illegible]**
**dated as of [illegible]**

**PAYMENT DATES**

First Periodic Rent Payment Date: February 1, [illegible]

Periodic Rent Payment Dates: The first day of each month

First Termination Date: N/A

Last Periodic Rent Payment Date: January 1, 2025

Expiration Date: January 31, 2025

**LEASE RATE FACTORS**

Daily Lease Rate Factor: [illegible]

Periodic Lease Rate Factor: [illegible]

The Periodic Lease Rate Factor is based on current Secured Overnight Financing Rate (referred to as the SOFR). The Periodic Lease Rate Factor may be adjusted proportionately for any upward movement in the SOFR from [illegible], 2023, to the Commencement Date and such change shall be stated in the Certificate of Acceptance. It will be fixed for the duration of the Lease Term.

**RENT PAYMENT**

Monthly Rent Payment: [illegible]

Lessee: Pitney Bowes Global Logistics LLC

By: ______________________

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: ______________________

Name: Jeffrey A. Lieberthal

Title: President and Chief Executive Officer

COPY VIEW

FILED DATE: 11/8/2024 4:12 PM 2024L012540

Trilogy Leasing Co., LLC

SCHEDULE 1
EQUIPMENT SUPPLEMENT NUMBER [illegible] dated as of July [illegible]

CASUALTY VALUES
[illegible]

| AFTER PAYMENT NUMBER | CASUALTY VALUE | AFTER PAYMENT NUMBER | CASUALTY VALUE |
|---|---|---|---|
| 1 | [illegible] | 31 | [illegible] |
| 2 | [illegible] | 32 | [illegible] |
| 3 | [illegible] | 33 | [illegible] |
| 4 | [illegible] | 34 | [illegible] |
| 5 | [illegible] | 35 | [illegible] |
| 6 | [illegible] | 36 | [illegible] |
| 7 | [illegible] | 37 | [illegible] |
| 8 | [illegible] | 38 | [illegible] |
| 9 | [illegible] | 39 | [illegible] |
| 10 | [illegible] | 40 | [illegible] |
| 11 | [illegible] | 41 | [illegible] |
| 12 | [illegible] | 42 | [illegible] |
| 13 | [illegible] | 43 | [illegible] |
| 14 | [illegible] | 44 | [illegible] |
| 15 | [illegible] | 45 | [illegible] |
| 16 | [illegible] | 46 | [illegible] |
| 17 | [illegible] | 47 | [illegible] |
| 18 | [illegible] | 48 | [illegible] |
| 19 | [illegible] | 49 | [illegible] |
| 20 | [illegible] | 50 | [illegible] |
| 21 | [illegible] | 51 | [illegible] |
| 22 | [illegible] | 52 | [illegible] |
| 23 | [illegible] | 53 | [illegible] |
| 24 | [illegible] | 54 | [illegible] |
| 25 | [illegible] | 55 | [illegible] |
| 26 | [illegible] | 56 | [illegible] |
| 27 | [illegible] | 57 | [illegible] |
| 28 | [illegible] | 58 | [illegible] |
| 29 | [illegible] | 59 | [illegible] |
| 30 | [illegible] | 60 | [illegible] |

COPY VIEW

Lessee: Pitney Bowes Global Logistics LLC

By: Adam David

Name: Adam David

Title: VP, Financial Planning and Analysis

Lessor: Trilogy Leasing Co., LLC

By: [signature]

Name: Jeffrey A. Lichtenthal

Title: President and Chief Executive Officer

FILED DATE: 11/8/2024 4:12 PM 2024L012540

DocuSign

## Certificate Of Completion

## Record Tracking

| Signer Events | Signature | Timestamp |
|---|---|---|

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Signer Events | Signature | Timestamp |
|---|---|---|

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| | COPIED | |

FILED DATE: 11/8/2024 4:12 PM 2024L012540

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Accepted: [illegible]<br>ID: [illegible] | | |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | COPIED | Sent: [illegible] |
| [illegible]<br>[illegible]<br>[illegible]<br>[illegible]<br>Security Level: Email, Account Authentication (None)<br>Electronic Record and Signature Disclosure:<br>Accepted: [illegible]<br>ID: [illegible] | COPIED | Sent: [illegible]<br>Resent: [illegible]<br>Viewed: [illegible] |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | [illegible] |
| Certified Delivered | Security Checked | [illegible] |
| Signing Complete | Security Checked | [illegible] |
| Completed | Security Checked | [illegible] |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540

FILED DATE: 11/8/2024 4:12 PM 2024L012540