**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC,<br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC. and PITNEY BOWES PRESORT SERVICES, LLC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 24 C 12906<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge M. David Weisman<br><br>JURY DEMANDED |

**<u>FIRST AMENDED COMPLAINT</u>**

Plaintiff Kingsbridge Holdings, LLC ("**Kingsbridge**") complains against Defendants Pitney Bowes Inc. ("**PBI**") and Pitney Bowes Presort Services, LLC ("**Presort**" and with PBI, the "**Defendants**") as follows:

**BREACH OF CONTRACT (COUNT I)**

1. Kingsbridge is a Nevada limited liability company registered to do business in Illinois, with its principal place of business in Lake Forest, Lake County, Illinois. Kingsbridge is directly and indirectly (through subsidiaries) in various lines of business, including equipment leasing and servicing.

2. Trilogy Leasing Co., LLC ("**Trilogy**") is a New Jersey limited liability company with offices in Cranbury, New Jersey and its corporate headquarters in Lake Forest, Illinois. Trilogy is in the equipment leasing business. Trilogy is indirectly owned by, and controlled by, Kingsbridge. Trilogy assigned its interests in the Equipment Supplements (as defined below) to Kingsbridge, and Kingsbridge is the assignee of all of Trilogy's rights under the Master Lease Agreement and Equipment Supplements at issue in this action.

3. PBI is a Delaware corporation registered to do business in Illinois (since 1941), with its headquarters in Stamford, Connecticut. PBI regularly does business in Illinois, and has had a longstanding presence in the Chicago area, with Cook County offices in downtown Chicago (230 W. Monroe St.) and Elk Grove Village (2001 Arthur Avenue), as well as a DuPage County facility in Lisle (2200 Western Court).

4. Presort is a Delaware limited liability company registered to do business in Illinois, with its corporate headquarters in Stamford, Connecticut. Presort is a subsidiary or affiliate controlled by PBI and, like PBI, regularly does business in Illinois from its sorting facility in Aurora, Illinois and from PBI's Cook County offices.

5. DRF Logistics, LLC is a Delaware limited liability company with its principal place of business in Cranbury, New Jersey. DRF, LLC is a Texas limited liability company with its principal place of business in Austin, Texas. DRF, LLC is a wholly owned subsidiary of DRF Logistics, LLC. These entities are collectively referred to as "DRF," and both are affiliates directly or indirectly controlled by PBI. DRF is the corporate vehicle for PBI's failed e-commerce business arm.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Kingsbridge (a Nevada LLC with its principal place of business in Illinois) and Defendants PBI (a Delaware corporation with its principal place of business in Connecticut) and Presort (a Delaware LLC with its principal place of business in Connecticut), and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. This Court has personal jurisdiction over PBI because PBI is registered to do business in Illinois, regularly conducts business in Illinois, and maintains offices in Cook County, Illinois. This Court has personal jurisdiction over Presort because Presort is registered to do

business in Illinois, operates mail sorting facilities in Illinois, and regularly conducts business in Illinois.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District.

9. On or about November 2, 1999, Trilogy and PBI entered into a Master Lease Agreement, which was amended from time to time thereafter, the terms of which were expressly incorporated into any equipment supplement entered into between Trilogy and PBI, to be executed from time to time ("Equipment Supplements"). A copy of the Master Lease Agreement is attached as **Exhibit A** and an example of an executed Equipment Supplement is attached **Exhibit B**. Per the terms of the Master Lease Agreement and by reference in each of the Equipment Supplements, PBI is primarily liable for all leases entered into with its subsidiaries and affiliates. The named lessees under the Equipment Supplements are either PBI or subsidiaries or affiliates of PBI as co-lessees, and have effectively (and with explicit authority; see Amendment 2 below) acted as PBI's agents in dealing with Trilogy and Kingsbridge.

10. Presort is a co-lessee with PBI on certain of the Equipment Supplements, and thus jointly and severally liable with PBI on those leases.

11. Amendment 2 to the Master Lease Agreement, entered into on or about May 20, 2020 and signed on PBI's behalf by its Chief Financial Officer, provides as follows:

> Lessor and Pitney Bowes Inc. acknowledge and agree that any of Pitney Bowes Inc.'s subsidiaries or affiliates (an entity in which Pitney Bowes Inc. owns a controlling interest) may enter directly into an Equipment Supplement, and Pitney Bowes Inc. shall be jointly and severally liable with said subsidiary or affiliate for the obligations under such Equipment Supplement and the Master Lease as it relates to such Equipment Supplement and the Equipment described therein. Such subsidiary or affiliate shall be considered an

additional Lessee with Pitney Bowes Inc. for the purposes of said Equipment Supplement.

12. Under the Master Lease Agreement, as amended and executed by PBI's CFO at the time, PBI's subsidiaries and affiliates can bind PBI by executing Equipment Supplements with Trilogy, and any default on any Equipment Supplement renders PBI liable on the Equipment Supplements with Trilogy. This is true whether or not PBI itself signed any given Equipment Supplement. Following Amendment No. 2 to the Master Lease Agreement, PBI continued to control in all meaningful respects the process of entering into the Equipment Supplements. PBI employees negotiated the terms of the Equipment Supplements. PBI required the approval of a PBI employee before a subsidiary could enter into an Equipment Supplement. For most of the Equipment Supplements at issue, PBI required its chief financial officer to approve the Equipment Supplement. An officer of PBI (typically its Chief Financial Officer) executed the Equipment Supplements on behalf of the applicable subsidiary. And PBI's accounting department managed all of the financial aspects of the Equipment Supplements including making lease payments from PBI accounts.

