**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KINGSBRIDGE HOLDINGS, LLC,<br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC. and PITNEY BOWES PRESORT SERVICES, LLC,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) | No. 24 C 12906<br><br>District Judge Sara L. Ellis<br><br>Magistrate Judge M. David Weisman<br><br>JURY DEMANDED |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE**

Kingsbridge Holdings, LLC ("**Kingsbridge**") respectfully submits its Reply Memorandum in support of its Motion to Strike Defendants' Seventeenth Affirmative Defense (Dkt. 100).

**INTRODUCTION**

Defendants' Response to Kingsbridge's Motion to Strike goes like this: Pitney Bowes Inc. ("**PBI**"), a public company with over $2 billion in revenue and an in-house legal department, could not have understood that when its Chief Financial Officer signed an amendment to the Master Lease Agreement ("**MLA**") stating, "Pitney Bowes Inc. shall be jointly and severally liable" with its subsidiaries for equipment leases executed under the MLA, this meant that PBI would, in fact, be liable under those leases if, as happened here, PBI and its subsidiaries failed to perform. According to PBI, this remarkable proposition—that PBI supposedly does not understand what joint and several liability means—is so obvious that Kingsbridge and this Court should understand "*by inference*" that PBI must have been mistaken about the amendment's meaning. (Dkt. 113 ("**Response**") at 21-22.) Therefore, there was no need for PBI to comply with Rule 9(b) and plead the circumstances of its defense of mistake with particularity. *See* Fed. R. Civ. P. 9(b).

If this defense is allowed to stand, then no contract would ever be enforceable because any time a party disputed the interpretation of a contract and lost, all they would have to do is claim a mistake about what the contract meant. That is not the law in Connecticut, which governs the MLA, or anywhere else for that matter. That Defendants have offered such a convoluted and unsupportable explanation for this defense confirms what their one-sentence affirmative defense first suggested—that Defendants have pled their Seventeenth Affirmative Defense of fraud or mistake without any factual basis whatsoever. The Court should grant Kingsbridge's motion and strike the defense without an opportunity to replead.

## ARGUMENT

Defendants suggest that none of the pleading standards apply to their one-sentence invocation of the defense of mistake and fraudulent inducement. (Resp. 20-21.) Not so. "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). On a motion to strike, this Court therefore asks whether the defense (i) is properly pleaded as an affirmative defense, (ii) satisfies Rules 8 and 9, and (iii) alleges facts that could survive a Rule 12(b)(6) challenge. *Atiq v. WSH Packaging Sys., Ltd.*, 2025 WL 2354664, at *2 (N.D. Ill. Aug. 14, 2025) (Ellis, J.). Rule 9(b) governs here, because it applies by its terms to "fraud or mistake," and the Seventeenth Defense pleads both; thus each must be stated "with particularity." Fed. R. Civ. P. 9(b); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011).

And contrary to Defendants' argument (Resp. 21), these requirements do not turn on any dispute over whether courts apply *Twombly's* plausibility standards to affirmative defenses, although most courts in this district do. *See, e.g., Chicago Reg'l Council of Carpenters v. Unique*

*Casework Installations, Inc.*, 2014 WL 6980723, at *2 (N.D. Ill. Dec. 9, 2014) (Ellis, J.). As this Court made clear in *Atiq,* regardless of whether *Twombly* applies or not, a defendant still must satisfy the pleading standards set forth in Rule 8 and 9. 2025 WL 2354664, at *2 n.2 (striking affirmative defense without deciding whether *Twombly* applied because the defense as pled failed to put plaintiff on notice of the grounds on which the defense rested).

As now articulated for the first time in their Response—but not their Answer—Defendants' Seventeenth Affirmative Defense fails under both Rules 8 or 9(b) and as a matter of law.