13. With respect to the PBI leases at issue in this case, Trilogy executed 82 Equipment Supplements with DRF as the co-lessee, 59 Equipment Supplements with Presort as the co-lessee, and 29 Equipment Supplements with PBI as the sole lessee. A summary table identifying each of these Equipment Supplements is attached hereto as **Exhibit C** and incorporated herein by reference.

14. Trilogy subsequently assigned each of the Equipment Supplements to Kingsbridge. A representative copy of one such assignment is attached hereto as **Exhibit D** and incorporated herein by reference. The assignments for each Equipment Supplement are in substantially the same form.

15. Kingsbridge and its assignor Trilogy have fully performed all of their obligations under the Master Lease Agreement and all the Equipment Supplements.

16. On July 24, 2024, PBI and its affiliates Pitney Bowes Global Logistics LLC, and Pitney Bowes Global Ecommerce Inc. entered into an Asset Purchase Agreement with Stord Fulfillment, LLC ("Stord"). Certain of the assets which PBI and its affiliates purported to sell to Stord were equipment and other property leased to PBI and its affiliates under the Master Lease Agreement and Equipment Supplements. This purported sale was consummated without notice to or consent from Trilogy or Kingsbridge, and constitutes an event of default under the lease documents.

17. On or about August 8, 2024, PBI sold its controlling interest in DRF Logistics, LLC to Hilco Commercial Industrial, LLC, which transfer allowed DRF to file a bankruptcy petition without triggering a default in PB's institutional debt and constituted an event of default.

18. Immediately following the transfer of the controlling interest, on August 8, 2024, DRF (both entities) filed a voluntary Chapter 11 bankruptcy in the US Bankruptcy Court for the Southern District of Texas. PBI then continued to take corporate actions to support Global Logistics bankruptcy filing and thereby take advantage of the Bankruptcy Code, which constituted an event of default.

19. All of the Equipment Supplements with PBI and DRF identified in Exhibit C are in default as of the bankruptcy filing, which is an event of default, and also, payments have ceased and other events of default such as the transfer of substantially all of the assets of an entity to which a particular Equipment Supplement relates and the attempted repudiation and/or recharacterization of the leases have occurred.

20. PBI is liable to Kingsbridge on each of the leases identified in Exhibit C, for all amounts due and owing thereunder, including accelerated rent and other charges provided for in the Master Lease Agreement and the Equipment Supplements.

21. PBI and Presort are also liable to Kingsbridge on each of the other leases identified in Exhibit C, for all amounts due and owing thereunder. PBI and Presort are in default under the Equipment Supplements identified in Exhibit C for, among other reasons, failure to pay rent when due, the unauthorized transfer of leased equipment to Stord, PBI's default under other contractual obligations to Kingsbridge triggering cross-default provisions, and the other Events of Default described herein.

22. On or about October 3, 2024, Kingsbridge delivered to PBI a demand letter, a copy of which is attached as **Exhibit E**. On or about October 8, 2024, Kingsbridge delivered a default notice to PBI and Presort, a copy of which is attached as **Exhibit F**. On or about March 27, 2026, Kingsbridge delivered a default and demand notice to PBI (the "Renewed Notice"), declaring 15 additional Equipment Supplements in default. A copy of the Renewed Notice is attached as **Exhibit G** and incorporated herein by reference. None of the defaults have been cured.

23. As set forth in the demand letters and the Renewed Notice, Defendants are liable to Kingsbridge for damages in excess of $100 million, inclusive of accelerated rent, stipulated casualty values, damages for breach of return obligations, Penalty Rate interest, indemnification costs, and attorney's fees and costs, all as provided for in the Master Lease Agreement and the Equipment Supplements. These amounts continue to accrue.

24. WHEREFORE, Kingsbridge respectfully prays for judgment against Defendants PBI and Presort as follows:

A. Compensatory damages in an amount to be proven at trial, including but not limited to, (i) all accrued and unpaid Periodic Rent; (ii) accelerated rent under Sections 14.2(d) and/or 14.2(f) of the MLA; (iii) stipulated Casualty Values under Section 11.1 of the MLA for equipment that has been lost, destroyed, abandoned, or otherwise rendered unavailable; (iv) deficiency damages under Section 14.2(e) of the MLA for equipment that has been sold; (v) damages for breach of return obligations under Sections 15 and 18 of the MLA; and (vi) damages for breach of equipment maintenance obligations;

B. Penalty Rate interest on all unpaid amounts as provided in Section 3 of the MLA;

C. Indemnification for all costs and expenses, including costs of retrieving, transporting, storing, and selling equipment, pursuant to Section 6 of the MLA;

D. All consequential and mitigation damages, including costs incurred to purchase non-recourse lender positions to preserve Kingsbridge's rights under the Equipment Supplements;

E. Attorney's fees and costs incurred in this action and the related adversary proceeding in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-90447, as provided in Section 14.2 of the MLA;

F. Pre-judgment and post-judgment interest as permitted by law; and

G. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Kingsbridge Holdings, LLC hereby demands a trial by jury on all issues so triable.

Dated: March 31, 2026

Respectfully submitted

/s/ *Dean Panos*

Dean N. Panos
Catherine Steege
Thomas E. Quinn
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2952
Email: dpanos@jenner.com
csteege@jenner.com
tquinn@jenner.com

*Attorneys for Plaintiff Kingsbridge Holdings, LLC*