## I. The Seventeenth Defense Fails Both Rules 8 And 9(b), Which Governs Both Fraud and Mistake.

Defendants do not even attempt to demonstrate that they have satisfied Rule 8, let alone Rule 9(b). Their Response does not mention their fraud defense at all or explain how invoking the words "fraudulent inducement" could possibly put Kingsbridge on notice of the basis for this defense. Having failed to respond to Kingsbridge's Motion to Strike this defense, Defendants have conceded the defense has no factual basis. *See, e.g.*, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (failure to respond to an argument results in waiver). Thus, at a minimum, the defense of fraudulent inducement should be stricken as it "would prejudice [Kingsbridge] by cluttering the case and confusing issues moving forward" if, what is typically a highly fact intensive defense requiring extensive discovery, were allowed to remain in the case. *Atiq*, 2025 WL 2354664, at *4.

Defendants fare no better with respect to their defense of mutual or unilateral mistake. They concede that they did not plead the circumstances of the alleged mistake with particularity, but argue that they did not need to do so because the defense of mistake may be pleaded "by inference." (Resp. 21.) Their sole support for this argument, which runs contrary to Rule 9(b)'s dictate, is an

out-of-district unreported decision, *Markel Insurance Co. v. United Emergency Medical Services, LLC*, 2017 WL 942723 (N.D. Ind. March 10, 2017), that is readily distinguishable.

In *Markel*, the defendant actually pleaded the nature of the mistake—that an insurance policy did not cover a vehicle—and pleaded that this mistake of fact required the insurance policy to be reformed. *Id*. at *3. The plaintiff argued that the defense was deficient because it did not allege that the plaintiff had knowledge of the mistake of fact, but the court found that the defense as pled provided fair notice based upon the allegations of the complaint that the car was not covered. *Id*. In other words, when the affirmative defense and the complaint were read together, they put the plaintiff on fair notice of the defense.

The same is not true here. Unlike the defendant in *Markel Insurance*, Defendants did not plead the nature of the alleged mistake; they only recited the word mistake. And that is not sufficient. Moreover, nothing in Kingsbridge's complaint would alert the reader as to what the alleged mistake might be, particularly given, as explained below, Defendants' mistake defense has no basis in the law. Therefore, just as this Court struck an estoppel defense whose "conclusory allegations and lack of specificity regarding the applicable legal theory" failed to give "fair notice of what the claim is and the grounds upon which it rests," so too here with respect to Defendants' defense of mistake. *See Atiq*, 2025 WL 2354664, at *4; *see also RBG Plastic, LLC v. Webstaurant Store*, 2020 WL 7027601, at *5 (N.D. Ill. Nov. 30, 2020) (striking a defense "too conclusory and generic to give [the plaintiff] any notice"); *Lowe v. Diversified Consultants, Inc.*, 2012 WL 3776715, at *1 (N.D. Ill. Aug. 30, 2012) (striking a mistake defense for failure to plead the circumstances of the mistake with particularity); *Bank of Montreal v. SK Foods, LLC*, 2009 WL 3824668, at *3 (N.D. Ill. Nov. 13, 2009) (same). Because neither the alleged fraud nor the alleged

mistake is pleaded as the rules require, the entire Seventeenth Defense should be stricken, and leaving it in would add only the clutter Rule 12(f) exists to remove. *See Heller*, 883 F.2d at 1294.

**II. The Newly Asserted "Mistake" Is Not a Mistake Under Connecticut Law.**

Even if the Seventeenth Defense were adequately pled, it would still fail as a matter of law, because what Defendants describe is not a mistake at all. Connecticut law, which governs the MLA, draws a line between an erroneous belief about a fact and a disagreement about what a contract means. "[M]utual mistake exists where both parties are mutually mistaken about the same material fact." *Dainty Rubbish Serv., Inc. v. Beacon Hill Ass'n, Inc.*, 32 Conn. App. 530, 537 (1993). Parties who "simply disagree[] on the meaning of the contract" have not shown mutual mistake. *Id.* (reversing a mutual-mistake finding that rested on a dispute over the meaning of contract terms). But that is all Defendants offer. In their Response—not their Answer—Defendants argue that "Pitney Bowes never would have agreed to [the Amendments] under the interpretation that Kingsbridge asserts." (Resp. 22.) That is not an allegation of a shared mistaken fact. It is a counterfactual, asserted by counsel, about what Pitney Bowes would have done had it read the Amendments as Kingsbridge does—which is the position of every losing party to a contract dispute and not a mutual mistake. Defendants identify no fact, existing when the Amendments were signed, about which both parties held the same erroneous belief, and so they have alleged no mutual mistake. *Dainty*, 32 Conn. App. at 537; Restatement (Second) of Contracts § 152 (mutual mistake requires "a mistake of both parties at the time a contract was made").

The defense fares no better recast as a unilateral mistake. Unilateral mistake demands even more: relief lies only where one party was mistaken and the other either induced the mistake or seeks unconscionably to take advantage of it. *Bender v. Bender*, 292 Conn. 696, 731 (2009). And a party that negotiated and signed the contract it now disputes bears the risk of its own understanding of it; a contract is voidable for unilateral mistake only when the mistaken party

"does not bear the risk of the mistake." *Id.* (quoting RESTATEMENT (SECOND) OF CONTRACTS § 153). Defendants allege none of this. They never identify which party was mistaken, allege no inducement or unconscionable conduct by Kingsbridge, and—as sophisticated parties that negotiated and signed Amendments 2 and 3—bear the risk of how they understood the terms. Because Defendants' mistake defense would not withstand a motion to dismiss under Rule 12(b)(6), it should be stricken. See *Atiq*, 2025 WL 2354664, at *2.[1]

**III. Leave to Amend Would Be Futile.**

Defendants close by asking for leave to amend. (Resp. 22.) Defendants do not support this request with a proposed amended answer or even a proffer of the facts Defendants would add to their Answer. Amendment would in any event be futile, especially as to Amendment 2, which was signed by PBI's CFO and states that PBI "shall be jointly and severally liable" for its subsidiaries' equipment supplement obligations (hardly language a signatory could "mistake"). Defendants have had the full record of the Amendment negotiations from the Texas adversary proceeding, and their counsel represented the PBI CFOs who signed Amendments 2 and 3 at their depositions last year. If a particularized basis for fraud or mistake existed, Defendants would have certainly pleaded it by now, or been able to at least proffer some facts about which the parties were mistaken. Instead, all they have done is allege that they disagree with Kingsbridge about what the MLA and its amendments mean—and that is not a mistake under Connecticut law (or the law of any other

[1] Defendants cite *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991) without explanation as support for their claim that they have "inferentially alleged" that the parties are mistaken about what the MLA Amendments mean. (Resp. 22.) *Williams* is not a case about mutual or unilateral mistake; it is a negligence case. *Id.* at 1390. The motion to strike at issue there was made late during the trial at an instructions conference. *Id.* at 1399. And the question was not the sufficiency of the pleadings, but rather the merits of defenses. *Id.* at 1400-02. The Seventh Circuit reversed the trial court, which allowed all four defenses to go to the jury during the liability phase of the trial, holding that the trial court erred in allowing two of the defenses to be presented then and that they applied only to the extent of the plaintiff's damages. *Id.* at 1402. The decision has no applicability here and certainly does not support Defendants' articulation of their mistake defense.

jurisdiction). The Court should therefore deny Defendants' request that they be allowed to amend their Seventeenth Affirmative Defense.

## CONCLUSION

For these reasons, and those in Kingsbridge's opening memorandum, the Court should strike Defendants' Seventeenth Affirmative Defense and grant such other relief as may be just.

Dated: June 12, 2026

Respectfully submitted

/s/ *Dean Panos*

Dean N. Panos
Catherine Steege
Thomas E. Quinn
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2952
Email: dpanos@jenner.com
csteege@jenner.com
tquinn@jenner.com

*Attorneys for Plaintiff Kingsbridge Holdings, LLC*